SHORT RECORD
No. 23-8020
Filed: 09/11/2023

**RECORD NO.**

In The

# United States Court Of Appeals
# For The Seventh Circuit

**SIGNET BUILDERS, INC.,**

*Petitioner-Defendant,*

**v.**

**JOSE AGEO LUNA VANEGAS, on behalf of
himself and others similarly situated,**

*Respondent-Plaintiff.*

From the United States District Court for the Western District of Wisconsin,
Case No. 3:21-cv-00054-jdp

_____

**PETITION FOR PERMISSION TO APPEAL**

_____

Edward N. Boehm, Jr.
Joshua H. Viau
Ann Margaret Pointer
(COUNSEL OF RECORD)

**FISHER & PHILLIPS LLP**
1230 Peachtree Street, NE - Suite 3300
Atlanta, Georgia 30309
(404) 231-1400
tboehm@fisherphillips.com
jviau@fisherphillips.com
apointer@fisherphillips.com

*Counsel for Petitioner-Defendant*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................... ii

INTRODUCTION ........................................................... 1

STATEMENT OF JURISDICTION.................................................. 4

QUESTION PRESENTED ................................................. 5

RELIEF SOUGHT ........................................................ 5

RELEVANT FACTUAL AND PROCEDURAL HISTORY ......................... 5

LEGAL ARGUMENT ................................................... 8

    I.    This appeal presents a question of law ................................ 9

    II.   The question of law is controlling ..................................... 11

    III.  The application of *Bristol-Myers Squibb* to FLSA collective actions is contestable, and difference of opinion exists both within this Circuit and amongst the circuits ....................................... 12

    IV.  Resolution of this issue now will expedite the litigation .................... 14

    V.   The request for interlocutory certification was timely filed ............... 17

CONCLUSION ....................................................... 19

CERTIFICATE OF COMPLIANCE.................................................. 20

CERTIFICATE OF FILING AND SERVICE ................................. 21

APPENDIX ..................................................... 23

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Adair v. Wisconsin Bell, Inc.*, No. 08-C-280,
2008 WL 4224360, at *4 (E.D. Wis. Sept. 11, 2008)................................ 12

*Adams v. Absolute Consulting, Inc*., 2023 WL 3138043, *4
(W.D. Tex. April 27, 2023)......................................................................... 2

*Ahrenholz v. Board of Trustees of the University of Illinois*,
219 F.3d 674, 677 (7th Cir. 2000) ............................................................. 4

*Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1048 (7th Cir. 2020)................ 10, 16

*Boim v. Quranic Literacy Institute & Holy Land Foundation*,
291 F.3d 1000, 1007 (7th Cir. 2002) ........................................................ 8, 17

*Boone v. Ill. Dep't of Corr.*, No. 23-8012 (7th Cir. Jun. 21, 2023)............ 8, 11

*Bristol-Myers Squibb Co. v. Superior Court*,
582 U.S. 255 (2017)................................................. 1, 2, 3, 6, 9, 10, 13, 14, 15, 16

*Canaday v. The Anthem Cos.*, 9 F.4th 392, 395 (6th Cir. 2021) ............... 2, 11

*Carlson v. United Nat. Foods, Inc.*, No. C20-5476-JCC,
2021 WL 3616786 (W.D. Wash. Aug. 14, 2021).................................... 12

*Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003
(6th Cir. 2023)........................................................................................... 10, 15

*Espenscheid v. DirectSat USA, LLC*, No. 09-CV-625-BBC,
2011 WL 2132975, at *1–2 (W.D. Wis. May 27, 2011) .......................... 17

*Fischer v. Fed. Express Corp.*, 42 F.4th 366, 370 (3d Cir. 2022)............. 1, 9

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989) ............. 15

*Holder v. A&L Home Care & Training Ctr., LLC*, 552 F. Supp. 3d 731,
747–48 (S.D. Ohio 2021)........................................................................... 14

*Iannotti v. Wood Grp. Mustang*, 603 F. Supp. 3d 649, 656
(S.D. Ill. 2022) .......................................................................................... 3

*In re Text Messaging Antitrust Litigation*, 630 F.3d 622, 626
(7th Cir. 2010) ........................................................... 10, 11

*Johnson v. Burken*, 930 F.2d 1202, 1205–06 (7th Cir. 1991) ................... 11

*Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974).............. 11

*Moss v. Healthcare Compare Corp.*, 75 F.3d 276, 280 (7th Cir. 1996).... 17

*Parker v. IAS Logistics DFW, LLC*, No. 20 C 5103, 2021
WL 4125106 (N.D. Ill. Sept. 9, 2021) ........................................ 2, 14

*Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536
(7th Cir. 2012)........................................................... 15

*Vallone v. CJS Sols. Grp.*, 9 F.4th 861 (8th Cir. 2021) ........................... 2

*Vanegas v. Signet Builders, Inc.*, 46 F.4th 636, 645 (7th Cir. 2022)......... 6

*Waters v. Day & Zimmermann NPS, Inc.*, 23 F.4th 84, 86–87
(1st Cir. 2021) ........................................................... 2, 3, 14

*Wilkerson v. Walgreens Specialty Pharmacy LLC*,
No. CV-21-01427-PHX-JAT, 2022 WL 15520004, at *6
(D. Ariz. Oct. 27, 2022) ........................................................... 12

*Woods v. New York Life Ins. Co.*, 686 F.2d 578, 581 (7th Cir. 1982)....... 12

*Zigler v. Edward D. Jones & Co., L.P.*, No. 22 C 4706,
2023 WL 3918966, at *3 (N.D. Ill. June 9, 2023)................................... 13

**Rules and Statutes**

28 U.S.C. § 1292(b) ........................................................... 1, 4, 6, 11

Fed. R. App. P. 5(a) ........................................................... 4

## **INTRODUCTION**

As this Court's sister circuits have acknowledged in three different legal proceedings, the question raised in this Petition presents precisely the type of issue appropriate for interlocutory review under 28 U.S.C. § 1292(b). There are no factual disputes. Rather, Petitioner seeks to resolve an issue of first impression in this Circuit: whether the claims of opt-in plaintiffs in an FLSA collective action must each establish personal jurisdiction over the defendant, as contemplated by the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court,* 582 U.S. 255 (2017).

Although *Bristol-Myers Squibb* involved a state law mass tort action, an increasing number of courts have correctly concluded that its holding applies with equal force to FLSA collective actions. In the past few years, nearly every request for certification of a nationwide collective action in a forum outside of the defendant's home state has been met with a personal jurisdiction challenge.

In the last two years, three courts of appeal have granted interlocutory appeal to decide this precise issue. *Fischer v. Fed. Express Corp.*, 42 F.4th 366, 370 (3d Cir. 2022) ("We granted Appellants' petition for interlocutory appeal to resolve whether, in an FLSA collective action in federal court where the court lacks general personal jurisdiction over the defendant, all opt-in plaintiffs must establish specific personal jurisdiction over the defendant with respect to their individual claims.");

*Canaday v. The Anthem Cos.*, 9 F.4th 392, 395 (6th Cir. 2021) ("Canaday sought to certify this order for interlocutory appeal. See 28 U.S.C. § 1292(b). The district court granted Canaday her request, and so did we."); *Waters v. Day & Zimmermann NPS, Inc.*, 23 F.4th 84, 86–87 (1st Cir. 2021) ("On this interlocutory appeal, we now affirm the district court's denial of D&Z's motion"). The Eighth Circuit decided the issue on appeal from summary judgment. *Vallone v. CJS Sols. Grp.*, 9 F.4th 861 (8th Cir. 2021).

The upshot is a three-to-one circuit split. The majority view, adopted by the Third Circuit, Sixth Circuit, and Eighth Circuit, reasons that every plaintiff who seeks to opt in to an FLSA collective action must demonstrate that their individual claim arises out of the defendant's minimum contacts with the forum state.[1] The First Circuit went the other way, and its decision represents the minority view at both the circuit and district court level.[2]

While the question continues to percolate within this Circuit, district courts have been compelled to issue decisions relying on persuasive authority from other jurisdictions. In the absence of binding guidance, Seventh Circuit courts began applying the majority view. *Parker v. IAS Logistics DFW, LLC*, No. 20 C 5103, 2021

---

[1] Of the circuit courts to address the *Bristol-Myers Squibb* issue, the Third Circuit's decision is the most recent.

[2] "The majority of the courts that have addressed the issue have found *Bristol-Myers* applicable to FLSA actions." *Adams v. Absolute Consulting, Inc.*, 2023 WL 3138043, *4 (W.D. Tex. April 27, 2023).

WL 4125106 (N.D. Ill. Sept. 9, 2021) ("For these reasons, the Court finds that personal jurisdiction over the defendant must exist as to each opt-in."). *See also Iannotti v. Wood Grp. Mustang*, 603 F. Supp. 3d 649, 656 (S.D. Ill. 2022) ("the analysis set forth by the Sixth and Eighth Circuits on this issue are more persuasive.").

By holding that the personal jurisdiction principles of *Bristol-Myers Squibb* do *not* apply to FLSA collective actions, the District Court below created an intra-circuit split. In doing so, the District Court also disagreed with the majority view expressed by Third, Sixth, and Eighth Circuits. [3]

Consequently, this case presents an appropriate vehicle for the Seventh Circuit to articulate a clear standard and provide much needed guidance on this emerging issue. Without immediate appellate review, this issue will inevitably arise again in future cases while trial courts grapple with inconsistent precedent and a paucity of binding authority. Litigants on both sides of the *v* would likewise benefit from predictable rules regarding the appropriate scope of collective actions in this Circuit—especially where, as here, the inclusion of out-of-state plaintiffs would

---

[3] Moreover, although the District Court purported to adopt the position of the First Circuit, its reasoning does not track. *Compare* Dkt. 123, p. 6 ("The opt-ins are for nearly all purposes absent parties whose interests the court must step in to protect") *with Waters*, 23 F.4th at 91 ("the FLSA's text, Supreme Court precedent, and a majority of circuit court decisions compel only one conclusion: the opt-ins who filed consent forms with the court became parties to the suit upon filing those forms. Nothing else is required to make them parties.").

multiply the number of claims and the potential damages by such a tremendous extent (from ~25 to more than 500 potential plaintiffs).

This Court has "emphasize[d] the duty" of granting petitions "to allow an immediate appeal to be taken when the statutory criteria are met." *Ahrenholz v. Board of Trustees of the University of Illinois*, 219 F.3d 674, 677 (7th Cir. 2000). Here, as the District Court appropriately recognized, its Order satisfies each of the § 1292(b) statutory prerequisites. Accordingly, the Court should grant this Petition and resolve these consequential unsettled questions of law.

## STATEMENT OF JURISDICTION

This Court may permit an interlocutory appeal when a district court certifies that an interlocutory order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The District Court made these determinations in its September 1, 2023 Order. *See* Dkt. 123.[4] This Petition is timely because it is filed within 10 days of the Order. 28 U.S.C. § 1292(b); Fed. R. App. P. 5(a). Copies of the relevant Orders are attached hereto as part of the Appendix to this Petition.

---

[4] Unless otherwise stated, record citations ("Dkt.") refer to the corresponding docket number in the underlying district court proceeding, Case No. 3:21-cv-00054-jdp.

## QUESTION PRESENTED

The controlling question of law presented is whether, in a Fair Labor Standards Act ("FLSA") collective action in federal court where the court lacks general personal jurisdiction over the defendant, the court may grant conditional certification and facilitate the issuance of notice without having specific personal jurisdiction over the defendant with respect to the individual claims of all potential opt-in plaintiffs.

## RELIEF SOUGHT

Petitioner-Defendant Signet Builders, Inc. ("Petitioner" or "Signet") seeks reversal of the District Court's August 2, 2023 Order (Dkt. 107), as amended by the September 1, 2023 Order (Dkt. 123), and remand to the District Court with instructions that a conditionally certified collective action may not include individuals who worked for Signet exclusively outside of the state of Wisconsin.

## RELEVANT FACTUAL AND PROCEDURAL HISTORY

Respondent-Plaintiff Jose Luna Vanegas ("Respondent") brought this FLSA claim on behalf of himself and all others similarly situated, and he has since filed an amended complaint to add state law claims. Respondent's primary claim involves allegations that Signet violated the overtime provisions of the FLSA by classifying its H-2A workers as exempt under the secondary agriculture exception—despite the U.S. Department of Labor having already decided that the job duties of these workers

qualify as agricultural, a required prerequisite to participating in the H-2A program. This Court previously heard this case on Respondent's appeal from the Order granting Signet's Motion to Dismiss. *See Vanegas v. Signet Builders, Inc.*, 46 F.4th 636, 645 (7th Cir. 2022).

The majority of the underlying facts are not disputed. In the three years since this litigation commenced, only one additional plaintiff has opted in to this action. Neither Respondent nor the other opt in plaintiff have worked for Signet since 2019. Over Signet's objection, the District Court granted Respondent's Motion for Conditional Certification on August 2, 2023. *See* Dkt. 107. As stated in the Order, the court "decline[d] to resolve the issue" of whether *Bristol-Myers Squibb* precludes the assertion of personal jurisdiction over the claims of current and former Signet workers who never performed any work for Signet in the state of Wisconsin. Nonetheless, the court conditionally certified a collective action including more than 500 out-of-state workers and ordered Signet to assist with facilitating the issuance of opt-in notices to each of these workers. Dkt. 107, p. 19-22.

Upon review of that Order, Signet promptly filed a Combined Petition for Certification of Interlocutory Appeal, Motion to Amend Court Order, and Motion to Stay Proceedings Pending Appeal. *See* Dkt. 110. Signet pointed out that the Order contemplated more than 90% of the notices being sent to individuals who may ultimately be legally ineligible to participate in the action. Signet also noted that

"since the Sixth Circuit's *Canaday* decision, it appears that [the District Court's] procedural order of operations has not been followed by any other district court." *Id.* at 2.

The court then issued an Order amending its prior Order, concluding that it "need not separately consider personal jurisdiction over the claims of the potential out-of-state opt-in plaintiffs," and certifying the issues for interlocutory review under 28 U.S.C. § 1292(b). *See* Dkt. 123, pp. 6-9. The court acknowledged that its proposed certified collective "has about 30 potential members who worked in Wisconsin and almost 600 who did their work in other states[,]" and inclusion of the latter group would require the court "to decide the claims of workers with no connection to Wisconsin." *Id.*, p. 1. The September 1, 2023 Order included a statement that the § 1292(b) factors were satisfied. *Id.*, p. 7.

On September 5, 2023, Respondent filed a Motion for Reconsideration on the narrow issue of whether the entire proceedings should be stayed (as the court had ruled). *See* Dkt. 124. Although the District Court's certification speaks for itself, Respondent also requested clarification of which order is certified for interlocutory appeal. *Id.*, p. 7 ("Plaintiffs further move for reconsideration and an order clarifying that the only Order in certified is ECF#123 and not ECF #107."). That Motion remains pending before the court and Signet's response deadline has been set for September 11, 2023.

Importantly, none of the relief requested by Respondent in the September 5 Motion would result in this Court being divested of jurisdiction over this Petition. For the purposes of this Petition, as set forth below, Petitioner focuses only on the issues decided in the Order at Dkt. 123. Therefore, the District Court's ruling on Respondent's Motion has no bearing on this Petition.

None of the facts necessary to resolve this appeal are disputed—Signet is neither headquartered nor principally at home in the state of Wisconsin, and the putative out-of-state opt-in plaintiffs have no other basis to assert specific personal jurisdiction over Signet in the context of this FLSA collective action.

## LEGAL ARGUMENT

"Interlocutory appeal is appropriate when (1) the appeal presents a question of law; (2) it is controlling; (3) it is contestable; (4) its resolution will expedite the resolution of the litigation, and (5) the petition to appeal is filed in the district court within a reasonable amount of time after entry of the order sought to be appealed." *Boim v. Quranic Literacy Institute & Holy Land Foundation*, 291 F.3d 1000, 1007 (7th Cir. 2002). *See also Boone v. Ill. Dep't of Corr.*, No. 23-8012 (7th Cir. Jun. 21, 2023) ("We may accept interlocutory appeals only if they present questions of law that are controlling and contestable, the resolution of which would speed up the litigation."). Here, the questions decided in the District Court's Order and raised in this Petition satisfy these criteria.

## I.      This appeal presents a question of law.

Signet contends that the personal jurisdiction rules set forth in *Bristol-Myers Squibb* necessarily must apply in the context of collective actions under the FLSA.[5] Respondent disagrees. The Parties, however, agree that this interpretation of statutory and common law principles presents a pure abstract legal question that can be decided without any review of the record or the underlying facts of this case. As Respondent explained in his Brief in Response to Signet's Motion for Interlocutory Appeal, "the discovery to date indicates that none of those factual considerations are disputed. What is disputed is simply the legal conclusion to be drawn from those undisputed facts." Dkt. 114, p. 9.

Indeed, the District Court's analysis of the issue included zero citations to the record and little to no mention of the specific facts and parties in this case. *See* Dkt. 123, pp. 3–7. Judge Peterson correctly recognized that "[w]hether *Bristol-Myers Squibb* applies to FLSA collective actions is a pure question of law that can be decided on appeal without a study of the factual record." *Id.*, p. 7.

---

[5] Put differently, "where the basis of personal jurisdiction in an FLSA collective action in a federal court is specific personal jurisdiction established by serving process according to Federal Rule of Civil Procedure 4(k)(1)(A), every plaintiff who seeks to opt in to the suit must demonstrate his or her claim arises out of or relates to the defendant's minimum contacts with the forum state." *Fischer v. Fed. Express Corp.*, 42 F.4th 366, 370 (3d Cir. 2022).

This Court agrees: "Decisions holding that the application of a legal standard is a controlling question of law within the meaning of section 1292(b) are numerous." *In re Text Messaging Antitrust Litigation*, 630 F.3d 622, 626 (7th Cir. 2010) (collecting cases). Where, as here, "[t]he interlocutory appeal that we are asked to authorize in this case does not seek to overturn any findings of fact," it presents a question of law ripe of interlocutory appeal. *Id.* at 625.

Applications and interpretations of FLSA conditional certification standards regularly present the type of legal questions that warrant discretionary appellate review. *See, e.g.*, *Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1048 (7th Cir. 2020) ("The district court denied Facebook's motion for summary judgment, and—conditionally certifying the proposed collective—authorized notice to be sent to all employees in the group Bigger proposed. Facebook sought and was granted interlocutory appeal of these decision"); *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1008–09 (6th Cir. 2023) ("We review . . . a district court's decision whether to send notice of an FLSA suit to 'other employees' of the defendant. . . . The principal question here is one of law.").

Indeed, as mentioned above, three circuit courts already decided that *this precise issue* of whether *Bristol-Myers Squibb* applies to claims of FLSA opt-in plaintiffs satisfies the § 1292(b) criteria; each of those courts granted petitions for

permission to appeal. *Fischer*, 42 F.4th at 370; *Canaday*, 9 F.4th at 395; *Waters*, 23 F.4th at 86–87.

This Court has further articulated certain categories of issues that will generally qualify as questions of law: issues of first impression, issues where the circuits are split, and issues involving interpretations of recent Supreme Court decisions—and here, the question presented bears all three of these supplemental indicia of a pure legal question. *In re Text Messaging Antitrust Litigation* , 630 F.3d at 626–27 (granting interlocutory review of issues related to heightened pleading standards because "*Twombly* is a recent decision, and its scope unsettled," and "previous cases do not address" the questions presented, "and that is a further novelty that justifies the conclusion that the appeal presents a genuine question of law.").

## II.     The question of law is controlling.

In the § 1292(b) context, "'controlling' means serious to the conduct of the litigation, either practically or legally." *Johnson v. Burken*, 930 F.2d 1202, 1205–06 (7th Cir. 1991) (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974)). *See also Boone v. Ill. Dep't of Corr.*, No. 23-8012, at *6 (7th Cir. June 21, 2023) (holding that "the question of law is controlling" where its resolution is "quite likely to affect the future course of the litigation." (citation omitted)).

With the benefit of intimate familiarity with the underlying facts and procedural posture of this case, the District Court had no trouble concluding that Signet's certified question "is controlling because it will dramatically affect the future scope of the litigation." Dkt. 123, p. 7. Among other things, a conditionally certified collective action inclusive of out-of-state plaintiffs would materially expand the scope of discovery, potential damages, and the costs of litigation.

Indeed, "the Seventh Circuit has observed that a plaintiff's discovery demands upon conditional certification may impose 'a tremendous financial burden to the employer.'" *Adair v. Wisconsin Bell, Inc.*, No. 08-C-280, 2008 WL 4224360, at *4 (E.D. Wis. Sept. 11, 2008) (quoting *Woods v. New York Life Ins. Co.*, 686 F.2d 578, 581 (7th Cir. 1982)). These concerns are particularly salient here—the inclusion of out-of-state plaintiffs increases the size of the conditionally certified collective from fewer than 30 to up to 600 potential opt-in plaintiffs. *See* Dkt. 96-1; Dkt. 110, p. 6.

Relatedly, as other courts have recognized, allowing the ruling below to stand "would 'encourage gamesmanship' in federal court suits because 'different FLSA plaintiffs would face different jurisdictional standards depending on whether they sue as named plaintiffs or opt in later." *Wilkerson v. Walgreens Specialty Pharmacy LLC*, No. CV-21-01427-PHX-JAT, 2022 WL 15520004, at *6 (D. Ariz. Oct. 27, 2022) (quoting *Carlson v. United Nat. Foods, Inc.*, No. C20-5476-JCC, 2021 WL 3616786 (W.D. Wash. Aug. 14, 2021).

12

**III.   The application of *Bristol-Myers Squibb* to FLSA collective actions is contestable, and difference of opinion exists both within this Circuit and amongst the circuits.**

The questions presented by this appeal are the subject of an active circuit split. *See* Dkt. 123, p. 7 ("The circuit split on the question shows that it is contestable."). Although a majority view has now solidly emerged, the court below declined to follow the holdings of the Third, Sixth, and Eighth Circuits. Instead, Petitioner appeals from an Order that applied the minority view as set forth by the First Circuit in *Waters*, 23 F.4th 84.[6]

Likewise, the District Court's holding cannot be reconciled with the precedent that has guided the Northern District of Illinois for the last two years. *Zigler v. Edward D. Jones & Co., L.P.*, No. 22 C 4706, 2023 WL 3918966, at *3 (N.D. Ill. June 9, 2023) ("The Seventh Circuit has not spoken on this issue, and [] several courts in this circuit have aligned with the view of the Sixth and Eighth Circuits[.]").[7]

---

[6] It is possible that the outlier First Circuit may reverse itself at some point, as neither of the two judges who joined the majority opinion remain active. Of the three judges on the *Waters* panel, the only presently active First Circuit judge dissented and agreed with the reasoning of the Sixth and Eighth Circuits. Although admittedly speculative, the potential resolution of the circuit split provides another reason to take up this appeal and correct the lower court's inconsistent ruling.

[7] The *Zigler* case also illustrates a related procedural error made by numerous recent district courts in this Circuit. As thoroughly explained in Signet's Briefs at Dkt. 110 and Dkt. 120 (both attached as part of the Appendix to this Petition), courts continue to quote language from procedurally inapposite orders to conclude that personal jurisdiction should not be decided "prior to conditional certification." As Signet pointed out, however, it appears that the only cases—other than this one—where the

In *Parker v. IAS Logistics LLC*, the court unambiguously held "that personal jurisdiction over the defendant must exist as to each opt-in." No. 20 C 5103, 2021 WL 4125106, at *3 (N.D. Ill. Sept. 9, 2021). The *Parker* court went on to reason that "it is difficult to come to a different conclusion given the language in *Bristol-Myers*, which is repeated twice in the opinion, to the effect that for each plaintiff, there must be an affiliation between the forum and the underlying controversy, principally, an activity or occurrence that takes place in the forum State." *Id.* (cleaned up). Yet the District Court in this case nonetheless embraced the minority position, thereby presenting an intra-circuit split between the Western District of Wisconsin and the Northern District of Illinois. Only this Court can resolve this contested issue.

## IV.    Resolution of this issue now will expedite the litigation.

Given the vast disparity between the number of potential opt-in plaintiffs who worked for Signet in Wisconsin and the number of potential opt-in plaintiffs who do not have a basis to assert specific personal jurisdiction over Signet, immediate resolution of this issue will necessarily expedite the litigation. *See Holder v. A&L Home Care & Training Ctr., LLC*, 552 F. Supp. 3d 731, 747–48 (S.D. Ohio 2021) (certifying collective action conditional certification order for review under

---

collective action was conditionally certified to include out-of-state claims without deciding the *Bristol-Myers Squibb* personal jurisdiction issue first were decided before issuance of any of the relevant circuit court decisions on the issue, or before Bristol-Myers Squibb itself. *See* Dkt. 110, p. 11; Dkt. 120, p. 11.

§ 1292(b) and reasoning that "an immediate appeal may move this litigation along" because "[t]he size of the class and the investments of time and money have a direct bearing on settlement pressure, damages, and how the parties and the Court manage the litigation.").

Indeed, "all that section 1292(b) requires as a precondition to an interlocutory appeal, once it is determined that the appeal presents a controlling question of law on which there is a substantial ground for a difference of opinion, is that an immediate appeal *may* materially advance the ultimate termination of the litigation." *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012) (emphasis in original).

The importance of decisively resolving this issue now—before any notice is sent to opt-in plaintiffs—cannot be understated. In recognition of the tremendous impact of court-sanctioned notice in collective actions, the Supreme Court has cautioned against crossing the line from facilitation to solicitation of claims through issuing notice to an overbroad class. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989). Here, immediate appellate review will materially impact the litigation by protecting against the issuance of notice to employees whose claims may not be able to be brought in this action (or in any Wisconsin court) under *Bristol-Myers Squibb*; Signet would be unable to remedy this harm on appeal from a final judgment. *See Clark*, 68 F.4th at 1010 (citing *Hoffmann-La Roche*, 493 U.S.

at 173–75) ("notice sent to employees who are not, in fact, eligible to join the suit amounts to solicitation of those employees to bring suits of their own.").

As this Court recently explained in another interlocutory appeal from an FLSA conditional certification decision, "where the court has been shown certain individuals may not join the action . . . the risk is high that the notice will appear to facilitate abuse of the collective-action device and thus place a judicial thumb on the plaintiff's side of the case." *Bigger*, 947 F.3d at 1049-50 (accepting interlocutory appeal from an FLSA conditional certification order to avoid the "danger" expressed by the Supreme Court that court-facilitated notice "may become indistinguishable from the solicitation of claims"). Here, as in *Bigger*, the Order on appeal contemplates sending notice to potential plaintiffs who—if the Order incorrectly decided the *Bristol-Myers Squibb* issue—are legally ineligible to ever join the action.

Another decision articulates precisely how inefficient it would be to wait until a final judgment to decide the appropriate certification issues in the collective action context:

> a decision from the court of appeals on the decertification issue may materially advance the ultimate termination of the litigation. If the court of appeals upholds the decertification decision, the parties can proceed to trial on plaintiffs' individual claims without worrying about the effect the trial will have on the claims of the former class members and opt-in plaintiffs. For example, if the named plaintiffs' claims are resolved at a trial before the court of appeals issues a decision on decertification, the named plaintiffs could no longer act as representatives of the class. Likewise, if the court of appeals reverses the decertification decision, the parties can proceed to trial with the

class and collective action. Therefore, it makes good sense to certify the decision for interlocutory review.

*Espenscheid v. DirectSat USA, LLC*, No. 09-CV-625-BBC, 2011 WL 2132975, at *1–2 (W.D. Wis. May 27, 2011).

The same reasons counsel in favor of appellate review here. Additionally, no harm will result from granting this appeal because the court has tolled the statute of limitations for opt-in plaintiffs for the pendency of this appeal. *See* Dkt. 123, p. 8 ("to ameliorate potential harm to the plaintiffs, the court will toll the statute of limitations for putative collective members during the pendency of the interlocutory appeal.").

Accordingly, and as confirmed by the analogous decisions of the Sixth and Third Circuits, granting interlocutory review of this threshold issue satisfies this factor and all other statutory perquisites. Granting this Petition fulfills "the purpose of Section 1292(b) to speed litigation and conserve judicial resources." *Moss v. Healthcare Compare Corp.*, 75 F.3d 276, 280 (7th Cir. 1996).

## V.    The request for interlocutory certification was timely filed.

Some of this Court's decisions have articulated one additional prudential requirement that must be met in order to petition for permission to appeal: petitioners must have "filed their motions for certificates of appealability in the district court within a reasonable amount of time after entry of the district court's order." *Boim v. Quranic Literacy Institute & Holy Land Foundation*, 291 F.3d 1000, 1007-08 (7th

Cir. 2002). Here, Signet easily satisfies this factor—its Motion to Amend Court Order and to Certify Interlocutory Appeal was filed with the District Court on August 11, 2023, nine days after the Order was issued. *See id.* (finding one month to be a reasonable amount of time).

## VI.     The Court should exercise its discretion to accept this appeal.

District courts, litigants, and practitioners within this Circuit cannot meaningfully distill the current state of the law on this consequential issue without guidance from this Court. This issue will continue to resurface in litigation, and without such guidance, judges will have to decide the issue de novo with each new nationwide collective action, litigants will have to make critical settlement and discovery decisions under threat of uncertainty, and practitioners will have to advise their clients based on speculative predictions as to which set of persuasive authority any given district judge may choose to follow.

Given the unique procedural posture of FLSA conditional certification motions, this important question of law will continue to evade judicial review absent interlocutory review. Once notice has been sent, there is no way to un-ring the bell. And by the time the collective action has been fully litigated—or settled—the notice issue will be moot and non-reviewable. If this Court agrees that guidance on this issue is necessary, it can only be achieved through interlocutory review.

## **<u>CONCLUSION</u>**

For the foregoing reasons, and pursuant to Fed. R. App. P. 5 and 28 U.S.C.

§ 1292(b), Petitioner respectfully requests that the Court grant permission to appeal

the District Court's August 2, 2023 Order, as amended by its September 1, 2023

Order. Should the Court agree to accept this appeal, Petitioner respectfully requests

the opportunity for merits briefing and oral argument.

Respectfully submitted, this 11th day of September, 2023.

*/s/Joshua H. Viau*
Edward N. Boehm, Jr.
Joshua H. Viau
Ann Margaret Pointer
(COUNSEL OF RECORD)

**FISHER & PHILLIPS LLP**
1230 Peachtree Street, NE - Suite 3300
Atlanta, Georgia 30309
(404) 231-1400
tboehm@fisherphillips.com
jviau@fisherphillips.com
apointer@fisherphillips.com

Counsel for Petitioner-Defendant, SIGNET BUILDERS, INC.

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned certifies that the foregoing Petition for Permission to Appeal complies with the page limitation of Fed. R. App. 5(b)(1) because it is less than 20 pages.

The undersigned further certifies that this Petition complies with the requirements of Fed. R. App. P. 32(a)(1) and 32(c)(2), the typeface requirements of Fed. R. App. P. 32(a)(5), and the type style requirements of Fed. R. App. P. 32(a)(6) because this Petition has been prepared in a proportionally-spaced typeface in 14-point Times New Roman style font.

> */s/Joshua H. Viau*
> Edward N. Boehm, Jr.
> Joshua H. Viau
> Ann Margaret Pointer
> (COUNSEL OF RECORD)
>
> **FISHER & PHILLIPS LLP**
> 1230 Peachtree Street, NE - Suite 3300
> Atlanta, Georgia 30309
> (404) 231-1400
> tboehm@fisherphillips.com
> jviau@fisherphillips.com
> apointer@fisherphillips.com

*Counsel for Petitioner-Defendant, SIGNET BUILDERS, INC.*

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on September 11, 2023, I filed the foregoing with the

Clerk of Court for the United States Court of Appeals for the Seventh Circuit via

electronic mail to USCA7_Clerk@ca7.uscourts.gov and served the foregoing on all

counsel of record via electronic mail

> Jennifer J. Zimmermann
> Erica Sweitzer-Beckman
> Legal Action of Wisconsin
> 744 Williamson Street
> Suite #200
> Madison, WI  53703
> jjz@legalaction.org
> elb@legalaction.org
>
> Lorraine A. Gaynor
> Iowa Legal Aid
> 1700 S. 1st Ave.
> Suite 10
> Iowa City, IA  52240
> lgaynor@iowalaw.org
>
> Edward Tuddenham
> 42 Avenue Bosquet
> Paris, Ille de France  75007
> edwardtuddenham@gmail.com

Dated this 11th day of September, 2023.

> /s/Joshua H. Viau
> Edward N. Boehm, Jr.
> Joshua H. Viau
> Ann Margaret Pointer
> (COUNSEL OF RECORD)
>
> **FISHER & PHILLIPS LLP**

21

1230 Peachtree Street, NE - Suite 3300
Atlanta, Georgia 30309
(404) 231-1400
tboehm@fisherphillips.com
jviau@fisherphillips.com
apointer@fisherphillips.com

*Counsel for Petitioner-Defendant, SIGNET BUILDERS, INC.*

# **APPENDIX**

## TABLE OF CONTENTS TO APPENDIX

USDC Dkt. 96, Defendant's Response in Opposition to Plaintiff's Renewed Motion for Conditional Certification and Issuance of Notice ................... A-1

USDC Dkt. 107, Opinion and Order.......................................................... A-30

USDC Dkt. 110, Defendant's Combined Petition to Certify Interlocutory Appeal, Motion to Amend Court Order, And Motion To Stay Proceedings...................................................................... A-54

USDC Dkt. 123, Opinion and Order.......................................................... A-70

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOSE AGEO LUNA VANEGAS,<br>On behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIGNET BUILDERS, INC.<br><br>Defendant. | CASE NO.: 3:21-cv-00054-jdp |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR CONDITIONAL CERTIFICATION AND ISSUANCE OF NOTICE

Defendant Signet Builders, Inc. ("Defendant" or "Signet") hereby submits this Response in Opposition to Plaintiff Jose Ageo Luna Vanegas's ("Plaintiff" or "Luna Vanegas") Renewed Motion to Conditionally Certify FLSA Collective Action and for Issuance of Notice.

## I.      INTRODUCTION

In the 790 days since Plaintiff brought his Collective Action Complaint on behalf of "all others similarly situated," Plaintiff has only identified one such individual interested in joining this lawsuit. Armed with nothing more than self-serving declarations from himself and his counsel, Plaintiff seeks to conditionally certify a nationwide class and disseminate notice forms to hundreds of Signet's current and former H-2A visa-holding guestworkers. None of the legal theories and authorities advanced by Plaintiff justify allowing this burdensome fishing expedition to proceed. As outlined below, Plaintiff's Motion should be denied for multiple independent reasons.

First, this Court correctly rejected Plaintiff's attempt to rewrite the FLSA's agricultural exemption, and Signet has petitioned the Supreme Court for certiorari to reinstate that ruling and remand the case for dismissal of Plaintiff's claims. If the Supreme Court grants the Petition and

agrees with Signet (and this Court in the first instance) on that dispositive legal issue, then any conditional certification will be moot. Alternatively, Plaintiff could renew his request for certification at a more appropriate time and with the benefit of a clearer procedural posture. In any event, denying Plaintiff's Motion promotes judicial efficiency, preserves resources, and avoids engaging in court-endorsed mass mailings of notices to individuals who may then need to receive subsequent contradictory notices that the lawsuit has been dismissed.

Second, Plaintiff does not make a sufficient factual showing in support of conditional certification. Despite Plaintiff presumably attempting to meet this burden for more than two years, the putative class members—his fellow guestworkers—have no interest in helping him jeopardize their H-2A agricultural visa status through litigation. Exactly one additional worker has signed an opt-in notice, and Plaintiff currently stands alone as the only named claimant; Plaintiff proffers no declarations or testimony from any other Signet employees. Plaintiff himself does not even qualify for the proposed class of allegedly similarly situated employees because he last worked for Signet in 2019—well outside the statute of limitations period applicable to any opt-in plaintiffs. Plaintiff fails to acknowledge this uncontroversial statutory bar given that he requests opt-in notice be sent to workers who worked for Signet any time since January 2019. Plaintiff cannot meet any of the well-established prerequisites to conditional certification.

Third, even if Plaintiff eventually satisfies the conditional certification standard, his strategic choice of filing suit in Wisconsin limits the scope of the prospective collective action to only Wisconsin-based employees. Plaintiff inappropriately requests this Court's blessing to send notice to Signet workers in other states and Circuits—workers whose claims would not independently establish this Court's personal jurisdiction over Signet. Since the parties originally briefed the conditional certification issue in April 2021, an increasing number of courts throughout

2

the country and within the Seventh Circuit have held that an FLSA nationwide collective action may only proceed if the forum has general personal jurisdiction over the defendant-employer, i.e., in states where the company is incorporated or has its principal place of business. Otherwise, constitutional personal jurisdiction principles limit FLSA collective actions to opt-in plaintiffs whose claims against the defendant arise from defendant's minimum contacts with the forum state, i.e., employees who worked for the defendant in the forum state.

Even before <u>Bristol-Myers Squibb</u>, 582 U.S. 255 (2017), courts routinely denied nationwide certification in cases where, as here, the named plaintiff and declarants—here, one and the same—have no first-hand knowledge regarding out-of-state employees' working conditions. If this Court orders notice to putative opt-in plaintiffs, such notice should be limited to employees who worked for Signet in Wisconsin and worked during the appropriate time frame.

In short, Plaintiff's Motion is premature, unsupported by facts or law, and should be denied. At minimum, conditional certification must encompass only similarly situated employees who worked for Signet in Wisconsin within the FLSA's two-year statute of limitations.

## II.    RELEVANT PROCEDURAL HISTORY AND BACKGROUND FACTS

When Plaintiff initiated this litigation more than two years ago, he purported to bring his Collective Action Complaint on behalf of "all others similarly situated," a class which he broadly defined as including "all H-2A workers employed by Defendant." (Doc. 1, ¶ 23.) Since that time, the parties have exchanged substantial discovery, filed additional pleadings, and even petitioned the U.S. Supreme Court for review of the dispositive legal issue underlying Plaintiff's claims.[1]

---

[1] Defendant presents a more detailed summary of the relevant procedural history in its March 17, 2023 Consolidated Response to Plaintiff's Motions. (Doc. 94).

Despite the seemingly everlasting nature of this case and its dynamic procedural posture, Plaintiff remains unable or unwilling to develop an updated *evidentiary* posture. When asked about the applicability of the FLSA agricultural exemption during oral arguments at the Seventh Circuit, Plaintiff's counsel candidly admitted that he "would be happy to develop no evidence on this." [2] That tongue-in-cheek comment turned out to be prophetic. Plaintiff's Renewed Motion for Conditional Certification effectively relies on the same core evidence (or lack thereof) as his 2021 Motion for Conditional Certification relied on: one, only one, employee declaration (his own).

Although the Seventh Circuit ruled against Signet and—Defendant submits, incorrectly—reversed this Court's dismissal Order, the Seventh Circuit also detailed the extent to which the existence of a common unlawful policy in this case depends on the policy's application to the putative class in a fact-specific manner. See generally Vanegas v. Signet Builders, Inc., 46 F.4th 636 (7th Cir. 2022). Although that aspect of the reasoning could ultimately bode well for Signet's present purpose in opposing to conditional certification, see *infra* IV(B)(2), Signet has petitioned the Supreme Court for a writ of certiorari. See S. Ct. Dkt. No. 22-869. Luna Vanegas's response to that Petition is currently due April 10, 2023.[3]

## III.    LEGAL STANDARDS

In exercising their discretion to manage FLSA collective actions, "district courts do not hesitate to pare down the group or to deny conditional certification altogether." Hollins v. Regency Corp., 867 F.3d 830, 834 (7th Cir. 2017). Indeed, "the Seventh Circuit has observed that a

---

[2] Oral Argument at 2:48, Vanegas v. Signet Builders, Inc., 46 F.4th 636 (7th Cir. 2022) (No. 21-2644), http://media.ca7.uscourts.gov/sound/2022/mm.21-2644.21-2644_04_13_2022.mp3.

[3] The U.S. Supreme Court docket is available at:
https://www.supremecourt.gov/Search.aspx?FileName=/docket/docketfiles/html/public%5C22-869.html.

plaintiff's discovery demands upon conditional certification may impose 'a tremendous financial burden to the employer.'" Adair v. Wisconsin Bell, Inc., No. 08-C-280, 2008 WL 4224360, at *4 (E.D. Wis. Sept. 11, 2008) (quoting Woods v. New York Life Ins. Co., 686 F.2d 578, 581 (7th Cir. 1982)).

Notably, "a plaintiff in an FLSA collective action is not required to seek leave of the court prior to issuing notice of the lawsuit to prospective members." Wynn v. Express, LLC, No. 11 C 4588, 2012 WL 386716, at *1 (N.D. Ill. Feb. 6, 2012) (quoting Anyere v. Wells Fargo, Co., No. 09 C 2769, 2010 WL 1542180, at *1 (N.D.Ill. Apr.12, 2010)). Indeed, neither the Supreme Court nor the statute requires conditional approval of a collective action at all. Rather, conditional certification provides a discretionary "mechanism used by district courts" to "facilitate notice" to putative opt-in plaintiffs "in appropriate cases." Ervin v. OS Restaurant Services, Inc., 632 F.3d 971, 974 (7th Cir. 2011); Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989). When engaging in this conditional approval process, the court "must be scrupulous to respect judicial neutrality" and should "avoid even the appearance of judicial endorsement of the merits of the action." Hoffmann-La Roche Inc., 493 U.S. at 174.

## IV.    ARGUMENT

Plaintiff's Motion for Conditional Certification warrants denial with prejudice for a panoply of independent reasons. In the event this Court disagrees, however, any issuance of notice should be stayed pending the Supreme Court's adjudication of the threshold legal issue.

Plaintiff's Motion fails because Plaintiff has made no effort to prosecute his claims on behalf of anyone but himself and the one additional opt-in plaintiff, who moved to become a party but has puzzlingly failed to file a declaration. Bottom line, no matter which iteration of the conditional certification rules this Court applies, Plaintiff makes no factual showing in support of

proceeding as a collective. Even the cases relied upon by Plaintiff are easily distinguished—none of them involve a named plaintiff who filed one Motion for Conditional Certification, waited more than two years, and then filed a Renewed Motion with no new declarations or testimony and no new opt-in plaintiffs. Plaintiff and the single opt-in plaintiff themselves do not appear committed to the task of representing a collective. In any event, the putative class members are not interested. Out of the 600+ former and current Signet employees included in the proposed class (as described by Plaintiff in his papers), none have opted in since April 2021. Moreover, Plaintiff's proposed collective action is widely overinclusive, fails to account for personal jurisdiction, and does not comport with the applicable statutes of limitation. Finally, the proposed notice that Plaintiff requests presents glaring deficiencies.

### A. The Court Should Consider the Impact of the Pending Petition to the U.S. Supreme Court.

A district court's "wide discretion" in FLSA collective actions encompasses not only the procedural steps by which a party may (or may not) obtain conditional certification, but also the timing; courts may consider certification "at any point before final judgment" including "after discovery has been completed." Weil v. Metal Tech. Inc., 925 F.3d 352, 357 (7th Cir. 2019). By the same token, when "it is clear" that a plaintiff cannot certify a collective action, courts may hold that "this issue should be resolved earlier rather than later." Loch v. Am. Family Mut. Ins. Co., 22-cv-213-jdp, at *6 n.4 (W.D. Wis. Mar. 3, 2023).

Courts developed these flexible directives in furtherance of judicial efficiency and to avoid needless litigation. In other words, "[i]t would be a waste of the Court's and the litigants' time and resources to notify a large and diverse class only to later determine that the matter should not proceed as a collective action because the class members are not similarly situated." Adair, 2008 WL 4224360, at *4 (quoting Freeman v. Wal-Mart Stores, Inc., 256 F.Supp.2d 941, 945 (W.D.

Ark. 2003)). See also Salazar v. Agriprocessors, Inc., No. 07-CV-1006-LRR, 2008 WL 782803,

at *3 (N.D. Iowa Mar. 17, 2008) ("FLSA collective actions are 'intended to serve the interests of

judicial economy[.]'").

Here, Plaintiff's failure to cure his evidentiary deficiencies prior to filing his Renewed

Motion for Conditional Certification supports an order denying the Motion with prejudice. In the

event that this Court disagrees and may be inclined to conditionally certify a class of Signet's

Wisconsin-based employees only, however, Signet respectfully requests that the Court consider

delaying any issuance of notice until after the Supreme Court decides whether to grant its pending

Petition for Writ of Certiorari.[4]

As a matter of judicial efficiency, it makes no sense to begin litigating the issue of notice

when the Supreme Court may moot the issue. As a practical matter, it makes even less sense to

begin the burdensome process of identifying and locating dozens of former Signet guestworkers

across multiple states and within Mexico. And as a matter of policy, a limited stay of the notice

issue would avoid a confusion-inducing scenario in which these workers would receive legal

notices that may no longer be valid or applicable by the time they may decide whether to opt-in.

That said, Defendant reiterates its preference for a denial of Plaintiff's Motion with

prejudice — and the law supports it.

---

[4] Plaintiff and his counsel acknowledge the importance of awaiting the Supreme Court's resolution
of uncertain legal issues that may apply to this case. In Plaintiff's Brief, he cites a then-pending
Supreme Court certiorari petition as one of the "more compelling reasons" to sidestep the issue of
personal jurisdiction over out of state opt-in plaintiffs. Since Plaintiff filed his Motion, however,
the Supreme Court has denied certiorari in that matter. See Fischer v. Fed. Express Corp., No. 22-
396, 2023 WL 2357330 (U.S. Mar. 6, 2023). The more relevant—and still pending—Supreme
Court petition for certiorari is the one in this very case.

**B.  Plaintiff Does Not Make a Sufficient Factual Showing.**

At the "initial, conditional step," the one presented here, the plaintiff must show that "(1) he is similarly situated to potential class members; and (2) both he and the potential class members were 'victims of a common policy or plan that violated the law.'" Clements v. WP Operations, LLC, No. 19-CV-1051-WMC, 2022 WL 4078151, at *4 (W.D. Wis. Sept. 6, 2022) (quoting Austin v. Cuna Mut. Ins. Soc'y, 232 F.R.D. 601, 605 (W.D. Wis. 2006)). As this Court has confirmed, plaintiffs should, at minimum, satisfy both of these requirements. Simply pointing to an allegedly unlawful policy, as Plaintiff attempts to do here, will not suffice.

The Parties may agree that the H-2A job order's general contours apply to most of the putative class, but the mere existence of a "common policy" only gets Plaintiff half-way there. To satisfy that element, Plaintiff must also illustrate—through evidence—that similarly situated employees were indeed "victims" of that policy. Put differently, to obtain conditional certification, the policy must have "violated the law" not only as applied to Plaintiff but as applied to all of the putative collective. Otherwise, the commonality element fails.

Relatedly, courts decline conditional certification when "interest in joining the class appears to be weak," De Leon v. Grade A Constr., Inc., No. 16-CV-348-JDP, 2017 WL 6375821, at *2 (W.D. Wis. Dec. 13, 2017), or when the named plaintiff "will not be able to adequately represent the collective." Loch, 22-cv-213-jdp, at *6 n.4. As with the prerequisite similarity showing, applying these two additional prongs of the analysis to this case leads to the inescapable conclusion that Plaintiff's Motion must be denied.

**1.  Obtaining Conditional Certification Requires Actual Evidence Regarding Plaintiff's Similarity with Putative Collective—and Plaintiff Has None.**

The absence of evidence proffered by Plaintiff regarding similarly situated employees dooms his attempt at conditional certification. Although courts often characterize plaintiff's initial

burden as "modest," it is "not a toothless one." Roberts v. One Off Hosp. Grp., Ltd., No. 21 C
5868, 2022 WL 16856393, at *2 (N.D. Ill. Nov. 10, 2022).[5] And "conditional certification is not
automatic." Briggs v. PNC Fin. Servs. Grp., Inc., No. 15-CV-10447, 2016 WL 1043429, at *2
(N.D. Ill. Mar. 16, 2016). Rather, to satisfy this burden, plaintiffs should "put forth multiple
declarations from putative class members and/or deposition testimony from the parties." Fares v.
H, B, & H, LLC, No. 21-CV-753, 2022 WL 72081, at *2 (E.D. Wis. Jan. 7, 2022).

Here, Plaintiff suggests that he should be excused from the need to submit any declarations
from putative class members—he submits none, other than his own—or any evidence regarding
his similarity to putative class members, because "the legality or illegality of Signet's policy
presents a question common to the collective." (Doc. 84, p. 10). To be sure, Signet's H-2A job
orders applied to most of the proposed collective—although their alleged illegality does not, see
*infra*. But even if adopting his framework, Plaintiff overlooks the first part of his burden: his
similarity to other employees. See Clements, 2022 WL 4078151, at *4 (holding that, at the
conditional certification stage, plaintiff must show that "(1) he is similarly situated to potential
class members; ***and*** (2) both he and the potential class members were victims of a common policy
or plan that violated the law." (emphasis added)); Wynn, 2012 WL 386716, at *1 ("Under the law,
before a court may send such notice, the plaintiffs seeking collective relief bear the burden of
showing that the potential claimants are in fact 'similarly situated' as required by the FLSA.").

---

[5] In cases where "significant discovery" took place before the plaintiff moved for conditional
certification, "district courts have required plaintiffs to meet an 'intermediate standard.'" Smith v.
Family Video Movie Club, Inc., No. 11 C 1773, at *11 (N.D. Ill. Feb. 22, 2012) (quoting Wynn,
2012 WL 386716, at *1). See also DeMarco, 2011 WL 3510905, at *2 ("[M]ore stringent review
may be applied on a motion for conditional certification where substantial discovery already has
taken place.").

Just like Plaintiff here argues that all workers are subject to similar H-2A work contracts, the plaintiff in a recent Wisconsin FLSA case "argue[d] that all putative collective members signed ICOAs [Independent Contractor Operating Agreements], which were substantively identical in all material terms, and therefore that all putative collective members were subject to Defendants' policy of misclassification and resulting wage law violations." Placide v. Roadrunner Transportation Servs. Inc., No. 21-CV-1004-JPS, 2022 WL 3682912, at *3 (E.D. Wis. Aug. 25, 2022). There, the plaintiff supported that theory "with his own declaration," "his personal knowledge," and copies of the signed ICOAs. Id. Even after noting that the defendant did not "refute the allegations in [plaintiff's] declaration," the court held that "[t]his evidence standing alone is not sufficient to meet the requisite modest factual showing" and "not enough to support conditional certification of the FLSA collective." Id.

The Placide court went on to opine that "it is puzzling why [the plaintiff] chose to rely on his own declaration" when "he could have submitted declarations" from "multiple other" similarly situated employees. Id. at *4. Here, too, it is puzzling why, more than two years after filing suit against Signet, Plaintiff and his counsel chose to craft their own self-serving declarations rather than submit declarations from other Signet employees.

Indeed, courts evaluating conditional certification motions throughout this Circuit consistently make clear that "[p]laintiffs must provide factual support for their allegations 'in the form of affidavits, declarations, deposition testimony, or other documents.'" Evans v. Dart, No. 20 C 2453, 2022 WL 823883, at *5 (N.D. Ill. Mar. 18, 2022) (quoting Anyere, 2010 WL 1542180, at *2). Indeed, the failure to do so typically proves fatal to plaintiffs' requests for judicial intervention in the notice process. See, e.g., Roberts v. One Off Hosp. Grp., Ltd., No. 21 C 5868, 2022 WL 16856393, at *2 (N.D. Ill. Nov. 10, 2022) ("Critically absent are affidavits from any other similarly

10

situated employees who worked at the defendants' restaurants."). See also Ford v. MIJ, Inc., No. 2:20-CV-353-HAB, 2021 WL 2134570, at *3 (N.D. Ind. May 25, 2021) (finding that named plaintiff's complaint and declaration, which did not identify other putative plaintiffs nor indicate named plaintiff's basis for her knowledge of other workers' circumstances, were insufficient to support conditional certification).

Despite this precedent, Plaintiff boldly asserts that the mere existence of a workplace policy purportedly applicable to all relevant workers "is sufficient to justify certification." (Doc. 84, p. 10). Yet, when examining the subsequent string-cited cases in Plaintiff's Motion, it is abundantly clear that a policy "alone" cannot satisfy Plaintiff's burden. See Kelly v. Bluegreen Corp., 256 F.R.D. 626, 628-29 (W.D. Wis. 2009) (only finding that plaintiff made a sufficient factual showing "in light of" supplemental declarations from three named plaintiffs and one additional putative opt-in); Austin v. CUNA Mut. Ins. Soc., 232 F.R.D. 601, 603 (W.D. Wis. 2006) (defendant submitted list of individuals in the proposed class); Schroeder v. Humana Inc., No. 12-C-0137, 2012 WL 5931886, at *8 (E.D. Wis. Nov. 27, 2012) ("Plaintiffs' allegations are supported by three additional putative plaintiffs' declarations and the testimony of Humana's corporate representatives"); Cardenas v. A.J. Piedimonte Agric. Dev., LLC, No. 18-CV-881-EAW-MJR, 2018 WL 6177271, at *3 (W.D.N.Y. Nov. 27, 2018) ("plaintiffs have submitted sworn declarations and pay stubs from two plaintiffs and one opt-in plaintiff"). Even when including out-of-Circuit authority, Plaintiff points to no case in which a court granted conditional certification based on only one employee declaration.

In fact, Luna Vanegas's own declaration presents a sharp distinction to his cited authority. In the declaration, Plaintiff *exclusively* discusses his personal conditions of employment: "*my* work with Signet," "In 2018, *I* performed work," "Each year, *I* received all of my directions," and so

11

forth. (Doc. 87). Even in cases where the named plaintiff relies upon their own self-serving declarations, they lose their motion, but they at least "attest[] to [their] personal knowledge about other employees[.]" Kim v. Maha, Inc., No. 22 C 2375, 2023 WL 22157, at *2 (N.D. Ill. Jan. 3, 2023) (denying conditional certification). But here, Plaintiff does not even make "unsupported assertions"—he makes *no* assertions whatsoever about any similarly situated employees. Thus, Plaintiff must fall back on citing to his Complaint as the only basis for showing similarity with putative class members. His unverified Complaint, however, does not qualify as evidence, and "the court is under no obligation, as it would be on a motion to dismiss, to accept all the plaintiffs' allegations as true." Howard v. Securitas Sec. Servs., USA Inc., No. 08 C 2746, 2009 WL 140126, at *5 (N.D. Ill. Jan. 20, 2009).

Plaintiff's evidentiary shortcomings are particularly relevant given the undisputed facts that he did not work during the same time period or even at the same locations as the vast majority of employees he seeks to represent. Under those circumstances, plaintiffs must typically at least submit declarations or testimony of representative employees from the relevant time periods or locations. Loch v. Am. Family Mut. Ins. Co., 22-cv-213-jdp, at *4 (W.D. Wis. Mar. 3, 2023) (denying conditional class certification and agreeing with the defendant that "it is not reasonable to infer from the declarations that . . . all of [the employer's] offices across the country were treated the same way during the period in question" when plaintiffs "last worked for [defendant] in 2020, making their information outdated."); Bruske v. Capitol Watertown Sprechers, LLC, No. 19-CV-851-WMC, 2021 WL 3737449, at *5 (W.D. Wis. Aug. 24, 2021) (declining to extend certification to other locations when "plaintiffs have produced practically no evidence related to" working conditions at those locations). Once again, Luna Vanegas's "evidence" cannot withstand the admittedly benign—but not toothless—scrutiny applicable at the conditional certification stage.

## 2. Signet's "Policy" Does Not Violate the Law as Applied to the Collective.

As with the requisite showing of similarity, Plaintiff bears the burden of proffering "something beyond mere speculation" to establish "a factual nexus between the manner in which the employer's alleged policy affected [the plaintiff] and the manner in which it affected the proposed collective action members." Kim, 2023 WL 22157, at *2 (quoting Halle v. West Penn Allegheny Health Sys., Inc., 842 F.3d 215, 224 (3d Cir. 2016)).

Because Plaintiff proffers no evidence of any firsthand knowledge by any Signet employee other than his own declaration, Plaintiff must "live by the sword, die by the sword." The same principle applies *a fortiori* to Plaintiff's appeal to the Seventh Circuit—while the holding undoubtably favored Plaintiff, the reasoning destroyed his basis for conditional certification by subjecting the lawfulness of Signet's policy to "a fact-intensive inquiry" into its application to each Signet employee, starting with Luna Vanegas. Vanegas v. Signet Builders, Inc., 46 F.4th 636, 639 (7th Cir. 2022).

The current slate of Plaintiff's evidence regarding other potential opt-in claimants is a far cry from "fact-intensive." As mentioned, the success of Plaintiff's request for conditional certification hinges on the breadth and applicability of his evidence—i.e., his declaration and the Signet job orders. For purposes of this dispute, Signet concedes that the terms of H-2A job orders generally apply to most of the putative class during each corresponding year. Crucially, however, that concession merely opens the door to the relevant inquiry: whether "***both*** [Plaintiff] ***and*** the potential class members were victims of a common policy or plan that violated the law." Clements 2022 WL 4078151, at *4 (quotations omitted; emphasis added). And because Plaintiff has not educed facts as to *how* Signet's common policy *violated the law* as applied not only to himself but to *potential class members*, this inquiry also closes the door to conditional certification.

Under Plaintiff's current allegations and evidence, establishing "a factual nexus between the manner in which the employer's alleged policy affected [Plaintiff] and the manner in which it affected the proposed collective action members" cannot be resolved on a collective basis—at least not without substantial more fact-specific evidence regarding the prospective class. Kim., 2023 WL 22157, at *2.

This Court agrees: When establishing the applicability of an FLSA exemption "will require individualized factfinding about each employee's job responsibilities and the tasks," the plaintiff has "the burden to provide a viable method for determining liability." O'Bryan v. Pember Companies, Inc., No. 20-CV-664-JDP, 2022 WL 3153860, at *1 (W.D. Wis. Aug. 8, 2022). To obtain certification, that method cannot "require individualized, fact-based mini-trials for each potential class member." Id. (quoting Gorss Motels, Inc. v. Brigadoon Fitness, Inc., 29 F.4th 839, 846 (7th Cir. 2022)). Therein lies the catch-22 for Plaintiff's theory of certification: Under these circumstances, because the policy is not facially unlawful, the idea that the policy may be the same for all workers is not dispositive. The key is the *application* of that policy to each worker (or, at minimum, each job site), whether it was in fact applied to all workers in the exact same way, and to what extent the application to each worker was unlawful. Cf. Boelk v. AT&T Teleholdings, Inc., No. 12-cv-40-bbc, 2013 WL 239066 (W.D. Wis. Jan. 10, 2013) (denying certification because "[d]etermining whether a given employee suffered a meal break violation will depend largely on numerous highly fact-specific inquiries as to the reason why a technician worked during all or part of his meal break on a particular day").[6]

---

[6] Moreover, as applied to workers in states within the Eighth Circuit, Signet's policy could be found facially lawful. See Bills v. Cactus Fam. Farms, LLC. 5 F.4th 844, 849 (8th Cir. 2021) (finding an analogous policy to be lawful under the FLSA's secondary agricultural exemption).

Plaintiff bears the burden of proof on this issue, and he has not developed any evidence that would satisfy that burden. Although his declaration remains subject to dispute, Luna Vanegas admittedly addresses many, if not most, of the relevant inquiries—but he only speaks of himself. (Doc. 87). His declaration is bereft of any contentions regarding other employees. Indeed, given that Luna Vanegas has not worked at Signet since 2019, he has no firsthand knowledge regarding the working conditions of other employees—especially not other employees working at completely different job sites or in different states.

Contrary to Plaintiff's suggestions, not even the Seventh Circuit panel agreed that the policy itself is *facially* unlawful (such that it would result in all H-2A workers being similarly situated and subject to the same FLSA violation). In fact, Signet contends it was facially lawful because, among other things, it was expressly approved by the DOL; before this suit, there was no controversy that the FLSA's secondary agricultural exemption applied to Signet's H-2A workforce.[7] At minimum, however, the policy must be analyzed *as applied* to Luna Vanegas, and, for conditional certification purposes, as applied to members of the putative collective. And here, we are no longer at the motion to dismiss stage, so Plaintiff's unverified Complaint is not taken as true. See Salazar, 2008 WL 782803, at *6 ("All Plaintiffs offer to support their 'similarly situated' argument are contested allegations in the Complaint. By themselves, these contested allegations are insufficient to satisfy the minimal evidentiary burden for conditional certification."). Instead, Plaintiff's allegations of a "class-wide" policy violation must be "*supported by affidavits*." Id. (citations omitted).

_____

[7] The Eighth Circuit concluded a similar arrangement appropriately fell within the secondary agricultural exemption. Bills, 5 F.4th at 849 (concluding that load assessments were on-the-farm practices "incident to or in conjunction with such farming operations" because they "are an accepted part of modern pork production" even though "a farmer loading his own pigs may not have needed someone to conduct load assessments.").

### 3.   Putative Class Members Are Not Interested in Joining This Lawsuit.

As Signet pointed out in its April 7, 2021 Response to Plaintiff's first Motion for Conditional Certification, "Plaintiffs seek an order conditionally certifying a class of 529 individuals, yet they have shown that only 2 members of this putative class are actually interested in joining the suit." (Doc. 27, p. 11). Since then, the only number that has increased is the number of individuals that Plaintiff (improperly) seeks to include in the putative class (now expanded to include all H-2A workers, plus U.S. workers in corresponding employment, from January 2019 through 2023, instead of through 2021). But the number of employees with a demonstrated interest in joining the case remains the same: two.[8]

Despite averaging fewer than one opt-in per year since the commencement of this action, Plaintiff now requests court-ordered notice followed by a six-month opt-in period. That counterintuitive request should be denied, as should the rest of Plaintiff's Motion, because Plaintiff still has not shown that his proposed collective action is anything more than "merely speculative." O'Bryan, 2022 WL 3153860, at *6.

Given the demonstrable lack of interest from Plaintiff's potential collective, Plaintiff's action fails the numerosity requirement and should instead proceed under joinder. See O'Bryan, 2022 WL 3153860, at *6 (applying Rule 23 numerosity requirement to FLSA collective action); De Leon, 2017 WL 6375821, at *3 (same); Zettler v. Thurs Trucking, Inc., 18-cv-654-jdp, at *3 (W.D. Wis. Apr. 30, 2019) ("[T]his court has previously applied a numerosity requirement in FLSA collective actions."). See also Hadley v. Journal Broadcast Group, Inc., 2012 WL 523752,

---

[8] Moreover, since joining as an opt-in plaintiff, there has been only silence from opt-in plaintiff Garcia Gonzalez—no declarations, and no evidence that he ever shared working conditions with Luna Vanegas. Perhaps their primary similarity is that neither of them have worked for Defendant since 2019. (Doc 92-1, at 10). Despite this conspicuous silence, there is a motion for Garcia Gonzalez to be added as a party plaintiff.

*5 (E.D. Wis. Feb. 16, 2012) (observing that "a demonstrable lack of interest in a collective action is a strike against certification").

"A rule of thumb in the Seventh Circuit is that a proposed class of greater than 40 satisfies the numerosity requirement." O'Bryan, 2022 WL 3153860, at *5 (citing Anderson v. Weinert Enters., 986 F.3d 773, 777 (7th Cir. 2021)). At the same time, "a class of 40 or more does not guarantee numerosity." Id.

In this case, only two individuals (including Luna Vanegas) have opted in, and none in the past 24 months. Plaintiff does not explain why his recruitment efforts have proven futile. In any event, this lack of interest suggests that Plaintiff will fall well short of the 40-worker "rule of thumb" prerequisite to certification. See De Leon, 2017 WL 6375821, at *2 (recognizing that when "only three employees other than [the named plaintiff] have consented to join the FLSA claim," such "weak" interest in joining the action "suggest[s] that the actual number of class members may be significantly fewer than 20."). In fact, when properly limiting the collective to Wisconsin employees and accounting for the statute of limitations, the total number of potential opt-in plaintiffs shrinks to fewer than 30.[9]

The sheer lack of activity from even the current plaintiffs (Luna Vanegas and Garcia Gonzalez) coupled with the ongoing stagnancy of the collective do not supporting a conditional certification finding at this stage in litigation. Given the countervailing policy concerns, including "Congress's expressed concern for the financial burden [conditional certification] may impose," the Court should require Plaintiff to demonstrate a modicum of interest from putative opt-ins before ordering notice to any Signet employees. Adair, 2008 WL 4224360, at *4.

---

[9] See Exhibit A, Declaration of Natalie Farmer. In the last two years, Signet employed 23 H-2A workers in Wisconsin.

### 4.  Luna Vanegas Does Not Adequately Represent the Proposed Collective.

When a proposed class or collective action includes a defendant's current employees, the named plaintiffs and class representatives should be current employees. Sodekson v. E. Coast Rest. & Nightclubs, LLC, No. 4:15-CV-02711-RBH, 2016 WL 4613386, at *6 (D.S.C. Sept. 6, 2016) (denying conditional certification because the named plaintiff "was not an employee during the majority of the time frame of other potential plaintiffs she seeks to represent," reasoning that "it is difficult for this Court to accept that she is 'similarly situated' to the individuals she seeks to represent because her claim for damages is limited to such a short time period, and she no longer worked for Defendants during the relevant time period for the inclusion of the proposed class.").

Here, not only has Luna Vanegas not worked for Signet during the same time frame as the potential plaintiffs he seeks to represent, but he in fact would not even qualify for the putative collective had he not filed an opt-in notice over two years ago. See 29 C.F.R. § 790.21(b)(2) (describing the disparate statute of limitation period for named plaintiffs and subsequent opt-in plaintiffs). Notwithstanding Plaintiff's improper attempt to propose a collective covering a four-year period, the only individuals eligible to opt into this suit must have been employed by Signet during the past two (or, at most, three) years. Neither Luna Vanegas nor opt-in (and proposed party) Plaintiff Garcia Gonzalez worked for Signet during this time frame. (Doc. 92-1, at 10). Cf. Zelenika v. Commonwealth Edison Co., No. 09 C 2946, at *15 (N.D. Ill. July 23, 2012) ("Looking to the rules governing class actions for guidance, allowing the Named Plaintiffs to continue representing the Opt-In Plaintiffs on claims for which the Named Plaintiffs' statute of limitations has run would violate the typicality and adequacy of representation prerequisites, to say nothing of Article III standing.").

Under these circumstances, a named plaintiff must typically overcome this non-overlapping period of employment with class members by educing evidence that current employees labor under the same conditions that existed during his employment. See, e.g., Roberts v. Welding, 140 F. Supp. 3d 601, 609 (N.D. Tex. 2015) ("[W]ithout personal knowledge of Defendants' compensation policies after he left, Roberts cannot claim to be similarly situated to any individuals who did not work for Defendants during the time that Roberts did."). Despite bearing the burden of proof, Luna Vanegas and opt-in Plaintiff Garcia Gonzalez remain mum on this point, leaving this Court to speculate on the scope of their purported similarity with current Signet employees and, consequently, on the adequacy of their representation.

Lastly, the novel legal theories advanced by Plaintiff in this action present an additional and unique complexity to the adequacy of representation analysis. Because neither Plaintiff remains employed by Signet, and neither has signaled any intent to re-apply to work for Signet under the H-2A program, they do not have any "skin in the game." While any opt-in plaintiff may reasonably have an interest in obtaining monetary recovery from Signet, the path chosen by Luna Vanegas diverges from the interests of current Signet H-2A workers who must reckon with significant countervailing interests: Plaintiff's lawsuit puts the FLSA on a collision course with the H-2A visa program and endangers the ability of thousands of workers to benefit from that program. (Doc. 94-2, pp. 23, 41, 44). If, as Luna Vanegas asserts, his fellow workers do not qualify for the FLSA's Section 207(b)(12) agricultural exemption, they may be entitled to some backpay, but they may also lose qualification for the H-2A agricultural worker visa program altogether. Indeed, this potential outcome may be the best explanation for the near-complete lack of interest in joining this lawsuit by the putative class members.

To be sure, like any litigant, Plaintiff has the right to pursue any claims and legal theories that courts will accept. But when such claims endanger a route for lawful employment that has benefited numerous foreign guestworkers and U.S. farmers, Plaintiff—who is no longer an H-2A guestworker, at least not for Signet—does not adequately represent the interests of current H-2A agricultural workers who may not be so short-sighted.

### C.  Personal Jurisdiction Must Exist for the Claim of Each Opt-In.

Plaintiff, the master of his Complaint, could have brought this suit in Texas and had unbridled discretion to assert any cognizable claim by any joined or opted-in party against Signet. Although Signet is "at home" in Texas and thus subject to general personal jurisdiction in that state, filing suit against Signet in Wisconsin requires specific jurisdiction over the claims of any individual seeking to join the case, which "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty., 582 U.S. 255, 262 (2017) [hereinafter BMS] (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)).

Defendant readily admits that Luna Vanegas satisfies personal jurisdiction because he worked for Signet in Wisconsin and his claims stem from Signet's related contacts to Wisconsin. Not so, however, for any putative class member who never performed any work in Wisconsin for Signet. Because specific personal jurisdiction involves a claim-by-claim analysis, these proposed non-Wisconsin plaintiffs would need to bring their claims in the states where their alleged injuries arose or in Texas.

Since the parties originally briefed the conditional certification issue in early 2021, a majority view as to the application of BMS to FLSA collective actions has clearly emerged. In the intervening two years, the Third, Sixth, and Eighth Circuits have held that where general

jurisdiction over a defendant does not exist, the forum court must have specific personal jurisdiction over the claims of FLSA opt-in plaintiffs (i.e., such individuals must have worked for the defendant employer in the forum state). Fischer v. Fed. Express Corp., 42 F.4th 366 (3d Cir. 2022); Canaday v. Anthem Cos., 9 F.4th 392 (6th Cir. 2021); Vallone v. CJS Sols. Grp., LLC, 9 F.4th 861 (8th Cir. 2021).[10] By contrast, only one Circuit Court—the First Circuit—has disagreed, although on slightly different grounds. Waters v. Day & Zimmermann NPS, Inc., 23 F.4th 84 (1st Cir. 2022).[11]

Within the Seventh Circuit, authority is slim, but the trend favors uniformity; district courts have largely agreed with the majority view. See Parker v. IAS Logistics DFW, LLC, No. 20 C 5103, 2021 WL 4125106 (N.D. Ill. Sept. 9, 2021) (expressly ruling pursuant to the majority view); Iannotti v. Wood Grp. Mustang, 603 F. Supp. 3d 649, 656 (S.D. Ill. 2022) (declining to definitely rule on the issue but "observ[ing] that the analysis set forth by the Sixth and Eighth Circuits on this issue are more persuasive.").

One of the few courts within this Circuit to address these issues directly rejected one of Plaintiff's central theories involving the applicability of Rule 23 personal jurisdiction principles to FLSA collective actions. Although Plaintiff repeatedly cites to Mussat v. IQVIA, Inc., 953 F.3d 441 (7th Cir. 2020), that case did *not* involve an FLSA collective action. In fact, "the [Mussat]

---

[10] The Eighth Circuit's holding is particularly notable given that many of the putative class members worked for Signet in states within that Circuit. (Doc. 27, pp. 2-3). If this case had been filed in Iowa, for example, Signet's Wisconsin-based employees would not be permitted to join the collective. Moreover, Signet's overtime pay practices would be held lawful by all courts within the Eighth Circuit under Bills v. Cactus Fam. Farms, LLC, 5 F.4th 844 (8th Cir. 2021).

[11] The First Circuit actually ruled on slightly more nuanced predicate question: whether the Fourteenth Amendment and Rule 4(k) apply to opt-in FLSA plaintiffs who join a suit in federal court after the defendant is initially served. Regardless, the outlier First Circuit may soon reverse itself, as the only presently active First Circuit judge from the panel dissented and agreed with the reasoning of Third, Sixth, and Eighth Circuits.

court specifically distinguished the case before it from [BMS] on the ground that Rule 23 named

plaintiffs act in a representative capacity to unnamed class members and are therefore the only

parties relevant to the personal-jurisdiction analysis." Parker v. IAS Logistics DFW, LLC, No. 20

C 5103, 2021 WL 170788, at *3 (N.D. Ill. Jan. 19, 2021). Moreover, "simply because collective

and class actions may have similar standards for certification does not mean they are the same for

other purposes; as the Supreme Court has noted, Rule 23 actions are 'fundamentally different'

from collective actions under the FLSA." Id. (quoting Genesis Healthcare Corp. v. Symczyk, 569

U.S. 66, 74 (2013)).

To the extent this Court conditionally certifies a collective action, this Court should adhere

to the majority view, apply the Supreme Court's guidance from BMS, and hold that specific

personal jurisdiction must exist as to the claims of out-of-state opt-in plaintiffs.

Applying BMS to FLSA collective actions can be distilled into three logical steps. First,

when a federal statute, such as the FLSA, does not authorize nationwide service of process, the

scope of a court's personal jurisdiction is governed by the state's long-arm statute pursuant to Fed.

R. Civ. P. Rule 4, which, in most states, including Wisconsin, in turn imports the Fourteenth

Amendment's due process protections. Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97,

108 (1987); Vallone, 9 F.4th at 865 ("The Fair Labor Standards Act does not provide for

nationwide service of process, so we first look to the forum State's long-arm statute."); Glob.

Imaging Acquisitions Grp., LLC v. Rubenstein, 107 F. Supp. 3d 961, 963 (E.D. Wis. 2015) ("The

Wisconsin long-arm statute, governing service of process, has been interpreted to confer

jurisdiction to the limits of due process, and thus courts usually focus only on whether due process

authorizes personal jurisdiction[.]").

Second, "[p]ersonal jurisdiction must be determined on a claim-by-claim basis," <u>Vallone</u>, 9 F.4th at 865, and "[i]n order for a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy" <u>BMS</u>, 582 U.S. at 262 (cleaned up).

And third, critically, because unlike in Rule 23 class actions, each FLSA opt-in plaintiff is a real party in interest bringing his own claim, each of those claims must satisfy personal jurisdiction and thus must independently relate to the forum. <u>McNutt v. Swift Transportation Co.</u> <u>of Arizona, LLC</u>, No. C18-5668 BHS, 2020 WL 3819239, at *7 (W.D. Wash. July 7, 2020) (recognizing that "29 U.S.C. § 216(b) is a rule of joinder giving legal status to individual opt-in plaintiffs."); <u>Parker</u>, 2021 WL 170788, at *3 (recognizing that "the FLSA's express language refers to individuals who opt in as 'parties.'").

Taken together, these principles support the rule that "personal jurisdiction over the defendant must exist as to each opt-in." <u>Parker</u>, 2021 WL 4125106, at *3. Indeed, "it is difficult to come to a different conclusion given the language in [<u>BMS</u>], which is repeated twice in the opinion, to the effect that for each plaintiff, there must be an affiliation between the forum and the underlying controversy, principally, an activity or occurrence that takes place in the forum State." <u>Id.</u> (quotations omitted).

### D. The Proposed Notice Form and Process Are Improper and Flawed.

At the onset, Plaintiff devotes a substantial amount of his brief to hoping that the Supreme Court imminently decides the developing personal jurisdiction issues. The Supreme Court, however, actually recently declined to take up the matter. <u>Fischer v. Fed. Express Corp.</u>, No. 22-396, 2023 WL 2357330 (U.S. Mar. 6, 2023).

Thus, Plaintiff's "compelling reason" for requesting mass-distribution nationwide notices no longer applies. (Doc. 84, p. 23). Interestingly, much of Plaintiff's reasoning actually counsels

against preemptive issuance of notice. For instance, Plaintiff's send-first-ask-later approach would result in individuals *legally ineligible* for the collective receiving notice. Although the time period between conditional certification and final certification/decertification may allow the parties to develop additional *facts* relevant to the appropriate scope of the class, the same underlying policies do not apply to determinations of purely legal issues. With the latter, the outcome will depend on the parties' briefs and the Court's decision; nothing educed from additional opt-in plaintiffs would be relevant. Cf. Wynn, 2012 WL 386716, at *5 ("Sending court approved notice to individuals who are not members of a proposed class gives the impression that the court is seeking to stir up litigation and has abandoned judicial neutrality, an evil the Supreme Court explicitly warned against in Hoffman–La Roche."). Under an alternative timeline, "both the court and litigants would waste time and resources to notify and potentially overly large and diverse class." Id.

While Plaintiff contends, without citation, that rubber stamping his proposed nationwide (and time-barred) notice without considering personal jurisdiction "will in no way harm Defendant[,]" Defendant disagrees. And so do Wisconsin courts: "the Seventh Circuit has observed that a plaintiff's discovery demands upon conditional certification may impose 'a tremendous financial burden to the employer.'" Adair, 2008 WL 4224360, at *4 (quoting Woods, 686 F.2d at 581). Indeed, far from harmless, Plaintiff's plan would require that "discovery is expanded to class-wide policies and practices" instead of "limited to the experience of individual plaintiffs." Adair, 2008 WL 4224360, at *4. Similarly, managing the conditional certification process will certainly strain the Court's resources, including potential need for additional briefing on the specifics of the notice. Just as Plaintiff assumes his Motion to Amend the Complaint will be granted by conspicuously referring to "Defendant**s**" (plural) throughout his brief, Plaintiff improperly expects the Court to issue his notice with no scrutiny.

The reality is that Plaintiff has had more than two years to send however many notices he wants to all putative opt-in plaintiffs. See Anyere, 2010 WL 1542180, at *1 ("[A] a plaintiff in an FLSA collective action is not required to seek leave of the court prior to issuing notice of the lawsuit to prospective members."). Actually, Plaintiff's right to send his own notices represents one of the few aspects of a collective action where the Court's discretion has been curtailed. Id. ("The Seventh Circuit has determined that a district court may not prohibit a plaintiff from sending notice altogether."). Perhaps due to the divergent interests discussed above between Plaintiff and his proposed collective, or perhaps due to other reasons not addressed in his briefing, any efforts by Plaintiff efforts have fallen flat.

Finally, Plaintiff's suggested Form of Notice suffers from serious deficiencies and irregularities. In the event the Court grants conditional certification, Defendant would respectfully request the opportunity to submit supplemental briefing on that specific issue, including the methods of issuing notice. For now, Defendant objects to the Form of Notice and addresses some key problems with the Form:

- Plaintiffs' proposal to send notice three times—Text Message, posting in worker housing, and vague "alternative delivery services"—is intrusive, redundant, and risks the appearance of Court-endorsed pressure to join the suit. Wisconsin federal courts have previously utilized First Class Mail mailing as the method of distributing notice in FLSA collective actions involving migrant workers from Mexico. See Jimenez v. GLK Foods, LLC, 2013 WL 3936928, *6 (E.D. Wis. July 30, 2013).

- The "What are my choices?" section is unnecessary. The Notice itself already conveys to the putative opt-ins how to join if they choose to do so. Thus, this section is redundant. It is also confusing because it implies eligibility if the individual simply worked *generally*

for one of the Signet Defendants (and worked more than 40 hours) when Plaintiff has only

sought to include workers who have worked on "agricultural construction" projects.

- Defendant objects to sending notice via WhatsApp. See Loch v. Am. Family Mut. Ins. Co.,

  22-cv-213-jdp, at *8 (W.D. Wis. Mar. 3, 2023) ("The amount of personal information Loch

  seeks about the collective members goes beyond what this court has permitted in other

  cases. For example, the court has previously rejected requests for phone numbers and social

  security numbers, reasoning that such information is personal.").

- Plaintiffs' request to distribute notice by text messaging should be refused as ordered by

  other district courts in the Seventh Circuit. See Muir v. Guardian Heating and Cooling

  Services, Inc., 2017 WL 959028, *10 (N.D. Ill. March 13, 2017).

- Plaintiffs' proposed notice fails to advise potential plaintiffs of the realities of litigation,

  including that they may be required to testify at deposition and/or at trial. See Bitner v.

  Wyndham Vacation Resorts, Inc., 301 F.R.D. 354, 362 (W.D. Wis. 2014). Such missing

  information is essential to allow them to make an informed decision about whether to join.

- Likewise, the notice fails to advise recipients that costs may be assessed against them if

  Signet prevails. This information is essential to informed decision-making. See Bitner, 301

  F.R.D. at 362 (ordering that the notice advise potential plaintiffs that "a portion of the

  defendant's court costs and expenses [will be] assessed against you if you do not prevail

  on your claim."); see also Whitlock v. Sevier Cty., 2019 WL 2744195, at *1 *(E.D. Tenn.

  2019) ("Because Plaintiff's proposed notice does not include a warning regarding the

  possibility that they may be liable for Defendant's costs if this suit is unsuccessful, the

  Court rejects [it].").

26

- The request for a six-month notice period is excessive. In <u>Jimenez</u>, the plaintiff asserted the same arguments that Plaintiffs make here with regard to the alleged difficulties in disseminating notice to putative class members (migrant workers) living in Mexico. <u>Jimenez</u>, 2013 WL 3936928, at * 5. Despite such alleged difficulties, the <u>Jimenez</u> plaintiff requested a 4 week notice period. <u>Id.</u>  Here, Plaintiffs seek a notice period that is six times as long and that is well beyond the typical notice period. Accordingly, the notice period should be shortened to the 4-week period set forth in <u>Jimenez</u> or 60-days at the most. <u>See</u> <u>Witteman v. Wis. Bell, Inc.</u>, 2010 WL 446033, at *3 (W.D. Wis. Feb. 2, 2010) (finding a 60-day notice period to be appropriate).

- The "Consent to Join Form" section within the proposed notice suggests that recipients are eligible to opt-in if they worked for Signet "at any time after January 2019." The FLSA does not have a four-year statute of limitation. Any notice period should be limited to a 2-year period preceding the day it is issued.

Defendant respectfully reserves the right to further object to the details of the proposed notice and the methods of issuance, in the event the Court grants conditional certification.

## V.    CONCLUSION

For the foregoing reasons, the Court should deny with prejudice Plaintiff's Renewed Motion for Conditional Certification. If the Court allows conditional certification, the putative class should at most only include Wisconsin-based H-2A visa-holding workers of Signet who have worked for Signet since 2021.

Respectfully submitted this 27th day of March, 2023.

*/s/Joshua H. Viau*
Ann Margaret Pointer
*Admitted Pro Hac Vice*
GA Bar No. 592780
Edward N. Boehm, Jr.,
*Admitted Pro Hac Vice*
GA Bar No. 183411
Joshua H. Viau
*Admitted Pro Hac Vice*
GA Bar No. 378557
apointer@fisherphillips.com
tboehm@fisherphillips.com
jviau@fisherphillips.com

FISHER & PHILLIPS LLP
1230 Peachtree Street NE, Suite 3300
Atlanta, GA 30309
Tel:  404-231-1400
Fax:  404-240-4249

Counsel for Defendant

### CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2023, I electronically filed the foregoing ***Defendant's***

***Response in Opposition to Plaintiff's Renewed Motion to Conditionally Certify FLSA Collective***

***Action and for Issuance of Notice*** with the Clerk of Court using the ECF system, which will send

notice of the foregoing to counsel of record as follows:

> Jennifer J. Zimmermann
> Erica Sweitzer-Beckman
> Legal Action of Wisconsin
> 744 Williamson Street
> Suite #200
> Madison, WI 53703
>
> Lorraine A. Gaynor
> Iowa Legal Aid
> 1700 S. 1st Ave., Suite 10
> Iowa City, IA 52240
>
> Edward Tuddenham
> 42 Avenue Bosquet
> Paris, Ille de France
> 75007

> */s/Joshua H. Viau*
> Joshua H. Viau
> *Admitted Pro Hac Vice*
> GA Bar No. 378557
> jviau@fisherphillips.com

29

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSE AGEO LUNA VANEGAS,
on behalf of himself and all others similarly situated,

|  |  |  |
|---|---|---|
| | Plaintiff, | OPINION and ORDER |
| v. | | |
| | | 21-cv-54-jdp |
| SIGNET BUILDERS, INC., | | |
| | Defendant. | |

---

Plaintiff Jose Aego Luna Vanegas alleges that defendant Signet Builders, Inc., violated his rights under the Fair Labor Standards Act by failing to pay him overtime for construction work that he performed on farms. Two matters are before the court. First, Luna Vanegas asks to amend his complaint to add a new plaintiff and new claims and defendants. Dkt. 92. Second, Luna Vanegas has renewed his motion for conditional certification of an FLSA collective of Signet employees who worked on "agricultural construction projects." Dkt. 83. He also asks the court to approve notice to the collective. *Id.* Signet raises a host of objections to both motions.

The court will grant Luna Vanegas's motions. Luna Vanegas's amended complaint states plausible claims for relief, and he has made the modest showing necessary to conditionally certify the collective. Signet's arguments in opposition to the motions are based on affirmative defenses and disputed facts. These are premature; the issues Signet identifies will be resolved later in the litigation. The court will accept Luna Vanegas's amended complaint and conditionally certify the collective. Luna Vanegas's proposed notice will be approved, with adjustments to improve accuracy and clarity.

BACKGROUND

Plaintiff Jose Ageo Luna Vanegas filed this lawsuit in January 2021. Luna Vanegas is a citizen of Mexico. Vanegas alleged that between 2004 and 2019, he worked for Signet under an H-2A guestworker visa, which allows citizens of other countries to perform agricultural work in the United States on a temporary basis. Signet is a construction company that contracted to build "livestock confinement structures" on farms in Wisconsin, Iowa, Indiana, and other states. Dkt. 1, ¶ 16. Vanegas frequently worked more than 40 hours per week, but Signet did not pay him overtime wages. Vanegas contended that Signet's failure to pay him overtime violated his rights under the Fair Labor Standards Act (FLSA), which requires employers to pay workers at a rate of at least one and one-half times their regular rate of pay for each hour they work beyond 40 in a workweek. 29 U.S.C. § 207(a)(1). Vanegas moved for conditional certification of an FLSA collective of Signet workers who worked under a guestworker visa. Dkt. 15.

Signet moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Signet based its motion on the affirmative defense that Luna Vanegas's work, as described in the complaint, fell under the FLSA's exemption for "employee[s] employed in agriculture." 29 U.S.C. § 213(b)(12). The court agreed with Signet that Luna Vanegas's allegations showed that his work was incidental to the agricultural activity of raising livestock, so his work fell within the agricultural exemption. Dkt. 52. The court denied Luna Vanegas's motion for conditional certification of an FLSA collective as moot and dismissed the case.

Luna Vanegas successfully appealed. The court of appeals concluded that the allegations in the complaint did not conclusively establish that Luna Vanegas's work fell within the

agricultural exemption, so Signet was not entitled to dismissal on that ground at the pleading

stage. *Vanegas v. Signet Builders, Inc.*, 46 F.4th 636, 645 (7th Cir. 2022). Signet filed a petition

for rehearing and rehearing *en banc*, but the court of appeals denied the petition.

The case was remanded to this court in October 2022. Luna Vanegas has since filed two

motions: (1) a motion to amend his complaint to add a new plaintiff, new defendants, and new

claims; and (2) a renewed motion for conditional certification of an FLSA collective.

ANALYSIS

A.  **Motion to amend complaint**

Luna Vanegas asks to amend his complaint to: (1) add Jose Luis Garcia Gonzalez as a

named plaintiff; (2) allege that Signet's FLSA violations were willful; (3) add as defendants

three companies related to Signet, as well as the officers of those companies; and (4) add

state-law claims for breach of contract, quantum meruit, and unjust enrichment. Dkt. 92.[1]

Under Federal Rule of Civil Procedure 15(a), the court should freely grant leave to amend when

justice so requires. But the court may deny a proposed amendment if the moving party has

unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if

the proposed amendment is futile. *Campania Mgmt. Co. v. Rooks, Pitts* & *Poust*, 290 F.3d 843,

848–49 (7th Cir. 2002).

---

[1] Luna Vanegas has filed three motions related to amending his complaint: a motion for leave
to file an amended complaint, Dkt. 70; an amended motion to file an amended complaint,
Dkt. 80, and a motion to file a second amended complaint, Dkt. 92. Luna Vanegas states that
the most recent proposed complaint incorporates all of his proposed amendments and
supersedes his prior motions. Dkt. 92. The court will deny the prior motions, Dkt. 70 and Dkt.
80, as moot.

Signet has no objection to adding Garcia Gonzalez as a plaintiff. But it opposes the other proposed amendments on the ground that they are futile. In determining whether amendment is futile, the court considers the proposed amendment under the same standards governing a motion to dismiss for failure to state a claim under rule 12(b)(6). *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997). So the question is whether the facts alleged in the amended complaint state plausible claims for relief. *Taha v. Int'l Bhd. of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020).

### 1. Willful violations

Luna Vanegas alleges in his proposed amended complaint that defendants' violations of the FLSA's overtime provisions were willful. *See* Dkt. 92-1, ¶ 64. Whether defendants' violations were willful determines which statute of limitations applies to Luna Vanegas's FLSA claim: the default limitations period under the FLSA is two years, but willful violations are subject to a three-year statute of limitations. 29 U.S.C. § 255(a). An employer acts willfully when it knows or shows reckless disregard for whether its actions violated the FLSA. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

Luna Vanegas alleges in his amended complaint that "[d]efendants' violations of the FLSA's overtime provisions were willful" and that "[d]efendants showed reckless disregard as to whether its conduct was prohibited by the FLSA." Dkt. 92-1, ¶ 64. Although those allegations are conclusory, courts in this circuit have consistently held that FLSA plaintiffs do not need to plead specific facts to show that a defendant's violations were willful. *See, e.g., Divine v. Volunteers of Am. of Ill.*, 319 F. Supp. 3d 994, 1001 (N.D. Ill. 2018); *Kammer v. CET Inc.*, 2021 WL 2632441, at *2 (N.D. Ind. June 25, 2021). Plaintiffs are unlikely to know facts relevant to the defendant's state of mind prior to discovery. *See Ivery v. RMH Franchise Corp.*,

280 F. Supp. 3d 1121, 1135 (N.D. Ill. 2017). So at the pleading stage, "all that is required is a general allegation that the defendant's actions were willful." *Divine*, 319 F. Supp. 3d at 1001. Luna Vanegas's conclusory allegations are enough to allege a willful FLSA violation at this stage of the case.

Signet contends that it could not have acted recklessly because the Department of Labor certified that Luna Vanegas was performing "agricultural work" when it approved his H-2A guestworker visa. But that argument goes to the ultimate question of whether the alleged violations were willful, which cannot be resolved at the pleading stage. Whether an FLSA violation was willful is a determination normally reserved for the trier of fact. *See Bankston v. Illinois*, 60 F.3d 1249, 1253 (7th Cir. 1995) ("It is the jury's province to decide which limitations period, two or three years, applies in light of the plaintiffs' evidence that the defendants acted willfully."). The fact that Luna Vanegas received an agricultural visa will be relevant to determining whether defendants were reckless, but it isn't dispositive. The criteria for receiving an H-2A visa are broader than the FLSA agricultural exemption. *See Vanegas v. Signet Builders, Inc.*, 46 F.4th 636, 645 (7th Cir. 2022). And in any event, Luna Vanegas alleges that defendants mischaracterized the nature of his work on his visa applications. *See* Dkt. 92-1, ¶ 26. Whether the alleged violations were willful in light of those facts will be resolved later in the case.

### 2.  Claims against new corporate defendants

Luna Vanegas's initial complaint named as defendant only Signet Builders, Inc. Luna Vanegas seeks to add claims against three affiliated entities that managed the construction projects that Luna Vanegas worked on: Signet Construction, LLC, Signet Construction, Inc., and Northridge Construction, Inc. Luna Vanegas alleges that these companies has the same

corporate officers as Signet Builders and that all of Signet's companies "operate as a single entity." Dkt. 92-1, ¶ 11. Luna Vanegas states that he did not originally name the other Signet companies in his initial complaint because he was unaware that he worked for those entities in addition to Signet Builders, Inc.

Signet contends that Luna Vanegas's proposed claims are time-barred. Luna Vanegas last worked for Signet in December 2019. So even if a three-year statute of limitations applies to Luna Vanegas's claims, Signet argues, Luna Vanegas had to amend his complaint by December 2022 for his new claims to be timely. Luna Vanegas filed his proposed amended complaint in February 2023. Luna Vanegas contends that his claims are timely because they relate back to his initial complaint filed in January 2021 and because the statute of limitations should be equitably tolled to account for the year that the case was pending in the court of appeals.

Whether Luna Vanegas's new claims are timely cannot be resolved based on the facts in his complaint. Dismissal based on the statute of limitations is an affirmative defense, and plaintiffs are not required to plead facts to overcome affirmative defenses. *NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 299 (7th Cir. 2018). Accordingly, the court can dismiss a complaint as untimely only if the facts in the complaint establish an "impenetrable" statute of limitations defense. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). Put another way, whether Luna Vanegas's proposed amendment is futile turns on whether there is "a conceivable set of facts, consistent with the [proposed amended complaint], that would defeat a statute of limitations defense." *Sidney Hillman Health Ctr. Of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015).

Luna Vanegas's proposed amendment is not futile because it is conceivable that his new claims relate back to his initial complaint under Federal Rule of Civil Procedure 15(c). Rule 15(c)(1) provides that an amendment that "changes the party" against whom a claim is asserted relates back to the initial complaint if four conditions are met: (1) the claim arises out of the same facts as an existing claim; (2) the new party had notice of the initial claim within 90 days of when it was filed; (3) the new party would not be prejudiced; and (4) the new party knew, or should have known, that it would have been sued "but for a mistake concerning the proper party's identity." Rule 15(c) must be construed liberally. *Staren v. Am. Nat'l Bank & Tr. Co.*, 529 F.2d 1257, 1263 (7th Cir. 1976). Accordingly, courts in this circuit have allowed plaintiffs to use Rule 15(c) to add new parties without substituting an already named party. *See Brown v. SportsArt Am., Inc.*, 2012 WL 5304157, at *4 (N.D. Ill. Oct. 25, 2012); *Niewiedzial v. Wexford Health Sources, Inc.*, 2023 WL 3304703, at *3 (S.D. Ill. May 8, 2023); *see also Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 560 (7th Cir. 2011) (question is whether party knew that plaintiff "would have sued him instead or in addition to suing the named defendant").

A plaintiff does not have to show that his new claims satisfy Rule 15(c) to be allowed to add them to his complaint under Rule 15(a). *See Joseph*, 638 F.3d at 559. Instead, courts should allow the amendment and resolve the statute of limitations issue after the new defendants are in the case. *See id.* at 559–60. ("The judge should have allowed the amendment and then, believing that the amended complaint did not relate back, should have rendered judgment on the merits."). In this case, whether Rule 15(c) applies to Luna Vanegas's claims cannot be resolved based on the allegations in his amended complaint. The claims asserted against the new defendants are based on the same facts as in the initial complaint. But there is

no basis to determine whether the new defendants received notice of the original complaint within 90 days and whether the new defendants knew, or should have known, that Luna Vanegas would have sued them in addition to Signet Builders, Inc in the absence of mistake.

Signet contends that Luna Vanegas's decision to sue only Signet Builders, Inc. was not a "mistake" because he could have learned about the other entities if he had exercised due diligence. That argument goes to the reasonableness of Luna Vanegas's mistake, which is irrelevant to whether an amendment relates back under Rule 15(c). *See Krupski v. Costa Crociere S. p. A.,* 560 U.S. 538, 549 (2010). Instead, the question turns on whether the new defendants knew, or should have known, that Luna Vanegas would have sued them had he known of their existence. *Id.* It is conceivable that the new defendants knew, or should have known, that they would have been sued absent a mistake from Luna Vanegas, so Luna Vanegas may add them as defendants. Because the court is allowing Luna Vanegas to amend his complaint on the ground that the new claims may relate back under Rule 15(c), the court need not consider the merits of Luna Vanegas's argument based on equitable tolling at this time.

### 3.  Claims against individual corporate officers

Luna Vanegas also seeks to assert claims against three of Signet's corporate officers: Orville J. Schonefeld II (president), Natalie Farmer (vice president) and Rodney Schonefeld (chief financial officer). Signet contends that the proposed amendments are futile because (1) the claims against the individual officers are time-barred; and (2) Luna Vanegas's allegations do not suggest that defendants are individually liable under the FLSA. Signet's statute of limitations argument fails for the same reasons why it failed with respect to the corporate defendants: dismissal based on the statute of limitations is an affirmative defense,

and Luna Vanegas's complaint does not conclusively establish that the claims against the individual defendants are untimely.

As for whether Luna Vanegas has stated a claim against the individual defendants, the complaint alleges enough facts to suggest that they are liable for his claims. An individual can be liable for an FLSA violation if they are an "employer." 29 U.S.C. § 203(d). To determine whether an individual is an employer, courts consider (1) whether the individual has the power to hire and fire; (2) whether he supervises and controls employee work schedules or conditions; (3) whether he determines the rate and method of payment; and (4) whether he maintains employment records. *George v. Badger State Indus.*, 827 F. Supp. 584, 587 (W.D. Wis. 1993) (quoting *Bonnette v. California Health and Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)). Luna Vanegas alleges that the officers "assign[ed]" him to work for certain Signet entities and that they "ma[de] the determination to treat [him] as FLSA overtime exempt." Dkt. 92-1, ¶¶ 54, 55. Those allegations suggest that the officers controlled Luna Vanegas's work schedules and determined his rate of pay. Accepting those allegations as true, it is plausible that the officers were employers under the FLSA. Luna Vanegas may amend his complaint to add them as defendants.

### 4. State-law claims

Luna Vanegas's amended complaint adds a state-law claim for breach of contract. He alleges that his employment contract with Signet states that he will receive "the highest of the prevailing wage, [adverse effect wage rate], or federal or state minimum wage." Neither party explains what the "adverse effect wage rate," or AEWR, is: it appears to be the minimum wage applicable to employees performing work under an H-2A agricultural visa. *See* 20 C.F.R. § 655.122(l). The theory behind Luna Vanegas's breach of contract claim is that even though

he was classified as an H-2A agricultural worker, he was actually performing construction work and was entitled to the minimum wage applicable to H-2B non-agricultural workers. The minimum wage for construction workers under an H-2B visa is "much higher" than the AEWR. Dkt. 92-1, ¶ 69. So by paying Luna Vanegas only slightly above the AEWR, Signet breached its promise to pay Vanegas the highest of the prevailing wage, AEWR, or federal minimum wage.

Those allegations state a plausible claim for breach of contract. The allegations are straightforward: Luna Vanegas alleges that Signet agreed to pay Luna Vanegas the federal minimum wage, and it did not do so. Signet contends that this claim fails because nothing in the contract states that Luna Vanegas would receive the minimum wage of an H-2B worker. But as alleged, the parties *did* agree to pay Luna Vanegas the "federal minimum wage;" the dispute is over what the term "federal minimum wage" means. Luna Vanegas alleges that the provision entitled him to the minimum wage applicable to the work he actually performed. The reasonableness of that interpretation is another issue that cannot be resolved on the basis of the allegations in the complaint. The meaning of a given contract provision must be determined in light of the entire contract. *Folkman v. Quamme*, 2003 WI 116, ¶24, 264 Wis. 2d 617, 635, 665 N.W.2d 857, 866. Neither party submitted copies of Luna Vanegas's contracts, so the court cannot determine what "federal minimum wage" means in its proper context. Luna Vanegas's amended complaint alleges a plausible contract claim, so the proposed amendment is not futile.

Luna Vanegas also asserts quantum meruit and unjust enrichment claims in the alternative to his contract claim. Quantum meruit and unjust enrichment are "quasi-contractual" theories of relief grounded in equitable principles, and they can be invoked only

in the absence of an enforceable contract. *Carroll v. Stryker Corp.*, 658 F.3d 675, 682 (7th Cir. 2011). Signet contends that Luna Vanegas has pleaded himself out of court with respect to these claims because they conflict with his allegations that there was an enforceable contract governing the terms of Luna Vanegas's employment. But Luna Vanegas's allegations aren't contradictory. Luna Vanegas contends that if the wage offered in his work contract was less than the minimum wage, the wage term in the contract is illegal and void as against public policy. Under those circumstances, the formal contract would not be enforceable and Luna Vanegas could recover in equity. So he may add his quasi-contract claims to his lawsuit.

Although neither party raises this issue, Luna Vanegas's amended complaint does not expressly state that he seeks to bring his state-law claims in a representative capacity. Luna Vanegas's proposed FLSA collective would cover only his FLSA claims. If Luna Vanegas wishes to bring related state-law claims on behalf of other similarly situated Signet employees, he must move to certify a state-law class action under Federal Rule of Civil Procedure 23. *See Ervin v. OS Rest. Servs.*, 632 F.3d 971, 974 (7th Cir. 2011). Any motion to certify a Rule 23 class must be filed by the deadline to move for decertification of the FLSA collective.

**B.  Motion for conditional certification of an FLSA collective**

Luna Vanegas asks the court to conditionally certify an FLSA collective comprising "[a]ll U.S. and H-2A workers who worked on agricultural construction projects" for Signet at any time on or after January 2019. Dkt. 83. He also asks the court to approve his proposed notice to potential opt-in plaintiffs. Signet opposes the certification motion in its entirety. But it contends that if the court does grant the motion, the collective should be limited to employees who worked in Wisconsin because the court does not have personal jurisdiction over

claims based on alleged FLSA violations that took place in other states. Signet also objects to several aspects of Luna Vanegas's proposed notice.

### 1. Conditional certification

District courts in this circuit—and others across the county—have adopted a two-step approach to collective action certification. *Jirak v. Abbott Labs., Inc.*, 566 F. Supp. 2d 845, 847 (N.D. Ill. 2008). First, the plaintiff must "make a minimal showing that others in the potential class are similarly situated." *Mielke v. Laidlaw Transit, Inc.*, 313 F. Supp. 2d 759, 762 (N.D. Ill. 2004). This first step is a lenient test: it requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Jirak*, 566 F. Supp. 2d at 848 (quoting *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001)). Because "the similarly situated standard is a liberal one, it typically results in conditional certification of a representative class." *Rottman v. Old Second Bancorp, Inc.*, 735 F. Supp. 2d 988, 990 (N.D. Ill. 2010) (internal quotation marks omitted).

Second, after the parties have engaged in discovery and the opt-in process is complete, the court undertakes a more stringent analysis of the similarities among collective members. *Mielke*, 313 F. Supp. 2d at 762. At step two, the court considers whether "the plaintiffs are in fact similarly situated to those who have opted in." *Kelly v. Bluegreen Corp.*, 256 F.R.D. 626, 629 (W.D. Wis. 2009). If they are not, the court will decertify the collective.

On Luna Vanegas's motion for conditional certification, the court considers only whether he has made the modest factual showing required at step one. To determine whether Luna Vanegas has satisfied step one, the court evaluates the record before it, including the complaint and any evidence that has been submitted. *Sjoblom v. Charter Communs., LLC*, 571 F. Supp. 2d 961, 968 (W.D. Wis. 2008). The court does not reach the merits of the claim.

Rather, Luna Vanegas must demonstrate only that there is some factual nexus that connects them to other potential plaintiffs as victims of an unlawful practice. *Id.* at 967. Luna Vanegas must adduce evidence that the proposed collective action will "facilitate efficient resolution of common questions and common answers." *Foshinder-Bittorf v. SSM Health Care of Wis., Inc.,* 2013 WL 3287634, at *4 (W.D. Wis. Mar. 21, 2013).

Luna Vanegas has met his initial burden to show that the other members of the proposed collective are similarly situated, with one caveat. The record shows that Signet treated all H-2A visa holders who worked on agricultural construction projects as exempt from the FLSA. *See* Dkt. 85-2, at 10. Accordingly, it did not pay any of those employees overtime if they worked more than 40 hours in a work week. Luna Vanegas contends that this practice was unlawful because the work performed on those projects was not "agriculture" as the term is defined in the FLSA. Signet admitted in its answer to Luna Vanegas's initial complaint that all of Signet's H-2A workers performed the same or substantially similar construction job duties. *See* Dkt. 1, ¶ 24 (initial complaint); Dkt. 61, ¶ 24 (Signet's answer). So the question whether the work performed by H-2A workers on farms was "agriculture" under the FLSA may have a common answer for all of those workers.

The problem is that Luna Vanegas's proposed collective is overbroad. It includes all H-2A visa holders who worked on agricultural construction projects, as well as "[a]ll U.S. workers" who worked on those same projects. There were some U.S. citizens who performed the same work as H-2A visa holders, and Signet treated those domestic employees as exempt from the FLSA. Those workers are similarly situated to Luna Vanegas and the other H-2A workers. *See Altamirano-Santiago v. Better Produce, Inc.,* 2019 WL 3457325, at *3 (C.D. Cal. July 30, 2019) ("potential factual dissimilarities here, such as whether a farmworker was an H-2A

worker or domestic worker, do[] not defeat collective treatment"). However, there were also U.S. citizens who worked on those projects in other roles, including civil engineers, superintendents, and foremen. *See* Dkt. 97, ¶ 5. Luna Vanegas hasn't shown that those employees had similar responsibilities to H-2A workers or that all of them are hourly employees subject to the FLSA's overtime rules.

The task is to craft a collective definition that includes domestic workers who performed the same tasks as H-2A workers and who were not otherwise exempt from the FLSA because they were administrators, executives, or professionals. *See* 29 U.S.C. § 213(a)(1). As for the tasks H-2A workers performed, most of Signet's H-2A applications described their tasks as follows:

> On farms, measure and lay out livestock building. Excavate footings and level the earth to grade specifications. Tie rebar, position aluminum wall forms, and place concrete. Unload materials, layout lumber and steel, tin sheets, trusses, and other components for building livestock confinement structures. Build and erect walls and trusses. Lift tin sheets to roof and sheet walls, install doors and caulk structure. Install and repair feeders, feed tanks and help assemble feed lines: repair and install curtains and gates. Clean up job sites. Occasional use of forklift upon employer-provided certification. Must be able to lift and carry 50lbs/75yds.

*See* Dkt. 86-1. As for the administrative, executive, and professional exemptions, those exemptions apply if the worker is salaried; his work is primarily directly related to management of the business, management of other employees, or duties requiring specialized knowledge; and he is not a "manual laborer[]," among other things. *See* 29 CFR § 541.3. With that in mind, the court concludes that an appropriate collective definition would encompass all H-2A workers who worked on agricultural construction projects for Signet, as well as all hourly-paid,

non-managerial U.S. workers who provided manual labor on agricultural construction projects for Signet. The court will conditionally certify a collective with that definition.

Signet provides four arguments why the conditional certification motion should be denied, none of which is persuasive. First. it contends that Luna Vanegas's evidence is insufficient because he has not provided declarations from other Signet employees who worked at different building sites. But Luna Vanegas doesn't need to present his evidence in a specific form. Signet's responses to Luna Vanegas's complaint and interrogatories suggest that all members of the proposed collective performed similar work on similar types of projects, and that all of them were treated as exempt from the FLSA. That is enough to make the minimal showing required at step one. Whether the proposed collective members are, in fact, similarly situated will be determined at step two of the certification process.

Second, Signet contends that there is insufficient interest to warrant a collective action because only one additional plaintiff has joined the case so far. But the number of opt-in plaintiffs is irrelevant to determining whether a collective should be conditionally certified. It is unsurprising that there are not many opt-in plaintiffs at this point because Luna Vanegas has not sent out judicially-approved notice to the entire collective. This is another argument best saved for step two of the certification process. *See De Leon v. Grade A Constr., Inc.*, No. 16-cv-348-jdp, 2017 WL 6375821, at *2 (W.D. Wis. Dec. 13, 2017) (considering interest at the decertification stage).

Third, Signet contends that Luna Vanegas does not adequately represent the proposed collective because the collective includes employees who worked for Signet after Luna Vanegas stopped taking Signet jobs 2019. This argument fails. The record shows that Signet's current "agricultural construction" employees are performing the same sort of construction work that

he performed, and Signet has not changed its policy of treating those employees as exempt from the FLSA. Signet doesn't identify any changes to the terms or conditions of its agricultural construction jobs that it's made since Luna Vanegas left that make him differently situated than the rest of the collective.

Fourth, Signet says that conditional certification should be delayed pending resolution of its petition for a writ of certiorari with the United States Supreme Court challenging the Seventh Circuit's decision to let this case go forward. Signet argues that it would be a waste of resources to send notice to proposed collective members if the Court reverses the Seventh Circuit and dismisses the case. Signet provides no authority that delaying conditional certification is proper under these circumstances. The Seventh Circuit issued its mandate and remanded the case to this court in October 2022, more than four months before Luna Vanegas renewed his conditional certification motion. If Signet wished to stay the mandate pending the Supreme Court's disposition of its certiorari petition, it should have promptly sought that relief in the court of appeals.

In any event, Signet makes no showing that delaying certification would save resources in this case. It provides no argument why the Supreme Court is likely to grant the petition or that the court is likely to reverse the Seventh Circuit's decision. *See In re A.F. Moore & Assocs.*, 974 F.3d 836, 840 (7th Cir. 2020) (describing standard for staying court of appeals' mandate). This court will not delay conditional certification based on Signet's speculation that the Supreme Court may choose to take up the case.

## 2. Personal jurisdiction

Signet requests that if the court grants the conditional certification motion, the collective should be limited to employees who performed work in Wisconsin. Signet contends

that the court does not have personal jurisdiction over the claims of plaintiffs who performed work in other states. The court does not have general jurisdiction over claims against Signet because Signet is not a citizen of Wisconsin. As for specific jurisdiction, Signet contends that even though the case is styled as a collective action, the court would have jurisdiction over only claims that arose from Signet's contacts with Wisconsin.

Signet's argument is based on the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 264 (2017). That case concerned a mass-tort action brought in California state court. The mass-tort action included claims from plaintiffs who were not citizens of California and who were not harmed by Bristol-Myers in California. Bristol-Myers was not a California citizen, so the issue before the court was whether California had specific jurisdiction over the out-of-state plaintiffs' claims. The Court concluded that it did not, relying on the principle that specific jurisdiction requires a connection between the forum state and the plaintiff's claim. *Id.* Because the out-of-state plaintiffs were not harmed by Bristol-Myers' conduct in California, the California court did not have the authority to hear those plaintiffs' claims in the mass-tort action.

The Seventh Circuit recently concluded that the rule in *Bristol-Myers* does not apply to class actions based on violations of federal law that are brought under Federal Rule of Civil Procedure 23. *Mussat v. IQVIA, Inc.*, 953 F.3d 441, 446 (7th Cir. 2020). In that context, "the named representatives must be able to demonstrate either general or specific personal jurisdiction, but the unnamed class members are not required to do so." *Id.* at 447. However, the Seventh Circuit has not addressed whether *Bristol-Myers* applies to collective actions brought under the FLSA. The circuits that have reached the issue are split. The Third, Sixth, and Eighth Circuits have all concluded that *Bristol-Myers* applies to FLSA collective actions, so

17

the court must have personal jurisdiction over the claims of each opt-in plaintiff. *Canaday v. Anthem Cos.*, 9 F.4th 392 (6th Cir. 2021); *Fischer v. Fed. Express Corp.*, 42 F.4th 366 (3d Cir. 2022); *Vallone v. CJS Sols. Grp., LLC*, 9 F.4th 861 (8th Cir. 2021). The First Circuit reached the opposite result and concluded that only the named plaintiffs' FLSA claims needed to arise from the defendants' contacts with the forum state. *Waters v. Day & Zimmermann NPS, Inc.*, 23 F.4th 84 (1st Cir. 2022).

Signet and Luna Vanegas disagree about which circuits got it right. But the court declines to resolve the issue here. The purpose of conditional certification is to determine whether the proposed collective is similarly situated, not to decide whether it has jurisdiction over non-parties to the lawsuit. Defendants generally cannot preemptively prevent a plaintiff from joining a suit due to lack of jurisdiction. Accordingly, courts frequently reject challenges to conditional certification based on the court's jurisdiction over the claims of potential plaintiffs as premature. *See, e.g., Parker v. IAS Logistics DFW, LLC*, 2021 WL 170788, at *3 (N.D. Ill. Jan. 19, 2021); *Iannotti v. Wood Grp. Mustang*, 2021 WL 2805812, at *5 (S.D. Ill. July 6, 2021); *Warren v. MBI Energy Servs., Inc.*, 2020 WL 5640617, at *2 (D. Colo. 2020); (applying *Bristol-Myers* at certification stage "puts the proverbial cart before the horse"). This approach "is especially justified where . . . it is unclear whether any out-of-state opt-ins will even join the suit." *Knecht v. C & W Facility Servs.*, 534 F. Supp. 3d 870, 876 (S.D. Ohio 2021). And if the collective is decertified at step two, the disposition of any claims brought by plaintiffs who were not harmed in Wisconsin would be straightforward: those claims would be dismissed without prejudice to refiling them as individual suits in the proper forum. So Signet may renew its *Bristol-Myers* argument at the decertification stage if it wishes.

### 3. Notice

Luna Vanegas asks the court to approve his proposed notice to the collective and his proposed consent form, which are on the docket at Dkt. 86-3. Luna Vanegas also seeks: (1) permission to issue notice by email, phone calls, and WhatsApp text message; (2) permission to use "alternative delivery services" such as mailing the notice from regional locations within Mexico or holding public meetings in towns where collective members live; (3) an order requiring Signet to post the notice in the common areas of H-2A worker housing for the duration of the opt in period; (4) a 180-day notice period by which opt-in plaintiffs must respond; and (5) an order requiring Signet to produce the names, addresses, telephone numbers, e-mail addresses, and dates of employment for each putative collective member. Signet didn't oppose Luna Vanegas's request to order Signet to produce that information about the putative collective members, so the court will grant it.

As for the notice itself, district courts have discretion to craft and facilitate the notice and other communications that a named plaintiff sends to potential plaintiffs. *See Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 169 (1989). But "courts must be scrupulous to respect judicial neutrality and to avoid even the appearance of judicial endorsement of the merits of the action." *Jimenez v. GLK Foods LLC*, 2013 WL 3936928, at *4 (E.D. Wis. July 30, 2013) (internal quotation marks omitted.") Signet objects to the text of the proposed notice, to Luna Vanegas's proposed methods of distribution, and to the requested 180-day notice period.[2]

---

[2] Signet requests to have an opportunity to submit supplemental briefing on the issue of notice and states that it "reserves the right to further object" in the event the court grants conditional certification. Dkt. 96, at 26–27. Signet already had the opportunity to raise objections to Luna Vanegas's proposed notice in its brief. If Signet had additional objections, it should have raised them in its opposition brief. Any additional objections are forfeited.

### a. Text of the notice

Courts should refrain from altering an FLSA plaintiff's proposed notice unless the alteration is necessary to ensure that the notice is fair and accurate. *Heitmann v. City of Chicago*, 2004 WL 1718420, at *3 (N.D. Ill. July 30, 2004). Here, Luna Vanegas's notice and consent form must be altered to reflect the definition of the collective that the court has conditionally certified: all H-2A workers who worked on agricultural construction projects for Signet at any time on or after January 2019, as well as all hourly-paid, non-managerial U.S. workers who provided manual labor on agricultural construction projects for Signet.

Signet takes issue with three elements of the notice. First, Signet objects to the section titled "What are my choices?" That section informs recipients that they have the right to join the lawsuit if they believe they worked more than 40 hours in any work week while working for one of the Signet defendants, and that they have the right not to join the lawsuit if they do not want to or if they want to file their own lawsuit. Dkt. 86-3, at 3. Signet contends that the notice is redundant because the notice already explains how putative opt-ins may join the lawsuit. But it is useful to have language expressly informing putative opt-ins that they may choose to not join the lawsuit if they wish. Signet also contends that the section is confusing because it does not expressly limit eligibility to employees who performed agricultural construction work. Luna Vanegas does not object to adding "on farms" between the words "while working" and "for one or more of the Signet Defendants." That is an appropriate change, so Luna Vanegas's notice should be amended accordingly.

Second, Signet contends that the notice fails to inform potential plaintiffs of "the realities of litigation," including that they may be required to testify and that costs may be assessed against them if Signet prevails. "Parading a list of unpleasant consequences may chill

otherwise legitimate interest in joining this collective action." *Campeau v. Neuroscience, Inc.*, 86 F. Supp. 3d 912, 920 (W.D. Wis. 2015). Luna Vanegas's attorney will be responsible for informing all opt-in plaintiffs of the potential consequences of joining this suit, and Signet's objection does not require altering the notice.

Third, Signet objects to informing recipients that they are eligible to opt in if they worked for Signet "at any time after January 2019" because the FLSA's statute of limitations is only two years, not four. This argument is premature. Luna Vanegas has alleged a willful violation, which justifies providing notice to the putative collective on the basis of the potentially applicable three-year period. *See, e.g., Ivery*, 280 F. Supp. 3d at 1135; *Sylvester v. Wintrust Fin. Corp.*, 2013 WL 5433593, at *5 (N.D. Ill. Sep. 30, 2013). And Luna Vanegas contends that potential opt-ins are entitled to equitable tolling for the one year and 69 days that the case was on appeal. So it is plausible that employees who have not worked for Signet since January 2019 still have claims that fall within the statute of limitations. *Cf. Werner v. Waterstone Mortg. Corp.*, No. 17-cv-608-jdp, 2018 WL 813525, at *2 (W.D. Wis. Feb. 9, 2018) (refusing to approve notice to individuals "with no plausible basis for asserting that they have timely claims.") Issues related to the statute of limitations will be resolved at the decertification stage, at summary judgment, or at trial.

### b. Distributing the notice

Signet objects to Luna Vanegas's proposed methods of distributing notice. It contends that Luna Vanegas should be permitted to send notice only once and only via U.S. Mail. Luna Vanegas doesn't respond to Signet's arguments about to the number of notices that should be sent to each potential plaintiff. As for Signet's arguments about which distribution method to use, Luna Vanegas responds only to Signet's objections to the use of text messaging. He argues

that it is appropriate to send text messages because (1) mail service is unreliable in Mexico; (2) many potential plaintiffs are transient; (3) Signet itself used telephone calls and text messages to contact its employees in Mexico.

The court will allow Luna Vanegas to distribute notice by email and by text message. Courts commonly approve sending notice by email in FLSA cases. *Grosscup v. KPW Mgmt., Inc.*, 261 F. Supp. 3d 867, 880 (N.D. Ill. 2017) (collecting cases). Decisions approving notice by text message are somewhat rarer. But courts have allowed plaintiffs to disseminate notice through text message when the potential plaintiffs are transient, *see Campbell v. Marshall Int'l, LLC*, 623 F. Supp. 3d 927, 935 (N.D. Ill. 2022); the plaintiffs live in locations without reliable mail service, *see Balderas-Guevara v. Mity Mole, Inc.*, 2010 WL 472384, at *1 (M.D. Fla. Feb. 5, 2010); and text messaging was the primary method an employer used to keep in touch with the potential plaintiffs, *see Rosebar v. CSWS, LLC*, 2020 WL 43015, at *3 (N.D. Ill. Jan. 3, 2020). Luna Vanegas has adduced evidence that those circumstances are present here. Providing notice through text message is likely to be a viable and efficient means of communicating with this population of potential plaintiffs. Issuing notice through both email and text message will increase the probability that potential plaintiffs will learn about the lawsuit, but it is not enough to be bothersome or to give the appearance that the court endorses joining the suit.

### c.   Opt-in period

Luna Vanegas asks for a six-month opt-in period because the potential plaintiffs are transient and live abroad. In some other cases involving migrant workers, courts have allowed five- and six-month opt-in periods on those grounds. *See, e.g., Cardenas v. A.J. Piedimonte Agric. Dev., LLC*, 2018 WL 6177271, at *6 (W.D.N.Y. Nov. 26, 2018). Allowing Luna Vanegas to

provide notice by email and text message mitigates some of those concerns. Those methods transmit notice instantaneously and directly to the recipient. Potential plaintiffs will be able to receive those messages even if they are frequently traveling. But some additional time may be necessary to obtain accurate contact information for potential plaintiffs who reside abroad and may not have worked in the U.S. for several years. With that in mind, the court concludes that a 90-day notice period is appropriate. *See Woods v. Club Cabaret, Inc.*, 140 F. Supp. 3d 775, 784 (C.D. Ill. 2015) ("Courts routinely approve a 90-day opt-in period").

## ORDER

IT IS ORDERED that:

1. Plaintiff Jose Luna Vanegas's motion to amend the complaint, Dkt. 92, is GRANTED.

2. Plaintiff's renewed motion for conditional certification of an FLSA collective, Dkt. 83, is GRANTED in the manner described in this opinion.

3. The court conditionally certifies an FLSA collective with the following definition:

   > All H-2A workers who worked on agricultural construction projects for Signet Builders, Inc., Signet Construction, LLC, Signet Construction, Inc. and/or Northridge Construction, Inc. at any time on or after January 2019, as well as all hourly-paid, non-managerial U.S. workers who provided manual labor on agricultural construction projects for those companies at any time on or after January 2019.

4. Plaintiff is directed to amend the proposed collective notice and consent form, Dkt. 86-3, as discussed above. Plaintiffs must submit final versions to the court by August 16, 2023.

5. Defendants may have until August 23, 2023, to submit to plaintiffs a list of the names, addresses, telephone numbers, e-mail addresses, and dates of employment for each putative collective member. Plaintiffs must send notice by email and text message within one week of receiving the list.

6. Plaintiffs' motion to certify a state-law class action under Federal Rule of Civil Procedure 23 is due February 16, 2024.

Entered August 2, 2023.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| JOSE AGEO LUNA VANEGAS, On behalf of himself and all others similarly situated, | ) ) ) ) | CASE NO.: 3:21-cv-00054-jdp |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SIGNET BUILDERS, INC. | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S COMBINED PETITION TO CERTIFY INTERLOCUTORY APPEAL,**
**MOTION TO AMEND COURT ORDER, AND MOTION TO STAY PROCEEDINGS**

Defendant Signet Builders, Inc. ("Defendant" or "Signet") hereby submits this Combined Petition for Certification of Interlocutory Appeal, Motion to Amend Court Order, and Motion to Stay Proceedings Pending Appeal. Pursuant to 28 U.S.C. § 1292(b), Defendant respectfully requests that this Court amend its August 2, 2023 Order (Dkt. 107) (the "Order") to certify the issues for interlocutory appeal.

## I.    INTRODUCTION

Although this Court—as stated in the Order—declined to rule on whether their claims must independently satisfy constitutional personal jurisdiction standards, the consequence of deferring this decision is that hundreds of former and current Signet employees will receive notices with instructions on how to opt in and join this litigation. If the Court then decides that it lacks specific personal jurisdiction over claims by plaintiffs who worked outside of Wisconsin, more than 90% of these notices will have been sent to individuals who are legally ineligible to participate in the collective action.

Even in cases without this vast disparity, courts regularly certify conditional certification orders for interlocutory appeal. Indeed, the Supreme Court had no trouble acknowledging that a district court's order sending notice to putative  collective action members meets the statutory criteria for interlocutory appeal. See Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989) (acknowledging that an order that "authorized respondents to send to all employees who had not yet joined the suit a notice and a consent document, with a text and form approved by the court" appropriately "met the requirements for immediate appeal" under 28 U.S.C. § 1292(b)).

The parties and the Court would particularly benefit from an immediate appeal in this case because the Order involves the critical question of whether Bristol-Myers Squibb, 582 U.S. 255 (2017) applies to nationwide collective actions under the FLSA. This novel issue continues to percolate through the federal courts and has not yet been decided by the Seventh Circuit Court of Appeals.

On the predicate question of whether notice may be sent to out-of-state putative opt-in plaintiffs *before* adjudicating personal jurisdiction, this Court's Order represents a sharp departure from the orders of other district courts within the Seventh Circuit and across the country. In fact, since the Sixth Circuit's Canaday decision, it appears that this Court's procedural order of operations has not been followed by any other district court. These issues are ripe for appellate review, and Defendant respectfully asks the Court to amend its Order to allow such review.

## II.     THE DISPUTED LEGAL ISSUES SATISFY THE § 1292(B) CRITERIA

When a district court "shall be of the opinion" that its interlocutory order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the

litigation," the court should permit appeal of that order. 28 U.S.C. § 1292(b). To do so, "the district court may amend its order" to include a statement "granting permission" for the interlocutory appeal. Fed. R. App. P. 5(a)(3). Although frivolous petitions for interlocutory appeals should not be granted, "[i]t is equally important . . . to emphasize the duty of the district court and of [the Seventh Circuit] as well to allow an immediate appeal to be taken when the statutory criteria are met." Ahrenholz v. Bd. of Trustees of Univ. of Illinois, 219 F.3d 674, 677 (7th Cir. 2000). Here, this Court's Order satisfies each of the statutory criteria.

First, the Order involves a controlling question of law because it involves conditional certification of a nationwide collective action and issuance of notices to out-of-state employees. Adjudication of this purely legal issue does not require any factual development, and, in any event, the relevant underlying facts are not disputed.

Second, there is substantial ground for difference of opinion on whether a conditionally certified collective action may include out-of-state claims when the court may not have personal jurisdiction over those claims. Many courts within the Seventh Circuit have refused to issue opt-in notices to potential out-of-state plaintiffs without first addressing the threshold personal jurisdiction inquiry. The Courts of Appeal remain split[1] on the ultimate issue of whether the principles of Bristol-Myers Squibb apply to FLSA collective actions, and the Seventh Circuit has not yet decided the question.

---

[1] As Signet previously noted, three of the four circuit courts of appeal that have addressed this issue have held that conditional certifications of FLSA collective actions may only include "opt-in plaintiffs whose claims against the defendant arise from defendant's minimum contacts with the forum state." Dkt. 96, p. 3. As one district court observed, this is the "majority view among both circuit and district courts." Wilkerson v. Walgreens Specialty Pharmacy LLC, 2022 WL 15520004, *4 (D. Ariz. Oct. 27, 2022).

Finally, an immediate appeal of the Order would materially advance termination of the litigation because allowing out-of-state employees to acquire party plaintiff status through opt-in notices would dramatically expand the scope of discovery and the potential damages recoverable from Defendants. As courts have consistently recognized, the realities of modern collective action litigation make the certification decision de facto dispositive. When a lawsuit transforms from a single plaintiff to a class or collective action, even a defendant with meritorious defenses may face "intense pressure to settle." Matter of Rhone-Poulenc Rorer Inc., 51 F.3d 1293, 1298 (7th Cir. 1995). And "[i]f they settle, the class certification—the ruling that will have forced them to settle—will never be reviewed." Id.

In any event, appellate guidance on these uniquely unresolved personal jurisdiction issues would allow the parties and this Court to proceed to the merits under a clean procedural posture and with clear expectations regarding the appropriate scope of discovery.

### A.  The Order involves a controlling question of law.

Consistent with Section 1292(b), the Seventh Circuit accepts interlocutory appeals when "the certified question is a purely legal one." Boone v. Illinois Dep't of Corr., 71 F.4th 622, 625 (7th Cir. 2023). Purely legal questions involve "the interpretation, and not merely the application, of a legal standard." Id. (quoting In re Text Messaging Antitrust Litig., 630 F.3d 622, 625 (7th Cir. 2010)). When the relevant issues include "something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case." Ahrenholz, 219 F.3d at 677.

Here, Signet seeks to appeal three interconnected issues: 1) the appropriate procedures and timing related to a personal jurisdiction challenge at the conditional certification stage of an FLSA action; 2) whether a court may order notice sent to potential plaintiffs who may be legally ineligible

to opt-in to the action; and 3) the scope of personal jurisdiction under Rule 4 and the Constitution's Due Process Clause in the context of nationwide FLSA collective actions. As evidenced from this Court's discussion of these issues, (Dkt. 107, pp.16-18), the analysis depends on the interpretation of relevant legal authority, not on citations to the record or resolution of disputed facts. See Ahrenholz, 219 F.3d at 676 (recognizing that interlocutory appeal is appropriate for questions involving "the meaning of a statutory or constitutional provision, regulation, or common law doctrine.").

Indeed, "[t]he majority of district courts" assess the application of Bristol Myers Squibb to FLSA collective actions "either at the motion to dismiss stage or on a motion for conditional certification." Iannotti v. Wood Grp. Mustang, No. 20-CV-958-DWD, 2021 WL 2805812, at *4 (S.D. Ill. July 6, 2021). Motions to dismiss require the court to accept the plaintiff's version of facts. Similarly, here, this Court granted Plaintiff's Motion for Conditional Certification largely based on the pleadings. See Dkt. 107, p. 15 ("Signet's responses to Luna Vanegas's complaint and interrogatories . . . . That is enough to make the minimal showing required at step one."). Resolution of these pre-discovery motions does not require extensive factual development. Compare Equal Emp. Opportunity Comm'n v. Wal-Mart Stores, Inc., No. 17-CV-739-JDP, 2019 WL 1199396, at *2 (W.D. Wis. Mar. 14, 2019) (denying motion for interlocutory appeal of a summary judgment order because "the factual record of this case is not yet fully developed so it does not make much sense to take an appeal of the legal point now"). Accordingly, the Order involves pure questions of law that are ripe for appellate review.

Questions of law are "controlling" when they are "quite likely to affect the future course of the litigation." Boone, 71 F.4th at 625. Here, a conditionally certified collective action inclusive of out-of-state plaintiffs would materially expand the scope of discovery, potential damages, and

the costs of litigation. Indeed, "the Seventh Circuit has observed that a plaintiff's discovery demands upon conditional certification may impose 'a tremendous financial burden to the employer.'" Adair v. Wisconsin Bell, Inc., No. 08-C-280, 2008 WL 4224360, at *4 (E.D. Wis. Sept. 11, 2008) (quoting Woods v. New York Life Ins. Co., 686 F.2d 578, 581 (7th Cir. 1982)). The impact of this Court's Order cannot be understated: the inclusion of out-of-state plaintiffs increases the size of the conditionally certified collective from fewer than 30 to up to 600 potential opt-in plaintiffs. See Dkt. 96-1, Declaration of Natalie Farmer (noting that, in the last two years, Signet employed 23 H-2A workers in Wisconsin).

The Court's Order also allows Plaintiff to amend his Complaint and add new parties to encompass out-of-state employees who worked for related Signet companies. Plaintiff also adds entirely new state law causes of action, which he may seek to assert as part of a Rule 23 class action. This Court has not yet resolved how those causes of actions would be handled with respect to opt-in plaintiffs from other states. See Ervin v. OS Rest. Servs., Inc., 632 F.3d 971, 974 (7th Cir. 2011) (discussing the complexities related to plaintiffs asserting a Rule 23 state-law class action in a proceeding that also includes a collective action brought under the FLSA).[2]

Among other things, including out-of-state plaintiffs will certainly impact the numerosity prerequisite to Rule 23 class actions; a potential class of 20-30 plaintiffs may not satisfy the threshold. See Zettler v. Thurs Trucking, Inc., 18-cv-654-jdp, at *3 (W.D. Wis. Apr. 30, 2019)

---

[2] Although decided prior to the Supreme Court's decision in Bristol-Myers Squibb Co. v. Superior Court, 582 U.S. 255 (2017), the Ervin decision by the Seventh Circuit also addressed the issue of whether an FLSA action allows a district court to assert supplemental jurisdiction over state law claims. In doing so, the court appropriately recognized that jurisdictional questions should be decided at the motion for conditional certification stage. The Ervin decision was an appeal from the district court's order on plaintiffs' motions for both class certification (under Rule 23) and conditional certification (under the FLSA). See Ervin v. OS Rest. Servs., Inc., No. 08 C 1091, 2009 WL 1904544 (N.D. Ill. July 1, 2009), rev'd, 632 F.3d 971 (7th Cir. 2011).

(denying motion for conditional FLSA certification upon ruling that a class of 18 eligible opt-in plaintiffs was "far fewer than necessary to satisfy the numerosity requirement"). By ordering briefing on Rule 23 class certification without deciding the threshold personal jurisdiction issue, this Court would need to issue orders that could be largely moot at the decertification stage. The parties would engage in potentially futile motion practice and discovery over the claims of hundreds of plaintiffs that could ultimately be dismissed.

Distributing notice to employees outside of Wisconsin will affect not only this litigation but could also stir up litigation in other states. The Court's Order recognizes that "if the collective is decertified at step two, the disposition of any claims brought by plaintiffs who were not harmed in Wisconsin would be straightforward: those claims would be dismissed without prejudice to refiling them as individual suits in the proper forum." Dkt. 107, p. 18. Although the disposition of such claims in this case may be straightforward, the likelihood of "individual suits in the proper forum" would increase exponentially after Plaintiff's attorneys have the opportunity to use the Court-approved notice process to solicit those claims. Even if this Court ultimately dismisses those claims, Plaintiff's counsel would know the identities and contact information of hundreds of potential plaintiffs across multiple states, and those plaintiffs would have already been advised regarding their potential claims against Signet. The Supreme Court has expressly cautioned against this scenario:

> Court intervention in the notice process for case management purposes is distinguishable in form and function from the solicitation of claims. In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action.

Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 174 (1989).

Because sending notice to out-of-state employees will greatly affect the outcome of this current litigation and potentially result in other actions against Signet, and because these issues present straightforward legal questions, granting interlocutory review is appropriate.

**B.  The Order involves a question of law as to which there is substantial ground for difference of opinion.**

As discussed in the Order, the circuits remain split on the applicability of <u>Bristol-Myers Squibb</u>'s personal jurisdiction holding in the FLSA collective action context. Although the Court "decline[d] to resolve the issue," the Order nonetheless granted conditional certification of a collective action that includes opt-in plaintiffs who may not ultimately have cognizable claims against Signet in this case. Substantial ground for difference of opinion exists regarding whether an FLSA collective may be conditionally certified to include such plaintiffs.

When courts "reject challenges to conditional certification based on the court's jurisdiction over the claims of potential plaintiffs as premature," (Dkt. 107, p. 18), they do so by limiting the conditionally certified collective action to include only in-state potential plaintiffs. The cases cited in the Order reflect this reality:

- In <u>Parker v. IAS Logistics DFW, LLC</u>, an out-of-state plaintiff had filed an opt-in notice prior to conditional certification. No. 20 C 5103, 2021 WL 170788 (N.D. Ill. Jan. 19, 2021). The defendant responded with an immediate motion to dismiss. In light of this procedural posture, and because the case was still in its earliest stage, the court "conclude[d] that the personal-jurisdiction analysis should take place after a ruling on the motion for conditional certification." <u>Id.</u> at *4. In other words, unlike here, the motion for conditional certification had not yet been ruled upon. Notably, at the time of this order by the <u>Parker</u> court, in January 2021, no Circuit Court had decided the issue. A few months later, with the benefit of more persuasive authority, the same court

**stayed the issuance of notice** (Case No. 20 C 5103, Dkt. 62, Minute Entry) while allowing the parties to brief the issue. The Court ultimately held that "personal jurisdiction over the defendant must exist as to each opt-in." <u>Parker v. IAS Logistics DFW, LLC</u>, No. 20 C 5103, 2021 WL 4125106, at *3 (N.D. Ill. Sept. 9, 2021).

- In <u>Iannotti v. Wood Grp. Mustang</u>, the defendant brought a motion to dismiss after the named plaintiff filed the complaint and before any notices were sent; the court "declined to consider this issue prior to conditional certification." No. 20-CV-958-DWD, 2021 WL 2805812, at *4 (S.D. Ill. July 6, 2021). When the court ultimately granted plaintiff's motion for conditional certification, it explained how it "**will provisionally limit notice to Illinois employees**, while reserving ruling on the issue of personal jurisdiction for potential out-of-state opt-in plaintiffs." <u>Iannotti v. Wood Grp. Mustang</u>, 603 F. Supp. 3d 649, 652 (S.D. Ill. 2022) (emphasis added).

These crucial distinctions represent a substantial difference in opinion between the ruling of this Court and its sister courts.[3] But this Court's Order also differs from the Seventh Circuit's opinion in <u>Bigger v. Facebook, Inc.</u>, 947 F.3d 1043 (7th Cir. 2020). There, on interlocutory appeal from an FLSA conditional certification order, the court held "that a court may not authorize notice to individuals whom the court has been shown entered mutual arbitration agreements waiving their right to join the action." <u>Id.</u> at 1050. Because they are legally ineligible to opt-in to the action, "sending notice to those individuals may at least appear to predominantly inflate settlement pressure instead of inform employees of an action in which they can resolve common issues." <u>Id.</u>

---

[3] The third case cited in the Order for this contention, <u>Warren v. MBI Energy Servs., Inc.</u>, 2020 WL 5640617, at *2 (D. Colo. 2020), was decided three years ago—when the need for specific personal jurisdiction over claims of FLSA opt-in plaintiffs was the subject of theoretical law review articles, not Court of Appeals decisions.

The court went on to explain how sending notice to individuals over whose claims there would be no jurisdiction (there, because of arbitration agreements; here, because of personal jurisdiction) "will appear to facilitate abuse of the collective-action device and thus place a judicial thumb on the plaintiff's side of the case." Id. See also Booth v. Appstack, Inc., No. C13-1533JLR, at *31 (W.D. Wash. Mar. 29, 2015) ("As such, courts consistently decline to certify class definitions that encompass members who are not entitled to bring suit under the applicable substantive law.").

In Circuits where the Bristol-Myers Squibb issue has been resolved and has been held to apply to FLSA collective actions, courts never authorize notice to individuals over whose claims they could not assert personal jurisdiction. As one court explained: "[employees] who worked for Amtel outside of Ohio are situated differently than Ohio-based [employees] for a simple reason: this court lacks the specific jurisdiction over the claims of [employees] who did not work for Amtel in Ohio." Hafley v. Amtel, LLC, 1:21-cv-203, at *12 (S.D. Ohio Mar. 18, 2022). This reasoning cannot be reconciled with this Court's holding that "Luna Vanegas has met his initial burden to show that the other members of the proposed collective are similarly situated" while simultaneously declining to rule on personal jurisdiction; Luna Vanegas cannot be similarly situated with H-2A workers who worked for Signet outside of Wisconsin if the Court does not have jurisdiction over those non-Wisconsin workers' claims.

Similarly, district courts in other Circuits have recognized that this issue is inextricably part of its threshold duty to determine the scope of any conditionally certified collective. As one district court put it, "in order for the Court to determine to whom the plaintiff can appropriately send notice, it must **necessarily decide** whether notifying out-of-state plaintiffs would be appropriate." Roberts v. Sidwell Air Freight Inc., C21-5912 BHS, at *9 (W.D. Wash. Nov. 15, 2022) (emphasis added) (expressly deciding the personal jurisdiction question at the conditional

certification stage). It appears that the only cases—other than this one—where the collective action was conditionally certified to include out-of-state claims without deciding Bristol-Myers Squibb personal jurisdiction issue first were decided before issuance of any of the relevant Circuit Court decisions on the issue, or before Bristol-Myers Squibb itself. Once courts realized that the issue was contestable, they either resolved it at the time of conditional certification, or they reserved the issue by limiting the conditional certification to a collective of in-state individuals.

### C. Appellate review of these issues promises to speed up the litigation.

The Seventh Circuit recently reaffirmed that resolving a question of law on interlocutory review "promises to speed up the litigation" when an appellate decision "would narrow the issues moving forward." Boone, 71 F.4th at 625. The court explained that defendants appropriately sought interlocutory review under Section 1292(b) because "they do not want to spend the time and money necessary to defend a law that, in their view, caused no harm to the plaintiffs." Id. at 626. Similarly, here, Signet does not want to expend attorneys' fees and this Court's resources to defend against potential opt-in claims that cannot be remedied in this forum. Because the Court's Order involves at least one controlling issue, appellate review could "head off protracted, costly litigation." Ahrenholz, 219 F.3d at 677 (citing United Airlines, Inc. v. Mesa Airlines, Inc., 219 F.3d 605 (7th Cir. 2000)).

Consistent with these principles, the Third, Sixth, and First Circuits all decided the Bristol-Myers Squibb personal jurisdiction issue on interlocutory appeal from the district court. Fischer v. Fed. Express Corp., 42 F.4th 366, 370 (3d Cir. 2022) ("We granted Appellants' petition for interlocutory appeal to resolve whether, in an FLSA collective action in federal court where the court lacks general personal jurisdiction over the defendant, all opt-in plaintiffs must establish specific personal jurisdiction over the defendant with respect to their individual claims."); Canaday

11

v. The Anthem Cos., 9 F.4th 392, 395 (6th Cir. 2021) ("Canaday sought to certify this order for interlocutory appeal. See 28 U.S.C. § 1292(b). The district court granted Canaday her request, and so did we."); Waters v. Day & Zimmermann NPS, Inc., 23 F.4th 84, 86–87 (1st Cir. 2021) ("On this interlocutory appeal, we now affirm the district court's denial of D&Z's motion").

The size and scope of the conditionally certified collective action will directly affect how discovery proceeds in this case. Consequently, "this issue should be resolved earlier rather than later." Loch v. Am. Family Mut. Ins. Co., 22-cv-213-jdp, at *6 n.4 (W.D. Wis. Mar. 3, 2023). The promise that appellate review will expedite litigation is not hypothetical—based on the outcome of the appeal, the parties will either exchange discovery on Signet's 23 Wisconsin H-2A workers or on Signet's 500+ H-2A workers nationwide.

Waiting until decertification or a final judgment to resolve the issue will effectively result in denying Signet's right to appellate review altogether—by that time, Signet will have already been forced to expend tremendous resources and fees on discovery and motions practice. Moreover, sending notice to a nationwide collective under these circumstances "may become indistinguishable from the solicitation of claims." Bigger, 947 F.3d at 1049. Indeed, the Seventh Circuit has recognized that "expanding the litigation with additional plaintiffs increases pressure to settle, no matter the action's merits." Id. Said differently, the bell cannot be un-rung at that late point. Signet should not be forced to face this pressure for months while controlling issues of law remain uncertain.

## III.     THE COURT SHOULD AMEND ITS AUGUST 2 ORDER

"[T]he statute provides that when a district court enters 'an order not otherwise appealable' and concludes that it meets the statutory standards for interlocutory appeal, it 'shall so state in writing in such order.'" Groves v. United States, 941 F.3d 315, 324 (7th Cir. 2019) (quoting

28 U.S.C. § 1292(b)). Consistent with Federal Rule of Appellate Procedure 5(a)(3), this statement

may "be added by amendment" to the original order. Id. The district court may amend an order to

add a Section 1292(b) certification at any time. Buckley v. Fitzsimmons, 919 F.2d 1230, 1239 (7th

Cir. 1990), vacated on other grounds, 502 U.S. 801 (1991).

In light of the above authorities, if this Court agrees that the statutory criteria have been

met, it "shall so state" by an amendment to its August 2 Order.[4]

## IV.   A STAY OF PROCEEDINGS IS APPROPRIATE AND NECESSARY

"A right to interlocutory appeal of the arbitrability issue without an automatic stay of the

district court proceedings is therefore like a lock without a key, a bat without a ball, a computer

without a keyboard—in other words, not especially sensible." Coinbase, Inc. v. Bielski, 143 S. Ct.

1915, 1921 (2023). Like the arbitrability issue in Bielski, the personal jurisdiction issue here is

dispositive on whether this Court is the proper forum for non-Wisconsin individuals to assert any

claims they may wish to assert. Indeed, as the Supreme Court explained two months ago, this rule

applies to any interlocutory appeal unless Congress has said otherwise:

> When Congress wants to authorize an interlocutory appeal and to automatically
> stay the district court proceedings during that appeal, Congress need not say
> anything about a stay. At least absent contrary indications, the background *Griggs*
> principle already requires an automatic stay of district court proceedings that relate
> to any aspect of the case involved in the appeal.

Id.

---

[4] Alternatively, the Court could construe this Motion as a Motion for Reconsideration, and Signet would welcome an amended order that readdresses and appropriately resolves these issues in the first instance, without the need for interlocutory appellate review. Even if the Court continues to agree that Plaintiff has met the standard for conditional certification, the Order could be amended to limit the collective to qualifying individuals who worked for Signed in Wisconsin, while still reserving the issue of personal jurisdiction. The Court could also opine on the merits of the personal jurisdiction question before certifying the Order for interlocutory review.

Moreover, here, certifying an interlocutory appeal would have little practical effect without a corresponding stay. See, e.g., Waters, 23 F.4th at 88 ("The district court has stayed the proceedings below pending our resolution of D&Z's interlocutory appeal [on the Bristol-Myers Squibb FLSA personal jurisdiction issue]").

Many, if not all, of the "danger[s]" that the Seventh Circuit warned about in Bigger can only be avoided through a stay of the proceedings. Most importantly, if the Seventh Circuit holds that "certain individuals may not join the action" because their claims cannot be used to assert specific personal jurisdiction over Signet in a Wisconsin court, then "the notice may serve only to prompt futile attempts at joinder or the assertion of claims outside the collective proceeding." Bigger, 947 F.3d at 1049. At minimum, the Court should stay any discovery related to out-of-state workers, Signet's obligation to provide to Plaintiffs the contact information for out-of-state workers, and the issuance of notice to such individuals.

## V.    CONCLUSION

For the foregoing reasons, the Court should certify an interlocutory appeal from the August 2 Order granting Plaintiff's Motion for Conditional Certification. Defendant respectfully requests that the Court effectuate the appeal by amending the Order to add the necessary findings and by staying the district court proceedings pending the Seventh's Circuit's disposition of the appeal.

Respectfully submitted this 10th day of August, 2023.

/s/Joshua H. Viau
Ann Margaret Pointer
*Admitted Pro Hac Vice*
GA Bar No. 592780
Edward N. Boehm, Jr.,
*Admitted Pro Hac Vice*
GA Bar No. 183411
Joshua H. Viau
*Admitted Pro Hac Vice*

14

GA Bar No. 378557
apointer@fisherphillips.com
tboehm@fisherphillips.com
jviau@fisherphillips.com

FISHER & PHILLIPS LLP
1230 Peachtree Street NE, Suite 3300
Atlanta, GA 30309
Tel:  404-231-1400
Fax:  404-240-4249

Counsel for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2023, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notice of the foregoing to counsel of record as follows:

Jennifer J. Zimmermann
Erica Sweitzer-Beckman
Legal Action of Wisconsin
744 Williamson Street
Suite #200
Madison, WI 53703

Lorraine A. Gaynor
Iowa Legal Aid
1700 S. 1st Ave., Suite 10
Iowa City, IA 52240

Edward Tuddenham
42 Avenue Bosquet
Paris, Ille de France
75007

*/s/Joshua H. Viau*
Joshua H. Viau
*Admitted Pro Hac Vice*
GA Bar No. 378557
jviau@fisherphillips.com

16

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSE AGEO LUNA VANEGAS,
on behalf of himself and all others similarly situated,

|  |  |  |
|---|---|---|
| | Plaintiff, | OPINION and ORDER |
| v. | | |
| | | 21-cv-54-jdp |
| SIGNET BUILDERS, INC., | | |
| | Defendant. | |

---

This collective action under Fair Labor Standards Act already has a complicated procedural history, most of which the court can skip. The issue of the day concerns whether the principles of personal jurisdiction set out in *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255 (2017), for state-law mass torts should be extended to FLSA collective actions.

Plaintiff Luna Vanegas seeks to represent a collective of mostly non-U.S. citizens who worked under H-2A guestworker visas for defendant Signet Builders, Inc., a citizen of Texas. The proposed collective has about 30 potential members who worked in Wisconsin and almost 600 who did their work in other states. Vanegas did his work in Wisconsin, so the court has specific jurisdiction over Signet for the claims of Vanegas, the only named plaintiff. The court conditionally certified the proposed collective, which would allow plaintiff's counsel to send notice to all the potential members of the collective and open discovery. Dkt. 107. In the certification decision, the court declined to decide the *Bristol-Myers Squibb* jurisdictional issue: whether the court could exercise personal jurisdiction over Signet to decide the claims of workers with no connection to Wisconsin. That jurisdictional issue, so the court thought at the time, should wait for another day, after the court saw how many out-of-state members opted in.

But Signet is not content to wait, and it has filed a motion pressing the jurisdictional issue. Dkt. 110. Signet asks the court to certify two issues to the court of appeals. First, in an FLSA collective action, is it proper to defer the personal jurisdiction inquiry until after notice to the collective? Second, for a defendant not subject to general jurisdiction, must the district court establish specific personal jurisdiction over each of the claims of the out-of-state opt-in collective members?

Signet has convinced the court of the importance of the issue. So the court will decide the issue (though not in Signet's favor), certify the questions to the court of appeals, and stay the case pending the outcome of the certification.

ANALYSIS

**A. Timing**

Generally district courts have "wide discretion to manage collective actions." *Alvarez v. City of Chicago*, 605 F.3d 445, 449 (7th Cir. 2010); *see also*, *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989). District courts in this circuit use a two-step process for certifying collectives, applying a relatively lenient standard at conditional certification followed by a more stringent analysis once the opt-in process is complete. *Jirak v. Abbott Labs., Inc.*, 566 F. Supp. 2d 845, 848 (N.D. Ill. 2008). This approach might well result in some putative collective members receiving notice and opting in only to be deemed ineligible if the court decertifies the collective. *See, e.g.*, *Espenscheid v. DirectSat USA, LLC*, No. 09-CV-625-BBC, 2011 WL 2009967, at *7 (W.D. Wis. May 23, 2011) (decertifying a hybrid class and collective action "on the eve of trial" because class members and opt-in plaintiffs were not similarly situated).

The two-step process is common and often efficient, but it has a downside. The Seventh Circuit has acknowledged that adding additional plaintiffs increases settlement pressure and it has cautioned that district courts do not have completely free reign to authorize notice to a potentially overbroad conditional collective. *Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1049–50 (7th Cir. 2020) (concluding that district courts have an obligation to allow the parties to submit evidence about the proper scope of notice and not authorize notice to demonstrably ineligible individuals).

Signet argues that in this case, sending notice to a nationwide collective would unfairly expand the scope of the litigation, give plaintiff's counsel undue leverage, and potentially force an unreasonable settlement. Dkt. 120 at 3. Signet points specifically to the disparity between the small number of Wisconsin workers, about 30, and the comparatively huge number of out-of-state workers, almost 600. Dkt. 110 at 6. The court is persuaded that in this case the ardors of aggregate litigation are sufficiently burdensome that it would be unfair to proceed without deciding whether the court could, ultimately, exercise jurisdiction over the claims of out-of-state opt-in members.

## B.  The merits

The personal jurisdiction question arises from the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255 (2017). That case involved a California state-law mass tort action against Bristol-Myers Squibb, over which the court did not have general jurisdiction. *Id.* at 260. The claims in the mass tort action included hundreds that involved injuries incurred out-of-state and that did not involve any contact with California by Bristol-Myers Squibb. *Id.* at 264–65. The Supreme Court held that because the California state court could not exercise general jurisdiction over Bristol-Myers Squibb, it would have to have specific

3

jurisdiction over each claim in the mass tort action. *Id.* at 265. That precluded the state court from exercising jurisdiction over claims that arose in states other than California, because specific jurisdiction applies only to claims that relate to the defendant's contacts with the forum. *Id.* The bottom line was that the California mass tort action was simply the aggregation of many individual claims, and the court had to have a basis for personal jurisdiction over each individual claim. The Supreme Court reasoned that that case called only for the application of well-established jurisdictional principles. *Id.* at 268. But the decision has resulted in some confusion about the application of those jurisdictional principles to forms of aggregate litigation.

The circuits are split on the application of *Bristol-Myers Squibb* to FLSA collective actions. The Third, Sixth, and Eighth Circuits have concluded that courts must treat opt-in plaintiffs in FLSA collective actions like the mass-tort plaintiffs in *Bristol-Myers Squibb*. *See Canaday v. Anthem Cos.*, 9 F.4th 392 (6th Cir. 2021); *Fischer v. Fed. Express Corp.*, 42 F.4th 366 (3d Cir. 2022); *Vallone v. CJS Sols. Grp., LLC*, 9 F.4th 861 (8th Cir. 2021). These courts reasoned that Federal Rule of Civil Procedure 4(k)(1) requires courts to conduct a separate personal jurisdiction analysis under the Fourteenth Amendment Due Process Clause for each plaintiff that opts into an FLSA action. *Canaday*, 9 F.4th at 399; *Vallone*, 9 F.4th at 865; *Fischer*, 42 F.4th at 382–83. In the view of these three courts, the FLSA opt-in is, by virtue of opting in, an active plaintiff like any other. In contrast, the First Circuit reasoned that Rule 4(k) provides only a limit on effective service of the summons, not an independent limit on jurisdiction once a summons has been served. *Waters v. Day & Zimmermann NPS, Inc.*, 23 F.4th 84, 94 (1st Cir. 2022). The First Circuit concluded that only the named plaintiffs' FLSA claims need to arise from the defendants' contacts with the forum state, because once a defendant is

4

properly served, the Fifth Amendment's Due Process Clause controls the personal jurisdiction analysis. *Id.* at 96.

The Seventh Circuit has not directly addressed whether the *Bristol-Myers Squibb* jurisdictional approach applies to FLSA collective actions. But it has ruled that *Bristol-Myers Squibb* does not apply to federal class actions. *Mussat v. IQVIA, Inc.*, 953 F.3d 441 (7th Cir. 2020). The court of appeals held that a district court need not secure personal jurisdiction over the claims of the absent members of a nationwide class; the required jurisdictional analysis applies only to the named plaintiffs.

For three reasons, the court concludes that the First Circuit's decision in *Waters* is consistent with the Seventh Circuit's approach to personal jurisdiction in aggregate litigation. First, the Seventh Circuit has repeatedly stressed the similarities between class actions under Rule 23 and FLSA collective actions, and it applies the same standards to both. *See Espenscheid v. DirectSat USA, LLC*, 688 F.3d 872, 877 (7th Cir. 2012) (explaining that courts treat collective actions "as the equivalent of class actions—and thus for example do not require motions to intervene and do require certification . . . except that in a collective action unnamed plaintiffs need to opt in to be bound, rather than, as in a class action, opt out not to be bound."); *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 772 (7th Cir. 2013) ("Indeed, despite the difference between a collective action and a class action and the absence from the collective-action section of the Fair Labor Standards Act of the kind of detailed procedural provisions found in Rule 23 . . . there isn't a good reason to have different standards for the certification of the two different types of action, and the case law has largely merged the standards"); *Herrington v. Waterstone Mortg. Corp.*, 907 F.3d 502, 507 (7th Cir. 2018) (applying

the same analysis to question of the availability of collective arbitration as that used for class arbitration).

From the perspective of this district court, the Seventh Circuit's approach to FLSA collective actions reflects the reality of collective action litigation. Generally, in FLSA collective litigation, contact between plaintiffs' counsel and the members of the collective is limited to the receipt of the opt-in consent forms. The opt-in members do not actively participate in, let alone control, the litigation. The opt-ins are for nearly all purposes absent parties whose interests the court must step in to protect, just as the court must consider and protect the interests of the unnamed Rule 23 class members who will be bound by a settlement in which they did not participate.

Second, the Seventh Circuit's consideration of Rule 4(k) in *Mussat* aligns with the First Circuit's reasoning in *Waters*. In the view of the First Circuit, the Sixth and Eighth Circuits "rely on an erroneous reading of Rule 4, and fail to successfully confront the fact that Rule 4(k) is a 'territorial limit' on 'effective service' of a summons, and thus logically cannot be read to limit a federal court's jurisdiction after a summons is properly served." *Waters*, 23 F.4th at 97. In *Mussat*, the Seventh Circuit followed similar reasoning: "Rule 4(k) addresses *how* and *where* to serve process; it does not specify *on whom* process must be served." 953 F.3d at 448.

Third, the approach of the Third, Sixth, and Eighth Circuits would have the practical effect of forcing plaintiffs to file any multi-state FLSA collective action in the defendant employer's home forum.  If Congress or the Supreme Court had intended to so limit the venue of FLSA collective actions, one would have expected a clear statement to that effect. This seems to be a dramatic change from historical practice to wring from a close reading of Rule 4 concerning service of process.

The court concludes that the jurisdictional principles in *Bristol-Myers Squibb* do not apply in FLSA collective actions. The court concludes that it has specific jurisdiction over Signet because the claims of Luna Vanegas, the sole named plaintiff, arise from Signet's contacts with Wisconsin. The court need not separately consider personal jurisdiction over the claims of the potential out-of-state opt-in plaintiffs.

## C. Interlocutory appeal

Under 28 U.S.C. § 1292(b) a district court may certify an order for interlocutory review if the order (1) involves a question of law, (2) is controlling, (3) is contestable, and (4) its resolution will materially advance the ultimate termination of the litigation. Whether *Bristol-Myers Squibb* applies to FLSA collective actions is a pure question of law that can be decided on appeal without a study of the factual record. The question is controlling because it will dramatically affect the future scope of the litigation. The circuit split on the question shows that it is contestable. Finally, as a practical matter, immediate appeal will materially advance the ultimate resolution of this litigation by resolving uncertainly about the proper scope of the collective as it proceeds to the opt-in period, discovery, and summary judgment.

To be clear, conditional certification does not automatically present an appropriate question for interlocutory appeal, even though the two-step process may create a risk that ineligible workers will opt into a collective action. *See, e.g.*, *In re New Albertsons, Inc.*, No. 21-2577, 2021 WL 4028428, at *2 (7th Cir. Sept. 1, 2021) ("Further, conditional certification and authorization of notice to others who may be similarly situated is a preliminary, non-final step that does not adjudicate any party's rights."). But the *Bristol-Myers Squibb* question presents a circumstance where an immediate appeal of a pure question of law promises to efficiently advance the litigation, as other courts have recognized. *See Canaday*, 9 F.4th 392

7

(deciding *Bristol-Myers Squibb* applies to FLSA collective actions on interlocutory appeal from district court decision on a motion to dismiss); *Waters*, 23 F.4th 84 (same); *Fischer v. Fed. Express Corp.*, 42 F.4th 366 (3d Cir. 2022) (deciding *Bristol-Myers Squibb* question on interlocutory appeal from decision granting conditional certification for a collective limited to in-state workers). And this case provides an appropriate factual context for interlocutory review of this issue, because out-of-state potential members outnumber Wisconsin members by 20 to one. The court will amend its August 2, 2023, order to decide the jurisdictional issue and to certify the decision for interlocutory review.

The final issue in Signet's motion is whether the court should stay the proceedings until the Seventh Circuit decides Signet's petition for interlocutory review. Whether to grant a stay is within the court's discretion. Courts consider the usual factors: (1) the likelihood of success on the merits, (2) whether irreparable injury will result without a stay, (3) whether the stay will substantially injure the other party, and (4) the public interest. *Nken v. Holder*, 556 U.S. 418, 434 (2009). These factors counsel in favor of a stay in this circumstance, where the reason for certification of interlocutory appeal is to clarify the proper scope of the collective before Luna Vanegas distributes notice to a nationwide collective. Luna Vanegas raises the legitimate concern that a stay will injure plaintiffs if the statute of limitations runs pending the appeal. Signet responds that it does not oppose tolling the statute of limitations for putative collective members during the pendency of the interlocutory appeal. So, to ameliorate potential harm to the plaintiffs, the court will toll the statute of limitations for putative collective members during the pendency of the interlocutory appeal.

ORDER

8

A-77

IT IS ORDERED that:

1. The order dated August 2, 2023, Dkt. 107, is AMENDED to decide that this court has personal jurisdiction over the nationwide FLSA collective action and to certify that decision for interlocutory review under 28 U.S.C. § 1292.

2. The case is STAYED pending the Seventh Circuit resolution of Signet's interlocutory appeal.

3. The statute of limitations for members of the putative collective defined in the court's August 2, 2023 order, Dkt. 107, is tolled pending the Seventh Circuit resolution of Signet's interlocutory appeal.

Entered ____September 1____, 2023.

BY THE COURT:


/s/
_____
JAMES D. PETERSON
District Judge

SOFI, CLASS_ACTION, DECLINE_MJ, EOQ, PROTECTIVE_ORDER, REMAND, STAYED,

# U.S. District Court
## Western District of Wisconsin (Madison)
## CIVIL DOCKET FOR CASE #: 3:21-cv-00054-jdp

Luna Vanegas, Jose v. Signet Builders, Inc.
Assigned to: District Judge James D. Peterson
Referred to: Magistrate Judge Stephen L. Crocker
Case in other court:  Seventh Circuit, 21-02644
Cause: 29:206 Collect Unpaid Wages

Date Filed: 01/26/2021
Jury Demand: None
Nature of Suit: 710 Labor: Fair Standards
Jurisdiction: Federal Question

### Plaintiff

**Jose Ageo Luna Vanegas**
*on behalf of himself and all others similarly
situated*

represented by  **Edward Tuddenham**
Edward Tuddenham
42 Ave Bosquet
Paris
France
33684798930
Email: edwardtuddenham@gmail.com
*ATTORNEY TO BE NOTICED*

**Erica Lynn Sweitzer-Beckman**
Legal Action of Wisconsin
744 Williamson Street, Suite 200
Madison, WI 53703
608-256-3304 x2019
Fax: 608-256-0510
Email: elb@legalaction.org
*ATTORNEY TO BE NOTICED*

**Lorraine Gaynor**
Iowa Legal Aid
1700 S. 1st. Ave., Suite 10
Iowa City, IA 52240
319-351-6570 x1512
Email: lgaynor@iowalaw.org
*ATTORNEY TO BE NOTICED*

**Jennifer Jean Zimmermann**
Legal Action of Wisconsin
744 Williamson Street
Suite 200
Madison, WI 53703
608-256-3304 x2009
Fax: 608-256-0510
Email: jjz@legalaction.org
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Jose Luis Garcia Gonzalez**                    represented by **Jennifer Jean Zimmermann**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*


V.

**Defendant**

**Signet Builders, Inc.**                        represented by **Edward N. Boehm , Jr.**
                                                 Fisher Phillips LLP
                                                 1075 Peachtree Street NE
                                                 Suite 3500
                                                 Atlanta, GA 30309
                                                 404-213-1400
                                                 Fax: 404-240-4249
                                                 Email: tboehm@fisherphillips.com
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Ann Margaret Pointer**
                                                 Fisher Phillips LLP
                                                 1075 Peachtree Street NE
                                                 Suite 3500
                                                 Atlanta, GA 30309
                                                 404-213-1400
                                                 Fax: 404-240-4249
                                                 Email: apointer@fisherphillips.com
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Joshua H Viau**
                                                 Fisher & Phillips
                                                 1230 Peachtree Street, NE
                                                 Suite 3300
                                                 Atlanta, GA 30309
                                                 404-231-1400
                                                 Email: jviau@fisherphillips.com
                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Signet Construction, LLC**                     represented by **Edward N. Boehm , Jr.**
                                                 (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Signet Construction, Inc.**                    represented by **Edward N. Boehm , Jr.**
                                                 (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Northridge Construction, Inc.**                represented by **Edward N. Boehm , Jr.**
                                                 (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Orville J. Schonefeld II**                    represented by   **Edward N. Boehm , Jr.**
                                                                 (See above for address)
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Natalie Farmer**                              represented by   **Edward N. Boehm , Jr.**
                                                                 (See above for address)
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Rodney Schonefeld**                           represented by   **Edward N. Boehm , Jr.**
                                                                 (See above for address)
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/26/2021 | 1 | COMPLAINT against Signet Builders, Inc.. ( Filing fee $ 402 receipt number 0758-2817353.), filed by Jose Ageo Luna Vanegas. (Attachments: # 1 JS-44 Civil Cover Sheet, # 2 Summons, # 3 Exhibit Plaintiff Consent Form) (Zimmermann, Jennifer) (Entered: 01/26/2021) |
| 01/27/2021 |  | Case randomly assigned to Magistrate Judge Stephen L. Crocker. (jls) (Entered: 01/27/2021) |
| 01/27/2021 |  | Standard attachments for Magistrate Judge Stephen L. Crocker required to be served on all parties with summons or waiver of service: Corporate Disclosure Statement, Order Regarding Assignment of Cases, Notice of Assignment to a Magistrate Judge and Consent/Request for Reassignment, Order on Dispositive Motions. (jls) (Entered: 01/27/2021) |
| 01/27/2021 | 2 | Summons Issued as to Signet Builders, Inc. (jls) (Entered: 01/27/2021) |
| 02/03/2021 | 3 | Request for Issuance of Summons by Plaintiff Jose Ageo Luna Vanegas. (Zimmermann, Jennifer) (Entered: 02/03/2021) |
| 02/03/2021 | 4 | Summons Issued as to Signet Builders, Inc. (jls) (Entered: 02/03/2021) |
| 02/04/2021 | 5 | Notice of Appearance filed by Erica Lynn Sweitzer-Beckman for Plaintiff Jose Ageo Luna Vanegas. (Sweitzer-Beckman, Erica) (Entered: 02/04/2021) |
| 02/11/2021 | 6 | Request for Issuance of Summons by Plaintiff Jose Ageo Luna Vanegas. (Zimmermann, Jennifer) (Entered: 02/11/2021) |
| 02/12/2021 | 7 | Summons Issued as to Signet Builders, Inc. (jls) (Entered: 02/12/2021) |
| 03/03/2021 | 8 | Affidavit of Service by Plaintiff. Signet Builders, Inc. served on 2/24/2021, answer due 3/17/2021. (Zimmermann, Jennifer) (Entered: 03/03/2021) |

| | | |
|---|---|---|
| 03/09/2021 | 9 | Motion to Admit Joshua H Viau Pro Hac Vice. ( Pro Hac Vice fee $ 100 receipt number 0758-2840539.) by Defendant Signet Builders, Inc.. (Viau, Joshua) (Entered: 03/09/2021) |
| 03/09/2021 | 10 | Motion to Admit Edward N. Boehm, Jr Pro Hac Vice. ( Pro Hac Vice fee $ 100 receipt number 0758-2840673.) by Defendant Signet Builders, Inc.. (Boehm, Edward) (Main Document 10 replaced on 3/10/2021) (jls). (Entered: 03/09/2021) |
| 03/10/2021 | 11 | Motion to Admit Ann Margaret Pointer Pro Hac Vice. ( Pro Hac Vice fee $ 100 receipt number 0758-2841246.) by Defendant Signet Builders, Inc.. (Pointer, Ann) (Main Document 11 replaced on 3/10/2021) (jls). (Entered: 03/10/2021) |
| 03/10/2021 | 12 | Consent Motion for Extension of Time to File Answer *to Plaintiff's Complaint* by Defendant Signet Builders, Inc.. Response due 3/17/2021. (Boehm, Edward) (Entered: 03/10/2021) |
| 03/10/2021 | 13 | ** TEXT ONLY ORDER ** <br> ORDER granting 12 Motion for Extension of Time to Answer re 1 Complaint. Signet Builders, Inc. answer due 4/7/2021. Signed by Magistrate Judge Stephen L. Crocker on 8/10/2021. (voc) (Entered: 03/10/2021) |
| 03/11/2021 | 14 | ** TEXT ONLY ORDER ** <br> ORDER granting 9 Motion to Admit Joshua H. Viau Pro Hac Vice; granting 10 Motion to Admit Edward N. Boehm, Jr., Pro Hac Vice; granting 11 Motion to Admit Ann Margaret Pointer Pro Hac Vice. Signed by Magistrate Judge Peter A. Oppeneer on 3/11/2021. (lak) (Entered: 03/11/2021) |
| 03/12/2021 | 15 | Motion for Conditional Certification of Class by Plaintiff Jose Ageo Luna Vanegas. Brief in Opposition due 4/2/2021. Brief in Reply due 4/12/2021. (Sweitzer-Beckman, Erica) (Entered: 03/12/2021) |
| 03/12/2021 | 16 | Brief in Support of 15 Motion for Conditional Certification of Class by Plaintiff Jose Ageo Luna Vanegas (Sweitzer-Beckman, Erica) (Entered: 03/12/2021) |
| 03/12/2021 | 17 | Declaration of Erica Sweitzer-Beckman filed by Plaintiff Jose Ageo Luna Vanegas re: 15 Motion for Conditional Certification of Class (Attachments: <br> # 1 Exhibit Sampling of Signet 2019 Job Orders, <br> # 2 Exhibit Sampling of Signet 2020 job orders, <br> # 3 Exhibit Proposed Notice and Consent Form) (Sweitzer-Beckman, Erica) (Entered: 03/12/2021) |
| 03/12/2021 | 18 | Declaration of Benjamin R. Botts filed by Plaintiff Jose Ageo Luna Vanegas re: 15 Motion for Conditional Certification of Class (Sweitzer-Beckman, Erica) (Entered: 03/12/2021) |
| 03/12/2021 | 19 | Declaration of Jose Ageo Luna Vanegas filed by Plaintiff Jose Ageo Luna Vanegas re: 15 Motion for Conditional Certification of Class (Sweitzer-Beckman, Erica) (Entered: 03/12/2021) |
| 03/15/2021 | | Action Requested: If you have not already provided your Consent to Magistrate/Request for Reassignment form, please do so by 3/22/2021. (lak) (Entered: 03/15/2021) |
| 03/15/2021 | 20 | Notice of Consent to Join Lawsuit by Plaintiff Jose Ageo Luna Vanegas *for Jose Luis Garcia Gonzalez* (Zimmermann, Jennifer) (Entered: 03/15/2021) |
| 03/17/2021 | 21 | Consent Motion for Extension of Time *for Defendant to File Response to Plaintiff's Motion for Conditional Certification* by Defendant Signet Builders, Inc.. Response |

due 3/24/2021. (Boehm, Edward) (Entered: 03/17/2021)

| 03/17/2021 | 22 | ** TEXT ONLY ORDER **<br>ORDER granting 21 Motion for Extension of Time. Brief in Opposition due 4/7/2021. Brief in Reply due 4/19/2021. Signed by Magistrate Judge Stephen L. Crocker on 3/17/2021. (jls) (Entered: 03/17/2021) |
|---|---|---|
| 03/17/2021 | 23 | Motion to Admit Lorraine Gaynor Pro Hac Vice. ( Pro Hac Vice fee $ 100 receipt number 0758-2845061.) by Plaintiff Jose Ageo Luna Vanegas. (Gaynor, Lorraine) (Entered: 03/17/2021) |
| 03/18/2021 | | Judge update in case. Case randomly reassigned to District Judge James D. Peterson and Magistrate Judge Stephen L. Crocker. (lak) (Entered: 03/18/2021) |
| 03/18/2021 | 24 | ** TEXT ONLY ORDER **<br>ORDER granting 23 Motion to Admit Lorraine Gaynor Pro Hac Vice. Signed by Magistrate Judge Peter A. Oppeneer on 3/18/2021. (lak) (Entered: 03/18/2021) |
| 04/07/2021 | 25 | **MOTION TO DISMISS** by Defendant Signet Builders, Inc.. Brief in Opposition due 4/28/2021. Brief in Reply due 5/10/2021. (Viau, Joshua) (Entered: 04/07/2021) |
| 04/07/2021 | 26 | Disregard. Modified on 4/7/2021. (lak) (Entered: 04/07/2021) |
| 04/07/2021 | 27 | Brief in Opposition by Defendant Signet Builders, Inc. re: 15 Motion for Conditional Certification of Class filed by Jose Ageo Luna Vanegas (Boehm, Edward) (Entered: 04/07/2021) |
| 04/07/2021 | 28 | Declaration of Natalie Farmer filed by Defendant Signet Builders, Inc. re: 15 Motion for Conditional Certification of Class (Boehm, Edward) (Entered: 04/07/2021) |
| 04/07/2021 | 29 | Amended Brief in Support of 25 Motion to Dismiss by Defendant Signet Builders, Inc. (Attachments:<br># 1 Exhibit A - 1941 Wage Hour Interpretation.) (Viau, Joshua) Modified on 4/8/2021. (lak) (Entered: 04/07/2021) |
| 04/08/2021 | | Set Telephone Pretrial Conference: Telephone Pretrial Conference set for 5/12/2021 at 01:00 PM before Magistrate Judge Stephen L. Crocker. Counsel for Plaintiff responsible for setting up the call to chambers at (608) 264-5153. [Standing Order Governing Preliminary Pretrial Conference attached] (jls) (Entered: 04/08/2021) |
| 04/15/2021 | 30 | Joint Stipulation to Extend Time to Respond *to Defendant's Motion to Dismiss and Reply Regarding the Motion for Conditional Certification* by Plaintiff Jose Ageo Luna Vanegas. (Zimmermann, Jennifer) (Entered: 04/15/2021) |
| 04/15/2021 | 31 | ** TEXT ONLY ORDER **<br>The parties' stipulation to extend the deadlines for the remaining brief(s) on the dismissal motion and the motion for conditional certification is accepted and the requested extensions are granted. The plaintiff's unopposed proposal to postpone the telephonic preliminary pretrial conference is declined. We will go forward on May 12, 2021 at 1:00 as scheduled. Signed by Magistrate Judge Stephen L. Crocker on 4/15/2021. (jls) (Entered: 04/15/2021) |
| 05/07/2021 | 32 | Joint Motion for Extension of Time *to Submit 26(f) Report* by Plaintiff Jose Ageo Luna Vanegas. Motions referred to Magistrate Judge Stephen L. Crocker. (Zimmermann, Jennifer) (Entered: 05/07/2021) |
| 05/07/2021 | 33 | ** TEXT ONLY ORDER **<br>ORDER granting 32 Motion for Extension of Time. Signed by Magistrate Judge |

| 05/10/2021 | 34 | Joint Report of Rule 26(f) Planning Meeting (Zimmermann, Jennifer) (Entered: 05/10/2021) |
|---|---|---|
| 05/11/2021 | | Reset Telephone Pretrial Conference: Telephone Pretrial Conference reset to accommodate the court's calendar for **5/13/2021** at 01:00 PM before Magistrate Judge Stephen L. Crocker. Counsel for Plaintiff responsible for setting up the call to chambers at (608) 264-5153. [Standing Order Governing Preliminary Pretrial Conference attached] (jls) (Entered: 05/11/2021) |
| 05/12/2021 | 35 | Unopposed Motion to Amend/Correct 27 Brief in Opposition *to Plaintiff's Motion for Conditional Certification as a Collective Action under 29 U.S.C. 216(b) and for Approval to Notice to Proposed Class* by Defendant Signet Builders, Inc.. Response due 5/19/2021. (Attachments:<br># 1 Exhibit proposed Amended Response in Opposition) (Boehm, Edward) (Entered: 05/12/2021) |
| 05/13/2021 | 36 | ** TEXT ONLY ORDER **<br>ORDER granting 35 Unopposed Motion to Amend/Correct 27 Brief in Opposition *to Plaintiff's Motion for Conditional Certification as a Collective Action under 29 U.S.C. 216(b) and for Approval to Notice to Proposed Class*. Signed by Magistrate Judge Stephen L. Crocker on 5/13/2021. (rks) (Entered: 05/13/2021) |
| 05/13/2021 | | Minute Entry for proceedings held before Magistrate Judge Stephen L. Crocker: Telephone Preliminary Pretrial Conference held on 5/13/2021 [:15] (cak) (Entered: 05/13/2021) |
| 05/13/2021 | 37 | Amended Brief in Opposition by Defendant Signet Builders, Inc. re: 15 Motion for Conditional Certification of Class filed by Jose Ageo Luna Vanegas (Boehm, Edward) (Entered: 05/13/2021) |
| 05/13/2021 | 38 | ** TEXT ONLY ORDER **<br>At a May 13, 2021 telephonic status conference with counsel, the court set a rudimentary schedule in this case. First, at the parties' request, plaintiff's deadline to reply in support of his motion for conditional certification is extended to June 4, 2021, and defendant's reply in support of its motion to dismiss is extended to June 25, 2021. Discovery is stayed until August 31, 2021 or until the court rules on the motion to dismiss, whichever comes first. Defendant's motion to decertify any conditionally certified class is due by January 31, 2022. Rule 56 motions from either party are due by July 29, 2022. Jury selection and trial will begin on January 30, 2023 at 9:00 a.m. We will set the rest of the schedule at a telephonic preliminary pretrial conference to be held if necessary after the court rules on the dismissal motion. The parties had no other matters to bring to the court's attention. Signed by Magistrate Judge Stephen L. Crocker on 5/13/2021. (rks) (Entered: 05/13/2021) |
| 05/19/2021 | 39 | Brief in Opposition by Plaintiff Jose Ageo Luna Vanegas re: 25 Motion to Dismiss filed by Signet Builders, Inc. (Zimmermann, Jennifer) (Entered: 05/19/2021) |
| 05/19/2021 | 40 | Declaration of Jennifer J. Zimmermann filed by Plaintiff Jose Ageo Luna Vanegas *in Opposition to* re: 25 Motion to Dismiss (Attachments:<br># 1 Exhibit 1 Signet Webpage and LinkedIn page,<br># 2 Exhibit 2 Alewelt Stipulated Order,<br># 3 Exhibit 3 In re MRL Fencing opinions) (Zimmermann, Jennifer) (Entered: 05/19/2021) |
| 06/04/2021 | 41 | Motion for Extension of Time by Plaintiff Jose Ageo Luna Vanegas. Motions referred to Magistrate Judge Stephen L. Crocker. (Sweitzer-Beckman, Erica) |

| 06/04/2021 | 42 | ** TEXT ONLY ORDER ** <br> ORDER granting 41 Motion for Extension of Time. Brief in Reply due 6/7/2021. Signed by Magistrate Judge Stephen L. Crocker on 6/4/2021. (jls) (Entered: 06/04/2021) |
|---|---|---|
| 06/07/2021 | 43 | Brief in Reply by Plaintiff Jose Ageo Luna Vanegas in Support of 15 Motion for Conditional Certification of Class (Sweitzer-Beckman, Erica) (Entered: 06/07/2021) |
| 06/07/2021 | 44 | Declaration of Erica Sweitzer-Beckman filed by Plaintiff Jose Ageo Luna Vanegas re: 15 Motion for Conditional Certification of Class (Attachments: <br> # 1 Exhibit Luna Vanegas paystubs, <br> # 2 Exhibit USDOL H-2B data 2019, <br> # 3 Exhibit unpublished motion to modify, <br> # 4 Exhibit Revised notice and consent form) (Sweitzer-Beckman, Erica) (Entered: 06/07/2021) |
| 06/24/2021 | 45 | Consent Motion for Extension of Time *to File Reply in Support of Motion to Dismiss* by Defendant Signet Builders, Inc.. Motions referred to Magistrate Judge Stephen L. Crocker. (Boehm, Edward) (Entered: 06/24/2021) |
| 06/24/2021 | 46 | ** TEXT ONLY ORDER ** <br> ORDER granting 45 Motion for Extension of Time. Brief in Reply due 6/28/2021. Signed by Magistrate Judge Stephen L. Crocker on 6/24/2021. (jls) (Entered: 06/24/2021) |
| 06/28/2021 | 47 | Disregard. Modified on 6/28/2021. (lak) (Entered: 06/28/2021) |
| 06/28/2021 | 48 | Brief in Reply by Defendant Signet Builders, Inc. in Support of 25 Motion to Dismiss *Complaint* (Viau, Joshua) (Entered: 06/28/2021) |
| 07/21/2021 | 49 | Notice by Defendant Signet Builders, Inc. re: 15 Motion for Conditional Certification of Class, 25 Motion to Dismiss. *Notice of Issuance of a Decision of The Court of Appeals for the Eighth Circuit Affirming a Cited Case in Defendant's Memorandum in Support of its Motion to Dismiss and Pertinent to its Objection to Conditional FLSA Class Certification.* (Boehm, Edward) Modified on 7/22/2021: Notice of Supplemental Authority? Linked to the pending motions instead of the briefs. (lak) (Entered: 07/21/2021) |
| 07/23/2021 | 50 | Notice by Plaintiff Jose Ageo Luna Vanegas *of Intent to Reply to Defendant's Notice of Issuance of Decision.* (Sweitzer-Beckman, Erica) Modified on 7/26/2021. (lak) (Entered: 07/23/2021) |
| 07/27/2021 | 51 | Notice by Plaintiff Jose Ageo Luna Vanegas re 49 Notice; *Response to Defendant's Notice of Issuance of a Decision of the Court of Appeals for the Eight Circuit.* (Zimmermann, Jennifer) Modified on 7/28/2021 (jls). (Entered: 07/27/2021) |
| 08/12/2021 | 52 | ORDER granting 25 Motion to Dismiss; denying as moot 15 Motion for Conditional Certification of Class. Signed by District Judge James D. Peterson on 8/12/2021. (jls) (Entered: 08/12/2021) |
| 08/12/2021 | 53 | JUDGMENT entered in favor of Defendant Signet Builders, Inc. dismissing the case. (jls) (Entered: 08/12/2021) |
| 09/08/2021 | 54 | NOTICE OF APPEAL by Plaintiff Jose Ageo Luna Vanegas as to 53 Judgment, 52 Order on Motion to Dismiss. Filing fee of $ 505, receipt number 0758-2932671 paid. Docketing Statement filed. (Attachments: <br> # 1 Docketing Statement) (Zimmermann, Jennifer) (Entered: 09/08/2021) |

| 09/08/2021 | 55 | Appeal Information Packet. (lak) (Entered: 09/08/2021) |
| 09/08/2021 | 56 | Transmission of Notice of Appeal, Docketing Statement, Order, Judgment and Docket Sheet to Seventh Circuit Court of Appeals re: 54 Notice of Appeal, (Attachments:<br># 1 Docketing Statement,<br># 2 Order,<br># 3 Judgment,<br># 4 Docket Sheet) (lak) (Entered: 09/08/2021) |
| 09/09/2021 | | USCA Case Number 21-2644 for 54 Notice of Appeal, filed by Jose Ageo Luna Vanegas. (jls) (Entered: 09/09/2021) |
| 09/10/2021 | 57 | Transcript Request Form by Plaintiff Jose Ageo Luna Vanegas re 54 Notice of Appeal, (Zimmermann, Jennifer) (Entered: 09/10/2021) |
| 10/20/2022 | 58 | JUDGMENT from USCA reversing as to 54 Notice of Appeal filed by Jose Ageo Luna Vanegas and remanding for further proceedings. No record to be returned. (Attachments:<br># 1 Appellate Opinion,<br># 2 USCA Order,<br># 3 Mandate,<br># 4 Bill of Costs) (jls) (Entered: 10/20/2022) |
| 10/20/2022 | | Set Deadlines/Hearings: Telephone Scheduling Conference set for 11/9/2022 at 02:30 PM before Magistrate Judge Stephen L. Crocker. Counsel for Plaintiff responsible for setting up the call to chambers at (608) 264-5153. (jls) (Entered: 10/20/2022) |
| 10/31/2022 | 59 | Unopposed Motion for 30-Day Postponement of November 9, 2022 Telephone Scheduling Conference by Defendant Signet Builders, Inc.. (Attachments:<br># 1 Text of Proposed Order) (Viau, Joshua) (Entered: 10/31/2022) |
| 10/31/2022 | 60 | ** TEXT ONLY ORDER **<br>ORDER granting 59 Unopposed Motion for 30-Day Postponement of November 9, 2022 Telephone Scheduling Conference. Signed by Magistrate Judge Stephen L. Crocker on 10/31/22. (jat) (Entered: 10/31/2022) |
| 10/31/2022 | | Reset Hearings: Telephone Scheduling Conference set for 12/9/2022 at 01:00 PM before Magistrate Judge Stephen L. Crocker. Counsel for Plaintiff responsible for setting up the call to chambers at (608) 264-5153. (jat) (Entered: 10/31/2022) |
| 11/03/2022 | 61 | ANSWER by Defendant Signet Builders, Inc.. (Viau, Joshua) (Entered: 11/03/2022) |
| 11/03/2022 | 62 | Corporate Disclosure Statement by Defendant Signet Builders, Inc.. (Viau, Joshua) (Entered: 11/03/2022) |
| 11/20/2022 | 63 | Motion to Admit Edward Tuddenham Pro Hac Vice. ( Pro Hac Vice fee $ 100 receipt number AWIWDC-3157957.) by Plaintiff Jose Ageo Luna Vanegas. Motions referred to Magistrate Judge Stephen L. Crocker. (Tuddenham, Edward) (Entered: 11/20/2022) |
| 11/21/2022 | 64 | ** TEXT ONLY ORDER **<br>ORDER granting 63 Motion to Admit Edward Tuddenham Pro Hac Vice. Signed by Magistrate Judge Stephen L. Crocker on 11/21/2022. (lak) (Entered: 11/21/2022) |
| 12/09/2022 | 65 | Joint Report of Rule 26(f) Planning Meeting (Zimmermann, Jennifer) (Entered: 12/09/2022) |

| 12/09/2022 | 66 | ** TEXT ONLY ORDER ** At 12:18 p.m., 42 minutes before the 1:00 telephonic status and scheduling conference, the parties submitted an 11-page updated Rule 26(f) report in which they offer vague suggestions on dates (as opposed to calendar dates) and in which they disagree about virtually every deadline the court should set. This court has had more pressing matters to deal with over the lunch hour--think search warrant applications--and has not had time to review this report or check in with the presiding judge about how he wants to handle scheduling going forward. Therefore, today's hearing is postponed to December 13, 2022 at 1:30 p.m. Signed by Magistrate Judge Stephen L. Crocker on 12/9/22. (jat) (Entered: 12/09/2022) |
|---|---|---|
| 12/13/2022 | 67 | Joint Report of Rule 26(f) Planning Meeting (Attachments: # 1 Cover Letter) (Zimmermann, Jennifer) (Entered: 12/13/2022) |
| 12/13/2022 | 68 | Pretrial Conference **Order** - Preliminary Pretrial Packet in cases assigned to District Judge James D. Peterson attached. Amendments to Pleadings due 1/12/2023. Motion for Conditional Certification of Class due 2/14/2023. Motion to Decertify Class due 2/16/2024. Dispositive Motions due 2/16/2024. Settlement Letters due 8/23/2024. Rule 26(a)(3) Disclosures and Motions in Limine due 8/30/2024. Responses due 9/13/2024. Final Pretrial Conference set for 9/25/2024 at 02:30 PM. Jury Selection and Trial set for 10/7/2024 at 09:00 AM. Signed by Magistrate Judge Stephen L. Crocker on 12/13/2022. (jls) Modified on 12/14/2022 (jat). (Entered: 12/13/2022) |
| 12/22/2022 | 69 | Notice by Defendant Signet Builders, Inc. *of Filing Certificates of Service*. (Attachments: # 1 Exhibit A - Certificates of Service) (Boehm, Edward) Modified on 12/22/2022: E-mail sent to counsel. (lak) (Entered: 12/22/2022) |
| 01/12/2023 | 70 | Motion for Leave to File *Amended Complaint* by Plaintiff Jose Ageo Luna Vanegas. Response due 1/19/2023. (Attachments: # 1 Disregard, # 2 Proposed Amended Complaint, # 3 Proposed Amended Complaint) (Zimmermann, Jennifer) Modified on 1/13/2023: E-mails sent to counsel. (lak) (Entered: 01/12/2023) |
| 01/13/2023 | 71 | Brief in Support of 70 Motion for Leave to File, *Amended Complaint* by Plaintiff Jose Ageo Luna Vanegas (Zimmermann, Jennifer) (Entered: 01/13/2023) |
| 01/13/2023 | 72 | Emergency Motion to Amend/Correct *Deadline to File Defendant's Response to Plaintiff's Motion for Leave to Amend the Complaint* by Defendant Signet Builders, Inc. (Attachments: # 1 Text of Proposed Order) (Pointer, Ann) Modified on 1/13/2023. (lak) (Entered: 01/13/2023) |
| 01/17/2023 | | Reset Briefing Deadlines as to 70 Motion for Leave to File *Amended Complaint*. Brief in Opposition due 2/13/2023. Brief in Reply due 2/24/2023. (*See* Pretrial Conference Order 68 ) (jat) (Entered: 01/17/2023) |
| 01/17/2023 | 73 | ** TEXT ONLY ORDER ** **ORDER** granting 72 Motion to Amend/Correct Deadline to File Defendant's Response to Plaintiff's Motion for Leave to Amend the Complaint. Signed by Magistrate Judge Stephen L. Crocker on 1/17/2023. (jls) (Entered: 01/17/2023) |
| 01/26/2023 | 74 | Notice by Plaintiff Jose Ageo Luna Vanegas re 70 Motion for Leave to File *Amended Complaint of Filing Corrected Proposed Amended Complaint*. (Attachments: |

| | | |
|---|---|---|
| | | **74** Corrected Proposed Amended Complaint) (Zimmermann, Jennifer) (Entered: 01/26/2023) |
| 01/31/2023 | 75 | Joint Motion for Protective Order by Defendant Signet Builders, Inc.. (Attachments: # 1 Agreed Protective Order) (Viau, Joshua) (Entered: 01/31/2023) |
| 01/31/2023 | 76 | ** TEXT ONLY ORDER **<br>ORDER accepting 75 Motion for Protective Order. Signed by Magistrate Judge Stephen L. Crocker on 1/31/2023. (voc) (Entered: 01/31/2023) |
| 02/06/2023 | 77 | Unopposed Motion to Amend Briefing Schedule *to permit Revised Motion for Leave to File Amended Complaint* by Plaintiff Jose Ageo Luna Vanegas. Motions referred to Magistrate Judge Stephen L. Crocker. (Zimmermann, Jennifer) (Entered: 02/06/2023) |
| 02/06/2023 | 78 | Disregard. Modified on 2/6/2023. (lak) (Entered: 02/06/2023) |
| 02/06/2023 | 79 | Declaration of Jennifer J. Zimmermann filed by Plaintiff Jose Ageo Luna Vanegas re: 80 Amended Motion for Leave to File, (Attachments:<br># 1 Indiana Corporate Records,<br># 2 Wisconsin Corporate Records,<br># 3 Minnesota Corporate Records) (Zimmermann, Jennifer) Modified on 2/6/2023. (lak) (Entered: 02/06/2023) |
| 02/06/2023 | 80 | Amended Motion for Leave to File *Amended Complaint* by Plaintiff Jose Ageo Luna Vanegas. (Attachments:<br># 1 Proposed Amended Complaint (Clean),<br># 2 Proposed Amended Complaint (Redline)) (Zimmermann, Jennifer) (Entered: 02/06/2023) |
| 02/06/2023 | 81 | Brief in Support of 80 Motion for Leave to File *Revised First Amended Complaint* by Plaintiff Jose Ageo Luna Vanegas (Zimmermann, Jennifer) (Entered: 02/06/2023) |
| 02/06/2023 | 82 | ** TEXT ONLY ORDER **<br>ORDER granting 77 Motion to Amend Briefing Schedule. Signed by Magistrate Judge Stephen L. Crocker on 2/6/2023. (voc) (Entered: 02/06/2023) |
| 02/16/2023 | | Set/Reset Briefing Deadlines as to 80 Amended Motion for Leave to File *Amended Complaint*, 70 Motion for Leave to File *Amended Complaint*. Brief in Opposition due 2/27/2023. Brief in Reply due 3/13/2023. (voc/jm) (Entered: 02/16/2023) |
| 02/24/2023 | 83 | Renewed Motion for Conditional Certification of Class by Plaintiff Jose Ageo Luna Vanegas. Brief in Opposition due 3/27/2023. Brief in Reply due 4/10/2023. (Zimmermann, Jennifer) (Entered: 02/24/2023) |
| 02/24/2023 | 84 | Brief in Support of 83 Motion for Conditional Certification of Class by Plaintiff Jose Ageo Luna Vanegas (Zimmermann, Jennifer) (Entered: 02/24/2023) |
| 02/24/2023 | 85 | Declaration of Edward Tuddenham filed by Plaintiff Jose Ageo Luna Vanegas re: 83 Motion for Conditional Certification of Class (Attachments:<br># 1 Exhibit 1 - Signet Response to RFA,<br># 2 Exhibit 2 Signet Response to Interrog.,<br># 3 Exhibit 3 - Response to RFP 1,<br># 4 Exhibit 4 - TX Signet Builders Listing,<br># 5 Exhibit 5 TX Signet Construction Business Listing,<br># 6 Exhibit 6 - Signet Construction, Inc. TX business listing,<br># 7 Exhibit 7 - Northridge Construction TX Business Listing,<br># 8 Exhibit 8 - Rodney Schonefeld LinkedIn, |

| | | |
|---|---|---|
| | | # 9 Exhibit 9 Heartland Website,<br># 10 Exhibit 10 Ag Building Website,<br># 11 Exhibit 11 FBi Buildings website,<br># 12 Exhibit 12 Hog Slat website,<br># 13 Exhibit 13 Amicus Brief of M. Wilson,<br># 14 Exhibit 14 Amicus Brief of Alewelt, et al.,<br># 15 Exhibit 15 - Sosa Teoba Order) (Zimmermann, Jennifer) (Entered: 02/24/2023) |
| 02/24/2023 | 86 | Declaration of Jennifer J. Zimmermann filed by Plaintiff Jose Ageo Luna Vanegas re: 83 Motion for Conditional Certification of Class (Attachments:<br># 1 Exhibit 16 - Summary of Signet Job Cert Applications,<br># 2 Exhibit 17 - Sample Notices from Western District of Wisconsin,<br># 3 Exhibit 18 - Proposed Notice and Consent Form) (Zimmermann, Jennifer) (Entered: 02/24/2023) |
| 02/24/2023 | 87 | Declaration of Jose Ageo Luna Vanegas filed by Plaintiff Jose Ageo Luna Vanegas re: 83 Motion for Conditional Certification of Class (Zimmermann, Jennifer) (Entered: 02/24/2023) |
| 02/25/2023 | 88 | Second Declaration of Jennifer J. Zimmermann filed by Plaintiff Jose Ageo Luna Vanegas re: 83 Motion for Conditional Certification of Class (Sealed Document) (Attachments:<br># 1 Exhibit 3 - Signet's Documents Responsive to RPD 1) (Zimmermann, Jennifer) (Entered: 02/25/2023) |
| 02/27/2023 | 89 | Emergency Unopposed Motion to Extend Certain Deadlines, Including Deadline for Briefing Current Set for Monday, February 27, 2023 by Defendant Signet Builders, Inc.. Response due 3/6/2023. (Boehm, Edward) (Entered: 02/27/2023) |
| 02/27/2023 | 90 | Plaintiff's Unopposed Motion to Amend Scheduling Order to Permit the Filing of Motion for Leave to File a Second Amended Complaint by Plaintiff Jose Ageo Luna Vanegas. (Zimmermann, Jennifer) (Entered: 02/27/2023) |
| 02/27/2023 | 91 | ** TEXT ONLY ORDER **<br>ORDER Defendant's unopposed motion to extend briefing deadlines, Dkt. 89 , is GRANTED. Defendant's brief in opposition to plaintiff's motion to amend the complaint is due March 17, 2023; plaintiff's reply due March 27. Defendant's brief in opposition to plaintiff's motion for conditional class certification is due March 27, 2023, with plaintiff's reply due April 10. Signed by Magistrate Judge Stephen L. Crocker on 2/27/2023. (voc) (Entered: 02/27/2023) |
| 02/27/2023 | | Set/Reset Briefing Deadlines as to 80 Amended Motion for Leave to File *Amended Complaint*. Brief in Opposition due 3/17/2023. Brief in Reply due 3/27/2023. (voc) (Entered: 02/27/2023) |
| 02/27/2023 | | Set/Reset Briefing Deadlines as to 83 Renewed Motion for Conditional Certification of Class . Brief in Opposition due 3/27/2023. Brief in Reply due 4/10/2023. (voc) (Entered: 02/27/2023) |
| 02/28/2023 | 92 | Motion for Leave to File *Second Amended Complaint* by Plaintiff Jose Ageo Luna Vanegas. (Attachments:<br># 1 Proposed Second Amended Complaint,<br># 2 Redlined Proposed Second Amended Complaint) (Zimmermann, Jennifer) Modified on 3/1/2023. (lak) (Entered: 02/28/2023) |
| 02/28/2023 | 93 | Brief in Support of 92 Motion for Leave to File, *Second Amended Complaint* by Plaintiff Jose Ageo Luna Vanegas (Zimmermann, Jennifer) (Entered: 02/28/2023) |

| 03/01/2023 | | Set/Reset Briefing Deadlines as to 92 Motion for Leave to File *Second Amended Complaint*. Brief in Opposition due 3/17/2023. Brief in Reply due 3/27/2023. (voc) (Entered: 03/01/2023) |
|---|---|---|
| 03/17/2023 | 94 | Brief in Opposition by Defendant Signet Builders, Inc. re: 80 Motion for Leave to File filed by Jose Ageo Luna Vanegas, 92 Motion for Leave to File, filed by Jose Ageo Luna Vanegas *Defendant's Consolidated Response in Opposition to Plaintiff's Motion for Leave to File First Amended Complaint, Revised Motion for Leave to File First Amended Complaint, and Motion for Leave to File Second Amended Complaint* (Attachments:<br># 1 Exhibit A - Plaintiff's Final Paystubs,<br># 2 Exhibit B - Signet's Petition for Writ of Certiorari) (Viau, Joshua) (Entered: 03/17/2023) |
| 03/27/2023 | 95 | Brief in Reply by Plaintiff Jose Ageo Luna Vanegas in Support of 92 Motion for Leave to File, *Second Amended Complaint* (Zimmermann, Jennifer) (Entered: 03/27/2023) |
| 03/27/2023 | 96 | Brief in Opposition by Defendant Signet Builders, Inc. re: 83 Motion for Conditional Certification of Class filed by Jose Ageo Luna Vanegas *and Issuance of Notice* (Attachments:<br># 1 Disregard) (Viau, Joshua) Modified on 3/27/2023. (lak) (Entered: 03/27/2023) |
| 03/27/2023 | 97 | Declaration of Natalie Farmer filed by Defendant Signet Builders, Inc. re: 83 Motion for Conditional Certification of Class. (lak) (Entered: 03/27/2023) |
| 04/10/2023 | 98 | Brief in Reply by Plaintiff Jose Ageo Luna Vanegas in Support of 80 Motion for Leave to File, 83 Motion for Conditional Certification of Class (Zimmermann, Jennifer) (Entered: 04/10/2023) |
| 04/20/2023 | 99 | Motion to Compel *a Full and Complete Answer to Interrogatory No. 9* by Plaintiff Jose Ageo Luna Vanegas. Response due 4/27/2023. (Zimmermann, Jennifer) (Entered: 04/20/2023) |
| 04/20/2023 | 100 | Brief in Support of 99 Motion to Compel *a Full and Complete Answer to Interrogatory No. 9* by Plaintiff Jose Ageo Luna Vanegas (Zimmermann, Jennifer) (Entered: 04/20/2023) |
| 04/20/2023 | 101 | Declaration of Jennifer J. Zimmermann filed by Plaintiff Jose Ageo Luna Vanegas *in support of* re: 99 Motion to Compel (Attachments:<br># 1 Exhibit A - Plaintiff's First Set of Interrogatories,<br># 2 Exhibit B - Signet's Response to Interrogatory No. 9,<br># 3 Exhibit C - Plaintiff's Feb 16 Letter,<br># 4 Exhibit D - Signet's March 8 Letter,<br># 5 Exhibit E - Plaintiff's March 9 Letter,<br># 6 Exhibit F - Defendant's March 10 email,<br># 7 Exhibit G - Plaintiff's March 14 email,<br># 8 Exhibit H - Iowa Secretary of State Records,<br># 9 Exhibit I - Texas Secretary of State Records,<br># 10 Exhibit J - Signet's Articles of Dissolution) (Zimmermann, Jennifer) (Entered: 04/20/2023) |
| 04/27/2023 | 102 | Brief in Opposition by Defendant Signet Builders, Inc. re: 99 Motion to Compel filed by Jose Ageo Luna Vanegas (Boehm, Edward) (Entered: 04/27/2023) |
| 05/05/2023 | 103 | Brief in Reply by Plaintiff Jose Ageo Luna Vanegas in Support of 99 Motion to Compel (Zimmermann, Jennifer) (Entered: 05/05/2023) |

| 05/18/2023 | 104 | Notice by Defendant Signet Builders, Inc. *of Reinstatement*. (Attachments: # 1 Exhibit 1 - Certificate of Filing - Reinstatement by Texas Secretary of State) (Boehm, Edward) (Entered: 05/18/2023) |
|---|---|---|
| 05/19/2023 | 105 | Notice by Plaintiff Jose Ageo Luna Vanegas *of the Filing of a Joint Motion for Entry of a Protective Order*. (Attachments: # 1 Joint Motion filed in Southern District of Iowa, # 2 Text of Proposed Order) (Zimmermann, Jennifer) (Entered: 05/19/2023) |
| 05/19/2023 | 106 | ** TEXT ONLY ORDER ** The parties' joint motion for entry of a protective order is GRANTED. The parties' proposed protective order (dkt. 105 -2) is accepted and entered as the court's order. Signed by Magistrate Judge Stephen L. Crocker on 5/19/23. (jat) (Entered: 05/19/2023) |
| 08/02/2023 | 107 | OPINION and **ORDER** Granting 92 Motion for Leave to File Second Amended Complaint by Plaintiff; Granting 83 Renewed Motion for Conditional Certification of Class by Plaintiff. Plaintiffs must submit final versions to the court by August 16, 2023. Defendants may have until August 23, 2023, to submit to plaintiffs a list of the names, addresses, telephone numbers, e-mail addresses, and dates of employment for each putative collective member. Plaintiffs must send notice by email and text message within one week of receiving the list. Plaintiffs' motion to certify a state-law class action under Federal Rule of Civil Procedure 23 is due February 16, 2024. Signed by District Judge James D. Peterson on 8/2/2023. (voc) (Entered: 08/02/2023) |
| 08/03/2023 | 108 | AMENDED COMPLAINT against All Defendants, filed by Jose Ageo Luna Vanegas, Jose Luis Garcia Gonzalez. (Zimmermann, Jennifer) (Entered: 08/03/2023) |
| 08/10/2023 | 109 | Disregard. Modified on 8/11/2023. (lak) (Entered: 08/10/2023) |
| 08/11/2023 | 110 | Combined Petition to Certify Interlocutory Appeal, Motion to Amend Court Order, and Motion to Stay Proceedings by Defendant Signet Builders, Inc. (Viau, Joshua) Modified on 8/11/2023. (lak) (Entered: 08/11/2023) |
| 08/15/2023 | 111 | Request for Issuance of Summons by Plaintiffs Jose Luis Garcia Gonzalez, Jose Ageo Luna Vanegas. (Attachments: # 1 Summons, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons, # 6 Summons) (Zimmermann, Jennifer) (Entered: 08/15/2023) |
| 08/16/2023 | 112 | Summons Issued as to Natalie Farmer, Northridge Construction, Inc., Rodney Schonefeld, Orville J. Schonefeld II, Signet Construction, Inc., Signet Construction, LLC. (lak) (Entered: 08/16/2023) |
| 08/16/2023 | 113 | Unopposed Motion for Approval of Conformed Notice of Right to Join and Consent Form, Spanish Translation, and Text Notice Method re 107 Order on Motion for Leave to File,,,, Order on Motion for Conditional Certification of Class,,,,,,, by Plaintiffs Jose Luis Garcia Gonzalez, Jose Ageo Luna Vanegas. Response due 8/23/2023. (Attachments: # 1 Conformed Notice and Consent Form, |

| | | |
|---|---|---|
| | | ~2~Translation of Conformed Notice and Consent Form) (Zimmermann, Jennifer) (Entered: 08/16/2023) |
| 08/16/2023 | 114 | Brief in Opposition by Plaintiffs Jose Luis Garcia Gonzalez, Jose Ageo Luna Vanegas re: 110 Motion to Amend/Correct filed by Signet Builders, Inc. (Zimmermann, Jennifer) (Entered: 08/16/2023) |
| 08/16/2023 | 115 | ANSWER to Amended Complaint by Defendants Natalie Farmer, Northridge Construction, Inc., Rodney Schonefeld, Orville J. Schonefeld II, Signet Builders, Inc., Signet Construction, Inc., Signet Construction, LLC. (Boehm, Edward) (Entered: 08/16/2023) |
| 08/16/2023 | 116 | Corporate Disclosure Statement by Defendant Northridge Construction, Inc.. (Boehm, Edward) (Entered: 08/16/2023) |
| 08/16/2023 | 117 | Corporate Disclosure Statement by Defendant Signet Construction, Inc.. (Boehm, Edward) (Entered: 08/16/2023) |
| 08/16/2023 | 118 | Corporate Disclosure Statement by Defendant Signet Construction, LLC. (Boehm, Edward) (Entered: 08/16/2023) |
| 08/18/2023 | 119 | Disregard. Modified on 8/18/2023. (lak) (Entered: 08/18/2023) |
| 08/18/2023 | 120 | Brief in Reply by Defendant Signet Builders, Inc. in Support of 110 Motion to Amend/Correct (Viau, Joshua) (Entered: 08/18/2023) |
| 08/22/2023 | 121 | ** TEXT ONLY ORDER **<br>Plaintiffs' unopposed motion for approval of the amended notice, Dkt. 113 , is GRANTED. Defendants have asked the court to certify an interlocutory appeal and stay the case. Dkt. 110 . Plaintiffs oppose. Dkt. 116 . The court will extend some upcoming deadlines while it considers whether to certify an interlocutory appeal. Defendants' deadline to submit to plaintiffs a list of the names, addresses, telephone numbers, e-mail addresses, and dates of employment for each putative collective member is extended to August 30, 2023. Plaintiffs deadline to send notice is one week from receiving the list from defendants. Signed by District Judge James D. Peterson on 8/22/2023. (voc) (Entered: 08/22/2023) |
| 08/29/2023 | 122 | ** TEXT ONLY ORDER **<br>The court plans to issue an order by next week concerning defendant's request to certify an interlocutory appeal and stay the case. Dkt. 110 . Therefore, the court will further extend some upcoming deadlines. Defendant's deadline to submit to plaintiffs a list of the names, addresses, telephone numbers, e-mail addresses, and dates of employment for each putative collective member is extended to September 8, 2023. Plaintiffs' deadline to send notice is one week from receiving the list from defendants. Signed by District Judge James D. Peterson on 8/29/2023. (voc) (Entered: 08/29/2023) |
| 09/01/2023 | 123 | ORDER that the order dated August 2, 2023, Dkt. 107 , is AMENDED to decide that this court has personal jurisdiction over the nationwide FLSA collective action and to certify that decision for interlocutory review under 28 U.S.C. § 1292. The case is STAYED pending the Seventh Circuit resolution of Signet's interlocutory appeal. The statute of limitations for members of the putative collective defined in the court's August 2, 2023 order, Dkt. 107 , is tolled pending the Seventh Circuit resolution of Signet's interlocutory appeal. Signed by District Judge James D. Peterson on 9/1/2023. (jef) (Entered: 09/01/2023) |
| 09/05/2023 | 124 | Motion for Reconsideration *Stay of the Entire Case and to Clarify Order Certified* re 123 Order,, by Plaintiffs Jose Luis Garcia Gonzalez, Jose Ageo Luna |

| | | |
|---|---|---|
| | | Vanegas. Response due 9/12/2023. (Zimmermann, Jennifer) (Entered: 09/05/2023) |
| 09/08/2023 | 125 | **\*\* TEXT ONLY ORDER \*\***<br>Defendants have until <u>September 11</u> to respond to plaintiffs' motion for reconsideration, Dkt. <u>124</u> . Signed by District Judge James D. Peterson on 9/8/2023. (acd) (Entered: 09/08/2023) |
| 09/11/2023 | <u>126</u> | Notice by Defendant Signet Builders, Inc. *of Petition for Permission to Appeal*. (Boehm, Edward) (Entered: 09/11/2023) |
| 09/11/2023 | <u>127</u> | Brief in Opposition by Defendant Signet Builders, Inc. re: <u>124</u> Motion for Reconsideration filed by Jose Luis Garcia Gonzalez, Jose Ageo Luna Vanegas (Boehm, Edward) (Entered: 09/11/2023) |